**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
CLERKS OFFICE

2007 JAN 12  P 3: 42

U.S. DISTRICT COURT
DISTRICT OF MASS.

)
VINCENT De GIOVANNI, and all others )
similarly situated, )
                               )
                 Plaintiff, )
                               )
               v. )
                               )
JANI-KING INTERNATIONAL, INC. and )
JANI-KING OF BOSTON, INC., )
                               )
             Defendants. )
_____ )

JURY DEMANDED

Civil Action No.

07-10066

**COMPLAINT**

## I.   **INTRODUCTION**

1.    This is a class action brought on behalf of individuals who have performed cleaning services for Defendants Jani-King International, Inc. and Jani-King of Boston, Inc. (collectively "Jani-King"). The above-named plaintiff and other similarly situated individuals have been subjected to a number of systemic violations of law in their relations with Jani-King as described below. These violations include systemic misrepresentations and breach of contract and unfair and deceptive business practices. Most notably, in particular, the defendants purport to sell cleaning "franchises" although they know they do not have sufficient business to satisfy their obligations under these franchise agreements. In this action, the above-named plaintiff seeks to recover, on his own behalf and on behalf of all similarly situated individuals, compensation for

these violations, statutory trebling of damages, and attorneys' fees and costs, as provided for by law.

## II.  PARTIES

2.    Plaintiff Vincent De Giovanni is an adult resident of Westford, Massachusetts, who performed cleaning services for Defendants from approximately February 2004 to December 2006.

3.    This is a class action that the above-named plaintiff brings on his own behalf and on behalf of all others similarly situated, namely all other individuals who have performed cleaning services for Defendants in Massachusetts and have been subjected to the legal violations described in this complaint.  The class meets all of the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4.    Defendant Jani-King International, Inc. is a domestic corporation with its principal place of business in Addison, Texas.

5.    Defendant Jani-King of Boston, Inc. is an affiliate of Jani-King International, Inc. and is a domestic corporation with its principal place of business in Addison, Texas.

## III.  JURISDICTION AND VENUE

6.    Jurisdiction in this matter is based upon diversity of citizenship, as Defendants are residents of Texas; Plaintiff is a resident of Massachusetts; and the amount in controversy is in excess of the statutory minimum.  Therefore, jurisdiction is based upon 28 U.S.C. § 1332.

2

7.      Venue is proper in this Court because Defendants have violated the laws of the state of Massachusetts within Massachusetts, have obligated themselves to the Plaintiff within Massachusetts, and have specifically chosen to maintain a corporate presence within, and substantial contacts with, the state of Massachusetts.

## IV.    STATEMENT OF FACTS

8.      Jani-King has entered into contracts with hundreds of individuals in Massachusetts for the performance of cleaning work for customers who negotiate cleaning services accounts with Jani-King.  These individuals include the above-named Plaintiff.

9.      Jani-King's contract with these individuals is a standard-form franchise agreement establishing the terms of the relationship between the parties.

10.     None of the individuals were able to negotiate for different terms and conditions from those appearing in the standard-form franchise agreement provided by the Jani-King.

11.     Upon information and belief, Jani-King targets individuals with limited fluency in English because they are easily victimized by Jani-King's misrepresentations and other systemic legal violations, as described herein.

12.     Jani-King's representatives knowingly and intentionally misrepresent terms of the written agreements to induce individuals to sign those agreements.

3

13.     Pursuant to these form franchise contracts, individuals pay substantial sums of money as franchise fees in order to obtain cleaning accounts.  For example, Mr. De Giovanni paid Jani-King an initial fee of approximately $33,000.

14.     In exchange for these large franchise fees, pursuant to the franchise contracts and representations made by Jani-King's managers when the individuals sign the agreements, Jani-King guarantees a certain level of monthly income beginning after they have made down payments to purchase their franchise and completed their training period.

15.     However, Jani-King systemically breaches its written agreements by not providing or offering sufficient cleaning accounts to produce the guaranteed level of income.  Rarely if ever do the individuals receive the promised level of monthly income.

16.     For example, Mr. De Giovanni was promised $10,000 per month in business, but he typically received less than $1,000 per month.

17.     Jani-King negligently and/or intentionally misrepresents that it has sufficient business to satisfy the terms of the franchise agreements, when in fact it does not have enough accounts to offer to individuals who have signed franchise agreements.

18.     Upon information and belief, Jani-King knows it does not have sufficient business to satisfy the terms of the franchise agreements when it advertises franchises, solicits franchisees, and enters into franchise contracts.

