UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT De GIOVANNI, <br> MARIETTE BARROS, <br> and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JANI-KING INTERNATIONAL, INC., <br> JANI-KING, INC., and <br> JANI-KING OF BOSTON, INC., <br><br> Defendants. | JURY DEMANDED <br><br> Civil Action No. 07-10066 |

**AMENDED COMPLAINT**

I. **INTRODUCTION**

This is a class action brought on behalf of individuals who have performed cleaning services for Defendants Jani-King International, Inc., Jani-King, Inc. and Jani-King of Boston, Inc. (collectively "Jani-King"). The above-named plaintiffs and other similarly situated individuals have been subjected to a number of systemic violations of law in their relations with Jani-King as described below. These violations include systemic misrepresentations and breach of contract and unfair and deceptive business practices. Most notably, in particular, the defendants purport to sell cleaning "franchises" although they know they do not have sufficient business to satisfy their obligations under these franchise agreements. In addition, Jani-King has also improperly misclassified many of its "franchisees" as independent contractors, when they are actually employees

entitled to the protections of the wage laws (including timely payment of all wages, minimum wage, and overtime pay), as well as other benefits of employment, such as eligibility for unemployment and workers' compensation. In this action, the above-named plaintiffs seek to recover, on their own behalf and on behalf of all similarly situated individuals, compensation for these violations, statutory trebling of wage-related damages, and attorneys' fees and costs, as provided for by law.

## II.   **PARTIES**

1.   Plaintiff Vincent De Giovanni is an adult resident of Westford, Massachusetts, who performed cleaning services for Defendants from approximately February 2004 to December 2006.

2.   Plaintiff Mariette Barros is an adult resident of Medford, Massachusetts, who performed cleaning services for Defendants from approximately September 2003 through December 2006.

3.   This is a class action that the above-named plaintiffs bring on their own behalf and on behalf of all others similarly situated, namely all other individuals who have performed cleaning services for Defendants in Massachusetts and have been subjected to the legal violations described in this complaint. The class meets all of the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4.   Defendant Jani-King International, Inc. is the largest janitorial franchise company in the world. Jani-King International, Inc. owns Jani King, Inc., which in turn owns Jani-King of Boston, Inc. On information and belief, Jani-

King International dominates the affairs of Jani-King, Inc., and Jani-King of Boston, Inc., which act as its agents, exist solely to conduct the business of Jani-King International, and/or have no independent corporate existence. By its own activities and/or those performed through these corporate affiliates, Jani-King International has subjected itself to jurisdiction in Massachusetts.

5.    Defendant Jani-King, Inc. owns Jani-King of Boston, Inc. and is an affiliate of Jani-King International, Inc. On information and belief, Jani-King, Inc. acts as Jani-King International's agent, exists solely to conduct the business of Jani-King International, and/or has no independent corporate existence. By its own activities and those performed through its corporate parent and subsidiary, Jani-King, Inc. has subjected itself to jurisdiction in Massachusetts.

6.    Defendant Jani-King of Boston, Inc. is an affiliate of Jani-King International, Inc. and Jani-King, Inc. On information and belief, Jani-King of Boston acts as the agent of Jani-King International and/or Jani-King Inc., exists solely to conduct their business, and/or has no independent corporate existence. By its own activities and those of its corporate parents, Jani-King of Boston, Inc. has subjected itself to jurisdiction in Massachusetts.

## III.    JURISDICTION AND VENUE

7.    Jurisdiction in this matter is based upon diversity of citizenship, as Defendants are residents of Texas; Plaintiffs are residents of Massachusetts; and the amount in controversy is in excess of the statutory minimum. Therefore, jurisdiction is based upon 28 U.S.C. § 1332.

8. Venue is proper in this Court because Defendants have violated the laws of the state of Massachusetts within Massachusetts, have obligated themselves to the Plaintiff within Massachusetts, and have specifically chosen to maintain a corporate presence within, and substantial contacts with, the state of Massachusetts.

## IV. STATEMENT OF FACTS

### A. Jani-King's Misrepresentations and Breaches of Contract

9. Jani-King has entered into contracts with hundreds of individuals in Massachusetts for the performance of cleaning work for customers who negotiate cleaning services accounts with Jani-King. These individuals include the above-named Plaintiffs.

10. Jani-King's contract with these individuals is a standard-form franchise agreement establishing the terms of the relationship between the parties.

11. None of the individuals were able to negotiate for different terms and conditions from those appearing in the standard-form franchise agreement provided by the Jani-King.

12. Upon information and belief, Jani-King targets individuals with limited fluency in English because they are easily victimized by Jani-King's misrepresentations and other systemic legal violations, as described herein. These individuals are primarily non-English-speaking immigrants.

