**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

VINCENT DE GIOVANNI, MARIETTE BARROS and all others similarly situated,

Plaintiffs,

v.

JANI-KING INTERNATIONAL, INC., JANI-KING, INC. and JANI-KING OF BOSTON, INC.

Defendants.

Docket No. 07-10066 RCL

# JANI-KING INTERNATIONAL, INC. AND JANI-KING OF BOSTON, INC. ANSWER TO AMENDED COMPLAINT

Defendants Jani-King International, Inc. and Jani-King of Boston, Inc. (together, "Defendants") respond to plaintiffs Vincent De Giovanni and Mariette Barros's Amended Complaint ("Amended Complaint") as follows:

## FIRST DEFENSE

Defendants answer the allegations set forth in the Amended Complaint below. To the extent that any specific pleading in the Amended Complaint is not addressed below, that allegation is denied.

## I. INTRODUCTION

The first and last sentences of the introductory unnumbered paragraph of the Amended Complaint contain no factual allegations to which a responsive pleading is required. The second through fifth sentences of the introductory unnumbered paragraph of the Amended Complaint state conclusions of law to which no responsive pleading is required. To the extent the

introductory unnumbered paragraph of the Amended Complaint contains factual allegations, those allegations are denied.

## II. PARTIES

1. Defendants admit that Vincent De Giovanni purchased a franchise from Jani-King of Boston, Inc. as of February 25, 2005, that he transferred that franchise to C.C.D. Enterprise LLC ("CDD") as of October 25, 2005 and that CDD voluntarily abandoned its Jani-King of Boston, Inc. franchise in 2006. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Amended Complaint.

2. Defendants admit that Mariette Barros purchased a Jani-King business from Lukanmi Olatubosun d/b/a/ Tubirem Enterprises, not Jani-King of Boston, Inc., on or about August 27, 2003. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Amended Complaint.

3. Paragraph 3 of the Amended Complaint states a conclusion of law to which no responsive pleading is required. To the extent paragraph 3 of the Amended Complaint contains factual allegations, those allegations are denied. Further answering, Defendants state that neither plaintiffs nor any putative plaintiff performed cleaning services for either Defendant, but rather were independent contractors, often with their own employees, operating independent franchise businesses that performed commercial cleaning services on their own account.

4. Defendants can neither admit nor deny the allegation in the first sentence of paragraph 4 of the Amended Complaint because the term "largest janitorial franchise company in the world" is vague and ambiguous in that it does not specify the measure of "largest," e.g., by number of franchisees, accounts, revenues or otherwise. Defendants admit that Jani-King, Inc. is a wholly owned subsidiary of Jani-King International, Inc. and that Jani-King of Boston, Inc. is a

wholly owned subsidiary of Jani-King, Inc. Defendants deny the remaining allegations in paragraph 4 of the Amended Complaint.

5. Defendants admit that Jani-King of Boston, Inc. is a wholly owned subsidiary of Jani-King, Inc. Defendants deny the remaining allegations in paragraph 5 of the Amended Complaint.

6. Defendants admit that Jani-King, Inc. is a wholly owned subsidiary of Jani-King International, Inc. and that Jani-King of Boston, Inc. is a wholly owned subsidiary of Jani-King, Inc. Defendants deny the remaining allegations in paragraph 6 of the Amended Complaint.

## III. JURISDICTION AND VENUE

7. Paragraph 7 of the Amended Complaint states conclusions of law to which no response is required. To the extent paragraph 7 of the Amended Complaint contains factual allegations, those allegations are denied.

8. Paragraph 8 of the Amended Complaint states conclusions of law to which no response is required. To the extent paragraph 8 of the Amended Complaint contains factual allegations, those allegations are denied.

