# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                                            )
VINCENT DE GIOVANNI,                       )
MARIETTE BARROS, and all others       )
similarly situated,                                    )
                                                            )
                                                            )
                            Plaintiffs,             )
                                                            )
                v.                                        )          Docket No. 07-10066-RCL
                                                            )
JANI-KING INTERNATIONAL, INC.,      )
JANI-KING, INC. and                             )
JANI-KING OF BOSTON, INC.              )
                            Defendants.        )
_____ )

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFFS AND AFFIANTS TO SIGN INTERNAL REVENUE SERVICE FORM 4506 RELEASES FOR TAX RETURNS**

Defendants (collectively "Jani-King") request that the Court compel the named plaintiffs and other individuals who have signed affidavits in this action to sign forms allowing Jani-King full access to their federal tax filings. Wholly ignoring the fact that tax returns enjoy a privilege from disclosure and should only be required to be disclosed if there is a compelling need, Jani-King has cited no specific evidence that is relevant and can only be obtained from the disclosure of these individuals' complete tax filings. In fact, these individuals have already turned over to Jani-King Schedule Cs, 1099 forms, and W2 forms, which are the only documents that may possibly contain information relevant to the claims in this case. Jani-King's request for additional tax filings is nothing more than a fishing expedition in waters that courts have specifically identified as requiring a substantial showing of specific relevance. Jani-King cannot meet its burden, and the Court should deny its motion.

**ARGUMENT**

**I.  TAX RETURNS ARE PRIVILEGED, AND THEIR DISCLOSURE SHOULD ONLY BE COMPELLED IF THERE IS A COMPELLING NEED.**

Jani-King is entitled to discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" or that is "relevant to the subject matter . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Significantly however, the Supreme Court has recognized that "pretrial discovery . . . has a significant potential for abuse," including "implicat[ing] privacy interests of litigants and third parties." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34-35 (1984).

Specifically in the context of tax returns, both Congress and courts have recognized that tax returns are confidential and should be shielded from discovery in most circumstances.  First, Congress has provided that tax returns and return information "shall be confidential."  26 U.S.C. § 6103.  Moreover, countless courts have recognize that "[i]ncome tax returns are highly sensitive documents," and, therefore, "courts are reluctant to order their routine disclosure as a part of discovery."  Natural Gas Pipeline Co. of America v. Energy Gathering, Inc., 2 F.3d 1397, 1411 (5th Cir. 1993).  "In general, most courts have noted that public policy concerns favor keeping tax returns confidential when possible, and have ordered production only when the relevance of the information is clear and there is a compelling need." Columbus Drywall & Indus., Inc. v. Masco Corp., 2006 WL 5157686, at *7 (N.D. Ga. 2006); see also Trudeau v. New York State Consumer Protection Board, 237 F.R.D. 325, 331 (N.D.N.Y. 2006) ("Routine discovery of tax returns is not the rule but rather the exception. . .  For

nearly the past thirty-five years, tax returns have been considered "confidential," pursuant to 26 U.S.C. § 6103. . .").

Accordingly, in ruling on discovery motions relating to tax returns, federal courts "impos[e] a high standard of relevancy before requiring parties to disclose such [documents]." Town Taxi, Inc. v. Police Commissioner of Boston, 377 Mass. 576, 587 (1979) (citing Mitsui & Co. v. Puerto Rico Water Resources Auth., 79 F.R.D. 72, 80-81 (D.P.R. 1978)).  Specifically, courts apply the following two-pronged test in determining whether an individual's tax returns should be subject to disclosure:  "first, the tax returns must be relevant to the action; second, the information contained in the returns must not be otherwise obtainable." Buntzman v. Springfield Redevelopment Auth., 146 F.R.D. 30, 32 (D. Mass. 1993).  Additionally, "[t]he burden to show relevancy lies on the party seeking the returns; the party resisting disclosure bears the burden of establishing alternative sources for the information." Id.

