UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                              )
VINCENT DE GIOVANNI,                          )
MARIETTE BARROS and all others         )
similarly situated,                                      )
                                                              )
            Plaintiffs,                                 )
                                                              )
v.                                                             )     Docket No. 07-10066 RCL
                                                              )
JANI-KING INTERNATIONAL, INC.,        )
JANI-KING, INC. and                                )
JANI-KING OF BOSTON, INC.                 )
                                                              )
            Defendants.                             )
_____)

**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

If the employment claims of the exotic dancers in the *Chaves* case were "uniquely suited to class treatment," *Chaves v. King Arthur's Lounge, Inc.*, Civ. Action No. 07-2505, at 3 (Suffolk Sup. Ct. July 31, 2009) (Dkt. 87-2), then the claims of the Jani-King franchise owners in this case are uniquely *un*suited to class treatment because they are both different in every material respect from the dancers' claims and also materially different from each other.  These differences, identified below, would permit a reasonable jury to reach different verdicts for different owners, precluding class treatment:

- **Differences in claimants** – The class members in *Chaves* are all individual women. Dkt. 87-2, at 1.  Jani-King cleaning franchises, however, are owned by a variety of entities— corporations, LLCs, and sole proprietors—which often employ other people to operate the

business.[1]  DeGiovanni Dep. 24, 28-29, 37-39; Barros Dep. Ex. 59; Pinto Dep. 50-51, 124-125, Ex. 88; G.L. c. 149, § 148B (limiting employee status to "individuals").

- **Differences in who can perform the work –** Dancers are hired by King Arthur's "based solely on whether they 'look good'" and cannot substitute another person to dance for them.  Dkt. 87-2, at 10.  Jani-King franchise owners have sole and exclusive control over how they staff their jobs; they may hire whomever and however many employees they choose at whatever rates they set.  DeGiovanni Dep. 24, 28-29, 37-39; Pinto Dep. 50-51, 124-125, Ex. 88.

- **Differences in the property obtained –** In *King Arthur's*, a woman received nothing in exchange for the $35 she paid each night except permission to dance, and she had no ability to expand her income beyond her own services.  Dkt. 87-2, at 8.[2]  Jani-King franchisees receive a transferable, 20-year right to use Jani-King's trademarks and system to operate a cleaning business that they can invest to expand without any limits on revenue, amount of business, or number of employees.  Dkt. 52-2, at 41, 44, 51-55.  They also have the right to sell or transfer their franchise on terms they negotiate.  Dkt. 52-2, at 54-55.  Some owners exercise this right; others do not.  Manuel Fernandes Dep. 38-44; Barros Dep. 13; Monteiro Dep. 38-40.

- **Differences in ability to hire and fire –** "King Arthur's hired and fired dancers." Dkt. 87-2, at 10.  Jani-King does not hire and cannot simply fire franchise owners.  Owners buy a franchise and are protected by the Franchise Agreement against termination of their franchise except for good cause.  Dkt. 52-2, at 52-55.  Plaintiffs have not alleged that Jani-King in fact terminated any owner's franchise.

---

[1]   All record citations, unless otherwise specified, are to the Declaration of Gregg A. Rubenstein in Support of Opposition to Class Certification, Dkt. 52.  All depositions were attached as exhibits to the Declaration.

[2]   Plaintiffs attached the *King Arthur's* summary judgment order to its notice of supplemental authority.  Jani-King references the order's factual findings, not because this Court may certify a class based on its prediction of who will win, but to contrast the facts of this case.

- **Differences in where services are performed –** King Arthur's dancers all perform in King Arthur's building, "according to a set shift schedule that [King Arthur's] determine[s]," in the constant presence of King Arthur's management.  Dkt. 87-2 at 10, 11, 15.  Jani-King franchise owners do not clean Jani-King's buildings.  They clean customers' buildings, during hours they set at times that are convenient for the customers.  Pinto Dep. 136; Diamantino Fernandes Dep. 161-162; Manuel Fernandes Dep. 59-62.

- **Differences in the nature of the business –** King Arthur's is not a franchisor.  It is a single-location, integrated business whose purpose is to "provid[e] adult entertainment, that is, nude dancing and alcohol."  Dkt. 87-2, at 11.  The women plaintiffs all "work[ed] in the furtherance, or the course, of that business."  *Id.*  Jani-King is a franchisor.  Its business is to sell cleaning franchises and develop and promote its system and brand.  Dkt. 52-2, at 2-4.  If franchisors are not considered to be in a different business than the owners who buy their franchises, then *all* franchise owners are employees and franchising cannot exist.

## CONCLUSION

The Court should not certify the claims in this case for class treatment because the nature and experiences of Jani-King franchise owners differ materially from owner to owner in ways that would allow a reasonable jury to reach different conclusions for different individual plaintiffs.  The facts and decisions in *Chaves*, far from supporting class certification, highlight how different this case is, and how unsuited the franchise owners' claims are for class treatment.

          JANI-KING INTERNATIONAL, INC., JANI-KING, INC. and JANI-KING OF BOSTON, INC.,

          By their attorneys,

             /s/ Gregg A. Rubenstein
          Arthur L. Pressman (BBO #643094)
          Gregg A. Rubenstein (BBO #639680)
          NIXON PEABODY LLP
          100 Summer Street
          Boston, Massachusetts  02110
          (617) 345-1000
          (617) 345-1300 (facsimile)

          and

          Aaron D. Van Oort (Pro hac vice)
          Kerry L. Bundy (Pro hac vice)
          Eileen M. Hunter (Pro hac vice)
          FAEGRE & BENSON LLP
          2200 Wells Fargo Center
          90 South Seventh Street
          Minneapolis, MN 55402-3901
          (612) 766-7000
          (612) 766-1600 (facsimile)

Dated:  August 14, 2009

## Certificate of Service

I hereby certify that this Response to Plaintiffs' Notice of Supplemental Authority filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 14, 2009.

                            /s/ Gregg A. Rubenstein
                            Gregg A. Rubenstein

fb.us.4313491.07