# LICHTEN & LISS-RIORDAN, P.C.

ATTORNEYS AT LAW

100 CAMBRIDGE STREET, 20TH FLOOR
BOSTON, MASSACHUSETTS 02114

HAROLD L. LICHTEN†
SHANNON LISS-RIORDAN◊
HILLARY SCHWAB◊

TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

WWW.LLRLAW.COM

IAN O. RUSSELL
BRANT A. CASAVANT

†ALSO ADMITTED IN MAINE
◊ALSO ADMITTED IN NEW YORK

October 28, 2009

**VIA ELECTRONIC FILING AND HAND DELIVERY**
The Honorable William G. Young
Courtroom 18
John Joseph Moakley US Courthouse
1 Courthouse Way
Boston, MA 02210

RE:   Vincent De Giovanni, et al. v. Jani-King International, Inc., et al.
      USDC Civil Action No. 07-10066-MLW

Dear Judge Young:

I write to bring to the Court's attention, and respectfully request that the Court correct, a clerical error in the Memorandum and Order on Plaintiffs' motion for class certification, dated September 21, 2009. On page 30 of the Court's order, the Court inadvertently cited to the Massachusetts unemployment statute, Mass. Gen. Law **ch. 151A, § 2**, rather than the Independent Contractor statute, **ch. 149 § 148B**, under which Plaintiffs moved for class certification.

These two statutes are practically identical. The Court's analysis applied the language of the proper statute, ch. 149 § 148B, but the Court simply identified the wrong statute. For the Court's convenience, I have attached the text of both ch. 149 § 148B and Mass. Gen. L. c. 151A § 2 here.

The two statutes differ only in that the second prong of ch. 151A § 2 includes "outside of all of the places of business" of the enterprise, whereas this language is not contained in ch. 149 § 148B. On page 31 of the decision, the Court recognized that the only issue for the second prong is whether the work is done outside of the usual course of business (not outside the usual place of business), so the Court analyzed the proper statutory language, but simply cited the wrong statute.

Plaintiffs thus respectfully request that the Court correct this clerical error and reissue the decision with citation to (and quotation of) ch. 149 § 148B on page 30.

# LICHTEN & LISS-RIORDAN, P.C.

Sincerely,

Hillary Schwab, Esq.

Enclosures.

cc (by electronic filing):    The Honorable Mark L. Wolf
Shannon Liss-Riordan
Aaron D. Van Oort, Esq.
Arthur L. Pressman, Esq.
David S. Rosenthal, Esq.
Gregg A. Rubenstein, Esq.
Kerry L. Bundy, Esq.

Westlaw.

Page 1

M.G.L.A. 149 § 148B

▷ Effective: July 19, 2004

Massachusetts General Laws Annotated Currentness
  Part I. Administration of the Government (Ch. 1-182)
    ᴷ᷈ Title XXI. Labor and Industries (Ch. 149-154)
      ᴷ᷈ Chapter 149. Labor and Industries (Refs & Annos)

→ § 148B. Persons performing service not authorized under this chapter deemed employees; exception

(a) For the purpose of this chapter and chapter 151, an individual performing any service, except as authorized under this chapter, shall be considered to be an employee under those chapters unless:--

(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and

(2) the service is performed outside the usual course of the business of the employer; and,

(3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

(b) The failure to withhold federal or state income taxes or to pay unemployment compensation contributions or workers compensation premiums with respect to an individual's wages shall not be considered in making a determination under this section.

(c) An individual's exercise of the option to secure workers' compensation insurance with a carrier as a sole proprietor or partnership pursuant to subsection (4) of section 1 of chapter 152 shall not be considered in making a determination under this section.

(d) Whoever fails to properly classify an individual as an employee according to this section and in so doing fails to comply, in any respect, with chapter 149, or section 1, 1A, 1B, 2B, 15 or 19 of chapter 151, or chapter 62B, shall be punished and shall be subject to all of the criminal and civil remedies, including debarment, as provided in section 27C of this chapter. Whoever fails to properly classify an individual as an employee according to this section and in so doing violates chapter 152 shall be punished as provided in section 14 of said chapter 152 and shall be subject to all of the civil remedies, including debarment, provided in section 27C of this chapter. Any entity and the president and treasurer of a corporation and any officer or agent having the management of the corporation or entity shall be liable for violations of this section.

(e) Nothing in this section shall limit the availability of other remedies at law or in equity.

CREDIT(S)

Added by St.1990, c. 464. Amended by St.1992, c. 286, § 214; St.1993, c. 110, § 165; St.1998, c. 236, § 12; St.2004, c. 193, § 26, eff. July 19, 2004.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

M.G.L.A. 149 § 148B

HISTORICAL AND STATUTORY NOTES

2004 Main Volume

St.1990, c. 464, was approved Dec. 29, 1990.