4

Thus Jani-King knowingly and willfully solicits and enters into agreements which it knows it cannot perform.

19.    Through a variety of means involving misrepresentation, Jani-King purports to satisfy its obligations under the contracts when it knows it does not have sufficient business to provide the promised level of monthly income to all individuals who have signed the franchise agreements. Through these means, it attempts to make it appear that it is the individuals' fault, rather than Jani-King's, that they do not have sufficient accounts to satisfy their monthly guarantee.

20.    For example, Jani-King negligently and/or intentionally misrepresents the number of hours per week that will be required to service the accounts offered. These misrepresentations are used to induce individuals to accept the accounts toward their guaranteed level of income. The accounts typically require substantially more hours of work than Jani-King represents.

21.    In addition, Jani-King promises cleaning accounts that are geographically convenient to one another and convenient to the individuals' homes. However, the accounts are frequently spread very far apart, making it very inconvenient, if not impossible, to accept or perform the work for these accounts.

22.    Also, individuals are "offered" accounts but told they must accept the accounts immediately (or without sufficient time to examine them) or have them taken away. Jani-King then counts these accounts toward the individuals' monthly guarantee.

23.     Jani-King frequently contends that it has fulfilled its obligations
under the franchise contract by offering accounts, knowing that accounts offered
could not be accepted due to geographic inconvenience, sheer impossibility of
performing the number of hours of work required to service the accounts, or rates
of pay well below what was promised.

24.     Jani-King also frequently violates the written franchise agreement,
for example, by taking accounts away without warning and for no justifiable
reason.  Also in violation of the agreement, Jani-King gives no opportunity to
correct or challenge alleged deficiencies in individuals' performance.

25.     Jani-King frequently tells the individuals performing the cleaning
services that the customers were dissatisfied with their work, when in fact the
customers were satisfied with their work.

26.     After taking the account away from the individual, Jani-King then
can offer the account to another individual who has signed a franchise
agreement to count toward that person's monthly guarantee.

27.     When Jani-King does not satisfy the terms of the franchise
agreement by not offering sufficient accounts (that are free from
misrepresentations) or by taking away accounts without justification or warning, it
does not refund the franchise fees that the individuals have already paid.
Indeed, it requires individuals to continue making payments on their franchise
fees, even when they have no further work from Jani-King.

28.     In addition, Jani-King deducts excessive fees from the payments it
makes to the individuals under the franchise agreements.

6

29.     Jani-King significantly underbids cleaning contracts with its clients. As a result of this underbidding and the deduction of excessive fees from their pay, the individuals who have contracted with Jani-King receive far less pay for their work than the fair value of their services.

## COUNT I

### (Unfair and Deceptive Business Practices)

Defendants' conduct in inducing the plaintiff and class members to purchase purported cleaning "franchises" and its conduct with respect to the plaintiff and class members in the course of, and following, their performing cleaning services as described above constitutes unfair and deceptive practices in violation of Massachusetts Gen. L. c. 93A.

## COUNT II

### (Breach of Contract)

Defendants have breached their written contracts with the plaintiff and class members, as described above, in violation of the common law of Massachusetts.

7

## COUNT III

## (Rescission of Contract)

The written contracts between Defendants and the plaintiff and class members are unenforceable as they contain numerous provisions that are unfair, unconscionable, against public policy, and should be rescinded (in whole or in part) under the common law of Massachusetts.

## COUNT IV

## (Misrepresentation)

Defendants have committed intentional and/or negligent misrepresentation in its representations to the plaintiff and class members, as described above, in violation of the common law of Massachusetts.

## COUNT V

## (Quantum Meruit)

The plaintiff and class members have been deprived by Defendants of the fair value of their services and are thus entitled to recovery in *quantum meruit* pursuant to the common law of Massachusetts.

## COUNT VI

## (Unjust Enrichment)

Through the conduct described above, Defendants have been unjustly enriched under the common law of Massachusetts.

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1.  Certification of this case as a class action;

2.  All damages to which the plaintiff and class members may be entitled under the above-referenced statute and common law;

3.  Statutory trebling of damages attributable to Defendants' unfair and deceptive practices; and

4.  Any other relief to which the plaintiff and class members may be entitled.

Respectfully submitted,

VINCENT DE GIOVANNI, and all others similarly situated,

By their attorneys,

s/Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
PYLE, ROME, LICHTEN, EHRENBERG
& LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
(617) 367-7200

Dated:      January 12, 2007

9