13. As Jani-King is well aware, the individuals that it targets to sign these agreements do not understand the agreements and are unaware that the

agreements purport to waive a number of their legal rights, including their right to bring suit in the state in which they reside, to receive the protections of the state in which they perform work for Jani-King, and their right to all of the remedies they may be entitled to under the law.

14.    Jani-King's representatives knowingly and intentionally misrepresent terms of the written agreements to induce individuals to sign those agreements.

15.    Pursuant to these form franchise contracts, individuals pay substantial sums of money as franchise fees in order to obtain cleaning accounts. For example, Mr. De Giovanni paid Jani-King an initial fee of approximately $33,000, and Ms. Barros paid Jani-King an initial fee of approximately $8,000.

16.    In exchange for these large franchise fees, pursuant to the franchise contracts and representations made by Jani-King's managers when the individuals sign the agreements, Jani-King guarantees a certain level of monthly income beginning after they have made down payments to purchase their franchise and completed their training period.

17.    However, Jani-King systemically breaches its written agreements by not providing or offering sufficient cleaning accounts to produce the guaranteed level of income. Rarely if ever do the individuals receive the promised level of monthly income.

18.    For example, Mr. De Giovanni was promised $10,000 per month in business, but he typically received less than $1,000 per month.

19.  Jani-King negligently and/or intentionally misrepresents that it has sufficient business to satisfy the terms of the franchise agreements, when in fact it does not have enough accounts to offer to individuals who have signed franchise agreements.

20.  Upon information and belief, Jani-King knows it does not have sufficient business to satisfy the terms of the franchise agreements when it advertises franchises, solicits franchisees, and enters into franchise contracts. Thus Jani-King knowingly and willfully solicits and enters into agreements which it knows it cannot perform.

21.  Through a variety of means involving misrepresentation, Jani-King purports to satisfy its obligations under the contracts when it knows it does not have sufficient business to provide the promised level of monthly income to all individuals who have signed the franchise agreements. Through these means, it attempts to make it appear that it is the individuals' fault, rather than Jani-King's, that they do not have sufficient accounts to satisfy their monthly guarantee.

22.  For example, Jani-King negligently and/or intentionally misrepresents the number of hours per week that will be required to service the accounts offered. These misrepresentations are used to induce individuals to accept the accounts toward their guaranteed level of income. The accounts typically require substantially more hours of work than Jani-King represents.

23.  In addition, Jani-King promises cleaning accounts that are geographically convenient to one another and convenient to the individuals' homes. However, the accounts are frequently spread very far apart, making it

very inconvenient, if not impossible, to accept or perform the work for these accounts.

24. Also, individuals are "offered" accounts but told they must accept the accounts immediately (or without sufficient time to examine them) or have them taken away. Jani-King then counts these accounts toward the individuals' monthly guarantee.

25. Jani-King frequently contends that it has fulfilled its obligations under the franchise contract by offering accounts, knowing that accounts offered could not be accepted due to geographic inconvenience, sheer impossibility of performing the number of hours of work required to service the accounts, or rates of pay well below what was promised.

26. Jani-King also frequently violates the written franchise agreement, for example, by taking accounts away without warning and for no justifiable reason. Also in violation of the agreement, Jani-King gives no opportunity to correct or challenge alleged deficiencies in individuals' performance.

27. Jani-King frequently tells the individuals performing the cleaning services that the customers were dissatisfied with their work, when in fact the customers were satisfied with their work.

28. After taking the account away from the individual, Jani-King then can offer the account to another individual who has signed a franchise agreement to count toward that person's monthly guarantee.

29. When Jani-King does not satisfy the terms of the franchise agreement by not offering sufficient accounts (that are free from

misrepresentations) or by taking away accounts without justification or warning, it does not refund the franchise fees that the individuals have already paid. Indeed, it requires individuals to continue making payments on their franchise fees, even when they have no further work from Jani-King.

30.   Jani-King does not replace accounts that are taken away without justification. Instead, it requires individuals to pay additional money to get new accounts.

31.   For example, instead of replacing a lost account, Jani-King required Ms. Barros to pay an additional $2,400 for a new account.

32.   In addition, Jani-King deducts excessive fees from the payments it makes to the individuals under the franchise agreements.

33.   Jani-King significantly underbids cleaning contracts with its clients. As a result of this underbidding and the deduction of excessive fees from their pay, the individuals who have contracted with Jani-King receive far less pay for their work than the fair value of their services.

### B. Jani-King's Misclassification of Its Cleaning Workers as Independent Contractors

34.   Jani-King purports to classify its cleaning workers as independent contractors. However, many of these workers are in fact employees, as they do not meet the definition of independent contractors as set forth in Mass. Gen. L. c. 149 § 148B.

35.   The cleaning workers perform services within Jani-King's usual course of business, which is to provide cleaning services to customers.

36. In addition, the behavioral and financial control manifested over these workers by Jani-King demonstrates that the workers are employees rather than independent contractors.