## IV. STATEMENT OF FACTS

### A. Jani-King's Misrepresentations and Breaches of Contract[1]

9. Defendants admit that Jani-King of Boston , Inc. has entered into franchise agreements with more than one hundred individuals, partnerships and/or corporate entities in the commonwealth of Massachusetts, including De Giovanni who later transferred his franchise to a corporate entity he created and Barros, permitting them to perform cleaning services as

[1] The subheadings of the Amended Complaint contain no factual allegations to which a responsive pleading is required. To the extent the subheadings contain factual allegations or characterizations of factual allegations, those allegations and characterizations are denied.

independent franchise business owners under the Jani-King® proprietary marks and operating system. Defendants admit that franchise business owners have provided cleaning services for certain customers who have entered into contracts with one of the named defendants.

10. Defendants admit that Jani-King of Boston, Inc.'s franchise agreement contains certain standard provisions, and that franchisees may choose from multiple available business plans.

11. Defendants admit that Jani-King of Boston, Inc. does not negotiate with prospective franchisees over the majority of terms in its franchise agreement, but does allow franchisees to choose from a variety of business plans at different price points.

12. Denied.

13. Denied.

14. Denied.

15. Defendants neither admit nor deny the allegations in paragraph 15 of the Amended Complaint, but state that the contracts speak for themselves. Further answering, defendants state that the amount of initial fee a franchisee pays is based on his, her or its choice of business plans, with plans offering the right to clean accounts with higher monthly billings requiring payment of a higher initial fee.

16. Defendants deny that Jani-King of Boston, Inc. franchisees are guaranteed any level of monthly income as a franchisee's level of monthly income depends upon several factors exclusively within a franchisee's control, not Defendants' control. Instead, Jani-King of Boston, Inc. contracts with certain franchisees, depending on the business plan chosen, to provide those franchisees with the right to provide cleaning services to one or more customers providing certain cumulative gross billings.

17. Denied.

18. Defendants admit that Mr. De Giovanni purchased an E10 business plan that entitled his franchise to be offered the right to provide cleaning services to one or more customers providing cumulative gross monthly billings of at least $10,000. Defendants deny that Jani-King of Boston, Inc. failed to meet its obligations regarding the offering of business opportunities to Mr. De Giovanni's franchise.

19. Denied.

20. Denied.

21. Denied.

22. Denied. Further answering, Defendants state that Jani-King of Boston, Inc. calculates the number of hours required to perform customer cleaning services in good faith.

23. Defendants neither admit nor deny the allegations in the first sentence of paragraph 23 of the Amended Complaint, but state that the contracts speak for themselves. Defendants further state that the franchise agreement clearly specifies the geographic locations in which customer accounts will be offered. Defendants deny the remaining allegations in paragraph 23 of the Amended Complaint.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied. Further answering, Defendants state that Jani-King of Boston, Inc. specifically offered to repurchase CDD's franchise for $31,112.50, i.e., the full price Mr. De Giovanni paid for his original franchise.

30. Defendants deny that Jani-King of Boston, Inc. transfers accounts without justification and further state that additional fees that franchisees pay for the right to provide service to additional accounts are clearly specified in both the offering circular franchisees receive before purchasing a franchise and in the franchise agreement.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint.

32. Defendants deny that Jani-King of Boston, Inc. deducts excess fees from payments remitted to franchisees and further state that all fees deducted from gross receipts are clearly specified in both the offering circular franchisees receive before purchasing a franchise and in the franchise agreement.

33. Denied. Further answering, Defendants state that Jani-King of Boston, Inc. calculates the number of hours required to perform customer cleaning services in good faith.

**B. Jani-King's Misclassification of its Cleaning Workers as Independent Contractors**

34. Defendants deny that they have any "cleaning workers" to classify. Rather, all Jani-King of Boston, Inc. franchisees are independent business persons or entities that operate their own businesses such that they are independent contractors, not employees. The remaining allegations in paragraph 34 of the Amended Complaint state conclusions of law to which no response is required. To the extent the remaining allegations in paragraph 34 of the Amended Complaint contains factual allegations, those allegations are denied.