Jani-King cannot meet its burden as to either of the prongs in the Buntzman test. First, Plaintiff's tax returns contain extensive information that is not relevant to this action, including potentially extensive private information that the plaintiffs and affiants reasonably might not wish to disclose to anyone, such as information concerning medical expenses, financial losses unrelated to their Jan-King franchises, family status, and the like.

Jani-King's explanations of why the information contained in these complete tax returns is relevant or may lead to the discovery of admissible evidence and conclusory, vague, and unconvincing.  It claims that the information "is relevant to or may lead to admissible evidence relevant to" three issues:  (1) "their claims that they were JKB's

3

employees, and not independent business owners"; (2) "the questions of what damages, if any, members of the purported class have suffered"; and (3) "questions of mitigation and offset." Defs.' Mot. ¶¶ 9-11. Jani-King has offered no explanation of what it means (*e.g.*, what "mitigation and offset" theories could possibly apply here) or what specific information it refers to that cannot be obtained elsewhere.[1] As such, it has not satisfied its burden of demonstrating the relevance of tax returns, as required in prong one of the Buntzman test.

Moreover, even if Jani-King had clearly explicated the information that it deems relevant from tax returns, this information is "otherwise obtainable," Buntzman, 146 F.R.D. at 32, both through documents that Plaintiffs have already produced (Schedule Cs, 1099 forms, and W2 forms) and from documents already in Jani-King's possession. Specifically, Jani-King claims that information about the plaintiffs' and affiants' "revenues and expenses" from their Jani-King franchises may be relevant. However, Jani-King itself is in possession of all documents demonstrating the revenues collected by its franchisees and the expenses that Jani-King has deducted from those revenues, and that information is further set forth in the Schedule Cs and other income information provided by Plaintiffs.

---

[1] Significantly, how Plaintiffs filed their tax returns will not have any bearing on whether they were misclassified as independent contractors under Massachusetts state law. That question will be resolved by the determination of whether Jani-King will be able to prove that all three prongs of Mass. Gen. L. c. 149 § 148B have been satisfied, including the second prong, which requires that the work performed by the plaintiff is outside Jani-King's usual course of business. Given that Plaintiffs performed cleaning work for a national cleaning company, Plaintiffs submit that Jani-King will not be able to meet its burden to prove employee status under § 148B, and a production of Plaintiffs' tax returns will have no relevance to this inquiry. Moreover, given that Jani-King issued 1099 forms to its franchisees rather than issuing W2s and withholding taxes, it is not surprising that Plaintiffs would not have filed their taxes as Jani-King's employees, and they will stipulate as such. Requiring Plaintiffs to produce their tax returns will serve no purpose other than to cause a chilling effect on these plaintiffs and others who might challenge the practices of cleaning franchise companies.

Other than its own conclusory statements, Jani-King has offered no explanation of how the complete tax returns that it seeks would have any relevant information beyond information already produced or in Jani-King's own possession. As such, it has utterly failed to meet its high burden to compel production of tax returns.

## CONCLUSION

In conclusion, the Defendants have failed to meet their burden of demonstrating that the complete tax returns of the plaintiffs and affiants should be disclosed. They have failed to show that these tax returns are relevant to the action, and the Plaintiffs have demonstrated that the information the Defendants seek is obtainable from other sources. Accordingly, the Court should deny Defendants' motion.

    Respectfully submitted,

    VINCENT DeGIOVANNI, MARIETTE BARROS, and all others similarly situated,

    By their attorneys,

    /s/ Alex Sugerman-Brozan
    Shannon Liss-Riordan (BBO #640716)
    Hillary Schwab (BBO #666029)
    Alex Sugerman-Brozan (BBO #650980)
    Lichten & Liss-Riordan, P.C.
    100 Cambridge Street, 20th Floor
    Boston, MA 02114

Dated: July 13, 2009    (617) 994-5800

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 13, 2009, a copy of this document was served by electronic filing on all counsel of record.

                                     /s/ Alex Sugerman-Brozan
                                     Alex Sugerman-Brozan, Esq.