St.1992, c. 286, § 214, an emergency act, approved Dec. 23, 1992, in the first paragraph, in the first sentence, substituted "except as authorized" for "except services authorized" and deleted "and until" following "unless".

St.1993, c. 110, § 165, approved July 19, 1993, and by § 390 made effective as of July 1, 1993, in the first paragraph, in the first sentence, substituted "chapter" for "section".

The Governor's disapproval of St.1993, c. 110, § 165, was overridden by the General Court.

St.1998, c. 236, § 12, approved Aug. 7, 1998, rewrote the second paragraph, which prior thereto read:

"Whoever violates this section shall be punished by a fine of not less than one hundred dollars, nor more than one thousand dollars, or by imprisonment for not more than two months in the house of correction, or both such fine and imprisonment."

Section 21 of St.1998, c. 236, provides:

"The provisions of sections 5 to 19, inclusive, and section 20 of this act shall not apply to public works projects bid on or before 90 days after the effective date of this act."

2009 Electronic Update

2004 Legislation

St.2004, c. 193, § 26, an emergency act, approved July 19, 2004, effective July 19, 2004, rewrote the section, which prior thereto read:

"For the purpose of this chapter, individuals performing any service, except as authorized under this chapter, shall be deemed to be employees under this section unless it is shown that: such individual has been and will continue to be **free** from **control** and direction in connection with the performance of such service under his contract; and such service is performed either outside the **usual course** of the business for which the service is performed or is performed outside of all places of business of the enterprise; and, such individual is customarily engaged in an independently established occupation, profession or business of the same nature as that involved in the service performed. The failure to withhold federal or state income taxes, unemployment compensation or workers compensation from an employee's wages shall not be used for the purposes of making a determination under this section. The president and treasurer of a corporation and any officer or agent having the management of such corporation shall be deemed the employer within the meaning of this section.

"Whoever violates this section shall be punished or shall be subject to a civil citation or order as provided in section 27C."

M.G.L.A. 149 § 148B, MA ST 149 § 148B

Current through Chapter 115 of the 2009 1st Annual Sess.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

M.G.L.A. 149 § 148B

© 2009 Thomson Reuters.

END OF DOCUMENT

M.G.L.A. 151A § 2

Effective: July 19, 2004

Massachusetts General Laws Annotated Currentness
 Part I. Administration of the Government (Ch. 1-182)
  Title XXI. Labor and Industries (Ch. 149-154)
   Chapter 151A. Unemployment Insurance (Refs & Annos)

→ § 2. Service deemed "employment"; exclusions

Service performed by an individual, except in such cases as the context of this chapter otherwise requires, shall be deemed to be employment subject to this chapter irrespective of whether the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the commissioner that--

(a) such individual has been and will continue to be **free** from **control** and direction in connection with the performance of such services, both under his contract for the performance of service and in fact; and

(b) such service is performed either outside the **usual course** of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and

(c) such individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

The failure to withhold federal or state income taxes or to pay workers compensation premiums with respect to an individual's wages shall not be used for the purposes of making a determination under this section. An individual's exercise of the option to purchase insurance as permitted by subsection (4) of section 1 of chapter 152 shall not be used for purposes of making a determination under this section.

Whoever fails to treat an individual as an employee according to this chapter shall be punished as provided in section 47. Nothing in this section shall limit the availability of other remedies at law or in equity.

CREDIT(S)

Added by St.1941, c. 685, § 1. Amended by St.1971, c. 940, § 2; St.1990, c. 177, § 250; St.2004, c. 193, § 28, eff. July 19, 2004.

HISTORICAL AND STATUTORY NOTES

2004 Main Volume

St.1971, c. 940, § 2, an emergency act, approved Oct. 26, 1971, and by § 22 made effective Jan. 1, 1972, rewrote the section, which prior thereto read:

"Service performed by an individual shall be deemed to be 'employment' unless and until it is shown to the satisfaction of the director that such individual has been and will continue to be **free** from **control** or direction by another with

M.G.L.A. 151A § 2

respect to the performance of such services, both under his contract of service and in fact."

St.1990, c. 177, § 250, an emergency act, approved Aug. 7, 1990, in the introductory paragraph, substituted "commissioner" for "director".

2009 Electronic Update

2004 Legislation

St.2004, c. 193, § 28, an emergency act, approved July 19, 2004, effective July 19, 2004, added the second and third paragraphs.

M.G.L.A. 151A § 2, MA ST 151A § 2

Current through Chapter 115 of the 2009 1st Annual Sess.

© 2009 Thomson Reuters.

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.