37. Jani-King instructs the cleaning workers in how to do their work and dictates their performance of the details of their jobs.

38. The cleaning workers generally do not work in an independently established trade, occupation, profession, or business. Instead, as required by their contracts, the cleaning workers perform cleaning services exclusively for Jani-King's clients.

39. Also, the cleaning workers do not represent themselves to the public as being in an independent business to provide cleaning services, and they typically have not invested in an independent business apart from their payment of "franchise" fees to Jani-King.

40. Because of their misclassification by Jani-King as independent contractors, these cleaning workers have not received the benefits that inure from the employment relationship under law.

41. For example, Jani-King's cleaning workers frequently do not receive the Massachusetts minimum wage of $6.75 per hour ($7.50 per hour effective January 1, 2007) for the work they perform.

42. Although many of them work more than 40 hours per week (some more than 60 or 70 hours per week), they do not receive one and one-half times their regular rate for hours worked in excess of 40 hours per week.

43. Numerous and excessive deductions are made from their pay, which constitute improper deductions from wages. For example, Jani-King deducts payments towards "franchise fees," interest payments, payments for Jani-King to manage the workers' cleaning accounts, and other payments.

44. These cleaning workers do not receive pay for their time spent traveling between different accounts during the work day.

45. Also, because of the misclassification, Jani-King's cleaning workers do not receive unemployment when they lose their jobs, nor do they receive workers' compensation when they are injured on the job.

## COUNT I

### (Unfair and Deceptive Business Practices)

Defendants' conduct in inducing the plaintiffs and class members to purchase purported cleaning "franchises" and its conduct with respect to the plaintiffs and class members in the course of, and following, their performing cleaning services as described above constitutes unfair and deceptive practices in violation of Massachusetts Gen. L. c. 93A.

## COUNT II

### (Breach of Contract)

Defendants have breached their written contracts with the plaintiffs and class members, as described above, in violation of the common law of Massachusetts.

## COUNT III

### (Rescission of Contract)

The written contracts between Defendants and the plaintiffs and class members are unenforceable as they contain numerous provisions that are unfair, unconscionable, against public policy, and should be rescinded (in whole or in part) under the common law of Massachusetts.

## COUNT IV

### (Misrepresentation)

Defendants have committed intentional and/or negligent misrepresentation in its representations to the plaintiffs and class members, as described above, in violation of the common law of Massachusetts.

## COUNT V

### (Quantum Meruit)

The plaintiffs and class members have been deprived by Defendants of the fair value of their services and are thus entitled to recovery in *quantum meruit* pursuant to the common law of Massachusetts.

## COUNT VI

### (Unjust Enrichment)

Through the conduct described above, Defendants have been unjustly enriched under the common law of Massachusetts.

## COUNT VII

### (Violation of Massachusetts Independent Contractor Law)

Jani-King's misclassification of its cleaning workers as independent contractors instead of employees violates Mass. Gen. Laws c. 149 § 148B. This claim is asserted pursuant to Mass. Gen. Laws c. 149 § 150.

## COUNT VIII

### (Wage Law Violations)

Jani-King's misclassification of its cleaning workers as independent contractors has deprived them of the protections of the Massachusetts wage laws, including guaranteed minimum wage, overtime pay, and timely payments of all wages owed without improper deductions from pay, in violation of Mass. Gen. L. c. 151 § 1, and Mass. Gen. L. c. §§ 1A and 1B, and Mass. Gen. L. c. 149 § 148.

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action;
2. Injunctive relief, requiring Jani-King to cease its illegal practices;
3. Rescission of the written contracts between Jani-King and the plaintiffs and class members, in whole or in part;
4. Restitution for all wages and other employment-related benefits that are owed to plaintiffs and class members as described above;

5. All other damages to which the plaintiffs and class members may be entitled under the above-referenced statutes and common law;

6. Statutory trebling of all wage-related damages and all damages attributable to Defendants' unfair and deceptive practices; and

7. Any other relief to which the plaintiffs and class members may be entitled.

> Respectfully submitted,
>
> VINCENT DE GIOVANNI, MARIETTE BARROS, and all others similarly situated,
>
> By their attorneys,
>
> s/Shannon Liss-Riordan
> Shannon Liss-Riordan, BBO #640716
> Hillary Schwab, BBO #666029
> PYLE, ROME, LICHTEN, EHRENBERG
>    & LISS-RIORDAN, P.C.
> 18 Tremont Street, 5th Floor
> Boston, MA 02108
> (617) 367-7200

Dated:   April 16, 2007

### CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2007, I caused a copy of this document to be served by electronic filing on David S. Rosenthal and Gregg A. Rubenstein, Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110.

> s/Shannon Liss-Riordan
> Shannon Liss-Riordan, Esq.