35. Denied. Further answering, Defendants state that Jani-King of Boston, Inc.'s usual course of business is the operation and franchising of professional cleaning and maintenance businesses which engage in the performance of comprehensive cleaning and maintenance services.

36. Denied. Further answering, Defendants state that Jani-King of Boston, Inc.'s franchisees are not workers but rather independent business people or entities that have significant control over their financial results and how to perform cleaning services such that they are independent contactors, not employees.

37. Defendants admit that Jani-King of Boston, Inc. provides initial training to its franchisees in how to perform cleaning services pursuant to Jani-King standards and under Jani-King's proprietary marks. Defendants deny that Jani-King of Boston, Inc. dictates how its franchisees perform cleaning specific services or that it has any "cleaning workers."

38. Defendants deny that they have any "cleaning workers." Rather, all Jani-King of Boston, Inc. franchisees are independent business persons or entities that operate their own businesses such that they are independent contractors who work in an established trade, occupation, profession or business.

39. Defendants deny that they have any "cleaning workers." Rather, all Jani-King of Boston, Inc. franchisees are independent business persons or entities that operate their own businesses. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Amended Complaint.

40. Paragraph 40 of the Amended Complaint states a conclusion of law to which no responsive pleading is required. To the extent paragraph 40 of the Amended Complaint contains factual allegations, those allegations are denied.

41. Defendants deny that they have any "cleaning workers." Rather, all Jani-King of Boston, Inc. franchisees are independent business persons or entities that operate their own businesses such that they are not required to receive the Massachusetts minimum wage for work they personally perform. Defendants lack knowledge or information sufficient to form a belief as to the actual amount of compensation plaintiffs earn for work they may perform.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint as to how many hours per week plaintiffs work. Defendants deny that plaintiffs are entitled to overtime compensation for hours they work in excess of forty per week because all Jani-King of Boston, Inc. franchisees are independent business persons or entities that operate their own businesses.

43. Defendants deny that Jani-King of Boston, Inc. makes numerous or excessive deductions excess fees from payments remitted to franchisees and further state that all fees deducted from gross receipts, including those specified in paragraph 43 of the Amended Complaint, are clearly specified in both the offering circular franchisees receive before purchasing a franchise and in the franchise agreement.

44. Defendants deny that they have any "cleaning workers." Rather, all Jani-King of Boston, Inc. franchisees are independent business persons or entities that operate their own businesses such that they are not required to receive compensation for time spent traveling between accounts.

45. Defendants deny that they have any "cleaning workers." Rather, all Jani-King of Boston, Inc. franchisees are independent business persons or entities that operate their own businesses such that they are responsible for properly classifying themselves so as to receive unemployment and/or workers' compensation if it is appropriate.

**COUNT I**

**(Unfair and Deceptive Business Practices)**

Defendants repeat their answers to paragraphs 1 through 45 in answer to this unnumbered paragraph of the Amended Complaint. Defendants further answer that this unnumbered paragraph of the Amended Complaint states a conclusion of law to which no responsive pleading is required. To the extent this unnumbered paragraph of the Amended Complaint contains factual allegations, those allegations are denied.

**COUNT II**

**(Breach of Contract)**

Defendants repeat their answers to paragraphs 1 through 45 in answer to this unnumbered paragraph of the Amended Complaint. Defendants further answer that this unnumbered paragraph of the Amended Complaint states a conclusion of law to which no responsive pleading is required. To the extent this unnumbered paragraph of the Amended Complaint contains factual allegations, those allegations are denied.

**COUNT III**

**(Rescission of Contract)**

Defendants repeat their answers to paragraphs 1 through 45 in answer to this unnumbered paragraph of the Amended Complaint. Defendants further answer that this unnumbered paragraph of the Amended Complaint states a conclusion of law to which no responsive pleading is required. To the extent this unnumbered paragraph of the Amended Complaint contains factual allegations, those allegations are denied.

**COUNT IV**

**(Misrepresentation)**

Defendants repeat their answers to paragraphs 1 through 45 in answer to this unnumbered paragraph of the Amended Complaint. Defendants further answer that this unnumbered paragraph of the Amended Complaint states a conclusion of law to which no responsive pleading is required. To the extent this unnumbered paragraph of the Amended Complaint contains factual allegations, those allegations are denied.

**COUNT V**

**(Quantum Meruit)**

Defendants repeat their answers to paragraphs 1 through 45 in answer to this unnumbered paragraph of the Amended Complaint. Defendants further answer that this unnumbered paragraph of the Amended Complaint states a conclusion of law to which no responsive pleading is required. To the extent this unnumbered paragraph of the Amended Complaint contains factual allegations, those allegations are denied.

**COUNT VI**

**(Unjust Enrichment)**

Defendants repeat their answers to paragraphs 1 through 45 in answer to this unnumbered paragraph of the Amended Complaint. Defendants further answer that this unnumbered paragraph of the Amended Complaint states a conclusion of law to which no responsive pleading is required. To the extent this unnumbered paragraph of the Amended Complaint contains factual allegations, those allegations are denied.

**COUNT VII**

**(Violation of Massachusetts Independent Contractor Law)**

Defendants repeat their answers to paragraphs 1 through 45 in answer to this unnumbered paragraph of the Amended Complaint. Defendants further answer that this unnumbered paragraph of the Amended Complaint states a conclusion of law to which no responsive pleading is required. To the extent this unnumbered paragraph of the Amended Complaint contains factual allegations, those allegations are denied.

**COUNT VIII**

**(Wage Law Violations)**

Defendants repeat their answers to paragraphs 1 through 45 in answer to this unnumbered paragraph of the Amended Complaint. Defendants further answer that this unnumbered paragraph of the Amended Complaint states a conclusion of law to which no responsive pleading is required. To the extent this unnumbered paragraph of the Amended Complaint contains factual allegations, those allegations are denied.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff DeGiovanni and similarly situated plaintiffs' claims are barred by the releases they executed.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff Barros and similarly situated plaintiffs' claims are barred by their purchase of a Jani-King of Boston, Inc. franchise business from another franchisee, and not from Jani-King of Boston, Inc.

**FOURTH AFFIRMATIVE DEFENSE**

The court lacks personal jurisdiction over Jani-King International, Inc.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by their failures to name necessary and indispensable parties, including but not limited to CDD Enterprise, LLC.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by their failure to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the terms of their respective franchise agreements with Jani-King of Boston, Inc.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for unfair and deceptive business practices is barred by their claimed status as employees.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' wage-based claims are barred by the fact that they are independent contractors.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' cannot satisfy the criteria for class certification under Fed. R. Civ. P. 23 or G.L. c. 93A.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by their inadequate performance.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the contractual forum selection clause.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Jani-King, Inc. are barred by their failure to effect service of process upon Jani-King, Inc.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent that defendants acted as alleged in the Amended Complaint, their conduct was in good faith, justified, and taken for legitimate business reasons, and does not constitute a knowing or willful violation of the law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrines of waiver, estoppel and/or laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Joinder of the named plaintiffs is improper.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by their unclean hands.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the availability of an adequate remedy at law.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by their comparative fault or negligence.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by their failure to plead misrepresentation with sufficient particularity.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the statute of frauds.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by ratification.

JANI-KING INTERNATIONAL, INC. and
JANI-KING OF BOSTON, INC.,

By their attorneys,

/s/ Gregg A. Rubenstein

Arthur L. Pressman (BBO #643094)
David S. Rosenthal (BBO #429260)
Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000
(617) 345-1300 (facsimile)

Dated: September 8, 2008

Certificate of Service

I hereby certify that this Answer to Amended Complaint of defendants Jani-King International, Inc. and Jani-King of Boston, Inc. filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 8, 2008.

/s/ Gregg A. Rubenstein

Gregg A. Rubenstein