## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| VINCENT DE GIOVANNI, MARIETTE BARROS, DIAMAINTINO FERNANDES, MARIA PINTO, MANUEL FERNANDES, MARIA MONTEIRO, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JANI-KING INTERNATIONAL, INC., JANI-KING, INC. and JANI-KING OF BOSTON, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Docket No. 07-10066 MLW |

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

To avoid summary judgment on their common-law claims, Plaintiffs amended their Complaint, withdrew those claims, and now argue that their withdrawal moots Jani-King's motion. It does not. Under Rule 15(a)(2), Plaintiffs cannot force Jani-King to defend claims for nearly three years, withdraw them only in the face of a pending motion for summary judgment, and have the dismissal be without prejudice. Plaintiffs do not contest Jani-King's Statement of Undisputed Facts relating to the common law claims for purposes of the summary judgment motion. (Plaintiffs' Statement of Disputed Material Facts ("PSOF"), Dkt. 108 at 1-2, n. 1). They also do not provide any substantive response to Jani-King's legal arguments on those claims. (Pl. Br. 1.) This Court should order that the withdrawal of their common law claims be with prejudice.

With respect to their statutory claims, Plaintiffs argue that De Giovanni's release cannot include his employment claims under Mass. Gen. L. c. 149, §148B or his Chapter 93A claims because those claims cannot be waived. This argument misses the fundamental distinction between an *ex ante* waiver and an *ex post* release. Under Massachusetts law, parties cannot agree to opt out of the employment laws and conduct their affairs as if those laws do not exist. But they certainly may reach settlement agreements that release past claims. The same holds true for the 93A claims. No case holds that parties must litigate every employment and 93A claim to judgment. De Giovanni was within his rights to release past claims, and his release is fully supported by consideration. This Court should enforce it.

I.    **This Court Should Order That Plaintiffs' Common-Law Claims Are Dismissed With Prejudice.**

Rule 15(a)(2) states that if a party wishes to amend a pleading for a second time or after the time for amending as of right has elapsed, the party may only do so with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

This Court has not previously granted plaintiffs leave to amend their complaint to withdraw their common law claims. Judge Young's September 22, 2009, Order on class certification gave Plaintiffs leave to amend their Complaint only to add new plaintiffs who could demonstrate that they had paid certain challenged fees:

> Without any class representative who are typical of the Chapter 93A claims, the Court must deny certification of those claims. The Court will, however, exercise its discretion and deny class certification of the Chapter 93A claims without prejudice. The plaintiffs may amend their complaint and renew their motion for class certification of these two Chapter 93A claims, provided they include some evidence that an existing or newly proposed class representative was injured when Jani-King exercised its rights under section 4.3.3 of the Franchise Agreement and was charged allegedly excessive fees.

(Dkt. 91 at 38-39.)

The Court did not give Plaintiffs leave to amend to dismiss claims. The Court can grant that leave now, but it should order that the dismissal be with prejudice to protect Jani-King.[1]

In deciding how to condition a dismissal of an entire action, courts consider several factors, including "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Doe v. Urohealth Systems, Inc.*, 216 F.3d 157, 160 (1st Cir. 2000). "The district court is responsible for ensuring that . . . prejudice will not occur" to the defendant. *Chapman v. Bernard's Inc.*, 198 F.R.D. 575, 579 (D. Mass. 2001) (citing *Doe*, 216 F.3d at 160); *see Schwarz v. Folloder*, 767 F.2d 125, 129 (1st Cir. 1985) (holding that if dismissal unfairly prejudices a defendant, then it should be denied). This rationale applies with equal force to partial dismissals of actions, and the court retains significant discretion to dismiss with prejudice claims contained in the original complaint that are not included in the amended complaint. *See Patriot Cinemas v. General Cinema Corp.*, 834 F.2d 208, 214-15 (1st Cir. 1987); *Addamax Corp. v. Open Software Found., Inc.*, 149 F.R.D. 3, 5 (D. Mass. 1993) (emphasis added) (internal citations and quotations omitted); *see also Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 115 (2d Cir. 1985) (dismissing withdrawn claim with prejudice); *Telecomm Tech. Servs. v.*

---

[1] Because Plaintiffs' Second Amended Complaint withdraws some, but not all, of Plaintiffs' claims, the attempted amendment is properly analyzed under Fed. R. Civ. P. 15(a)(2) rather than Fed. R. Civ. P. 41(a)(2), which deals with voluntary dismissals of the entire action. "[T]he weight of authority is that Rule 15(a), as opposed to Rule 41(a)(2), applies to an amendment which drops some but not all of the claims in an action." *Transwitch Corp. v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284, 288 (D. Mass. 2004) (citing *Addamax Corporation v. Open Software Foundation, Inc.*, 149 F.R.D. 3, 5 (D. Mass. 1993)). Regardless, though, the analysis—and the discretion entrusted to the Court—is the same under both rules. *See Transwitch Corp. v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284, 289 n.5 (D. Mass. 2005) ("Whether to review the motion under Rule 41(a)(2) or Rule 15(a) is academic inasmuch as 'a district court may permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a).'") (quoting *Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985)).

*Siemens Rolm Communs., Inc.*, No. 1:95-CV-649-WBH, 1997 U.S. Dist. LEXIS 24292, at *13-15 (N.D. Ga. Dec. 30, 1997) (same).

Here, Jani-King has defended plaintiffs' common law claims for nearly three years at significant time and expense. Plaintiffs withdrew the claims only after Jani-King defeated plaintiffs' motion to certify them for class treatment and filed a motion for summary judgment. Plaintiffs have offered no reason why they should be allowed to withdraw the claims now without prejudice. Jani-King should not be obligated to face the risk that Plaintiffs could re-file those claims on a later date. To adequately protect Jani-King, the Court should order that plaintiffs' dismissal of their claims was with prejudice.

In the alternative, Jani-King respectfully requests the Court to enter summary judgment in its favor on plaintiffs' common law claims for the reasons given in its opening memorandum. Plaintiffs have neither contested Jani-King's Statement of Undisputed Facts in relation to Plaintiffs' common law claims nor responded to the substantive allegations contained in Jani-King's opening memorandum. Rule 56(e) requires a party opposing summary judgment to respond with specific facts showing a genuine issue for trial, and "[i]f the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e). As Plaintiffs have shown that they do not intend to respond to these arguments, summary judgment should be entered in favor of Jani-King on Plaintiffs' common law claims.

## II. De Giovanni's Release Bars His Statutory Claims Before October 25, 2005.

None of the reasons De Giovanni offers to challenge his release is valid.[2] The Court should enforce the release and grant summary judgment to Jani-King on De Giovanni's statutory claims that arose on or before October 25, 2005.

### A. Employment-related claims can be released just like other claims.

De Giovanni's challenge to his release overlooks the fundamental distinction between agreements to waive application of the wage laws prospectively, which Massachusetts does not allow, and settling wage claims that have already arisen, which Massachusetts plainly permits.

De Giovanni points to the language of Mass. Gen. L. c. 149, section 148B to challenge his release, but the "language of the statute prohibits an employer from *prospectively* exempting himself from the requirements of the Wage Act in an agreement with an employee or a person he may hire." *Powell v. Dassault Systemes Enovia Corp.*, C.A. No. 07-11033-MLW, 2009 U.S. Dist. LEXIS 91747, at *5 (D. Mass. Sept. 29, 2009) (emphasis added). The case De Giovanni cites likewise deals with a prospective waiver, not a release of past claims. *See Dobin v. CIOview Corp.*, 16 Mass. L. Rptr. 785 (Mass. Super. Ct. 2003) (holding that an agreement to defer future wages was unenforceable).[3]

---

[2] Plaintiffs sidestep the question of whether Texas law applies to the release, and cite only Massachusetts law. Defendants remain of the belief that Texas law governs the enforceability of the release, but if this Court determines otherwise, the result would not differ under Massachusetts law.

[3] Plaintiffs rely on *Somers v. Converged Access, Inc.*, 454 Mass. 582, 591 (2009), in support of their argument that contracts releasing claims under Mass. Gen. L. c. 149, section 148B are unenforceable, but *Somers* merely states the unremarkable proposition that despite a contract holding that a party is an independent contractor, that party may nonetheless be considered an employee. *Somers* does not address waiver or release of claims. Further, Plaintiffs state that the First Circuit's decision in *Martin v. Tango's Restaurant*, 969 F.2d 1319, 1324 (1st Cir. 1992), held that "Massachusetts employment laws are 'intended to protect complying competitors of the defendants, in addition to making the employee whole.'" (Pls. Resp. Brief at 4.) *Martin* states no such thing. Plaintiffs artful use of quotation marks in the parenthetical obscures the fact that the *Martin* court was discussing the *federal* Fair Labor Standards Act, not Massachusetts employment laws. Indeed, *Martin* was an appeal from the District of Puerto Rico, and there was no discussion whatsoever in the First Circuit's opinion of any Massachusetts employment laws.

Both Massachusetts state courts and this Court have enforced releases covering past wage claims, explicitly holding that they are different than prospective waivers. In *Gordon v. Millivision Holdings, LLC*, No. 03086, 2005 WL 705110 (Mass. Super. Ct. Jan. 15, 2005), the court directly held that "a waiver is very different from a release. The law prohibits a waiver of the employee's rights under the Wage Act; it does not prohibit releasing those rights after the claim has been established." *Id.* at *3. In *Powell*, this Court relied on *Gordon* and enforced a release of a wage claim. The agreement at issue barred all claims, "whether specifically enumerated or not" against the defendants, including "all claims regarding Powell's employment, including all claims for wages, salary, commissions . . . and bonuses." 2009 U.S. Dist. LEXIS 91747, at *5 (internal quotation marks omitted). Citing *Gordon* approvingly, this Court concluded that the release was valid and covered the proposed claim under Mass. Gen. L. c. 149, section 148B. *Id.* at *3-5.

Simply put, individuals may validly release wage claims. *See Melanson v. Browning-Ferris Indus., Inc.*, 281 F.3d 272 (1st Cir. 2002) (holding that a release of all claims under "state employment statutes including but not limited to wage payments statutes" was "valid and enforceable in accordance with its terms"). Here, De Giovanni signed a release that covered all claims that may have accrued up to the date of the release, October 25, 2005. He does not dispute that the release encompasses his wage claims. The release is enforceable, and it bars De Giovanni's claim for wages before that date.

**B. Chapter 93A claims can be settled like other claims.**

De Giovanni makes the same error in challenging his release as applied to his Chapter 93A claims as he does with his wage-law claims: He confuses prospective waivers with retrospective releases.

6

De Giovanni cites no authority limiting a person's ability to settle and release Chapter 93A claims. To the contrary, both Massachusetts state courts, *see Haggerty v. Tokio Fire & Marine Ins. Co., Ltd.*, 51 Mass. App. Ct. 1103, 2001 WL 315361 (Mar. 14, 2001) (unpublished), and this Court, *see Capizzi v. F.D.I.C.*, Civ. No. 90-12775-S, 1993 WL 723477, at * 1, 13 (D. Mass. Mar. 9, 1993), have enforced releases of Chapter 93A claims.

The cases De Giovanni cites all address not releases, but agreements to prospectively waive application of Chapter 93A. Even there, Massachusetts courts will *enforce* prospective waivers in the context of "commercial" relationships. *See, e.g., Canal Elec. Co. v. Westinghouse Elec. Corp.*, 406 Mass. 369, 377-79 (Mass. 1990) (enforcing a waiver); *Chestnut Hill Dev. Corp. v. Otis Elevator Co.*, 653 F. Supp. 927, 933 (D. Mass. 1987) (enforcing a contract provision prospectively barring recovering of damages under Chapter 93A). Had De Giovanni signed an agreement prospectively waiving Chapter 93A claims, it would be enforceable because his franchise relationship with Jani-King was a commercial one. His claims, based on a contractual relationship, "constitute a private matter which does not significantly involve public interest factors." *Greenleaf*, 15 Mass. App. Ct. at 576.

De Giovanni, however, did not sign a prospective waiver. He signed a release covering claims that already risen. He does not dispute that the release covers his Chapter 93A claims, and he identifies no law limiting releases of those claims. His release is fully enforceable.

### C. The Release Is Valid

De Giovanni's final challenge to the validity of his release is to argue that he did not receive any consideration for it. The undisputed facts prove otherwise. In exchange for De Giovanni's release of claims and other promises in the transfer agreement, Jani-King released De Giovanni from many of his own personal obligations to Jani-King by agreeing to terminate his

7

original franchise agreement. (Defendants' Statement of Undisputed Facts ("DSOF"), Dkt. 94, ¶ 50.) This release of rights by Jani-King is effective consideration. *See Fort Worth Independent School Dist. v. City of Fort Worth*, 22 S.W.3d 831, 841 (Tex. 2000) ("A benefit to a promisor is consideration for a valid contract, as is a detriment to a promise."); *Wit v. Commercial Hotel Co.*, 253 Mass. 564 (1925) ("It means giving something up which he had a right to keep, or doing something which he had a right not to do."). De Giovanni's own testimony demonstrates that his decision to shift ownership to a limited liability corporation (LLC) was a business decision that De Giovanni considered, and that the transfer was only accomplished at his request. (DSOF ¶ 49.) He initiated the transfer precisely to keep his Jani-King business separate from his personal finances and his carpentry business. (DSOF ¶¶ 41, 45-48). Far from "receiv[ing] nothing from Jani-King in this transaction," (Pls. Resp. Brief at 7) De Giovanni got precisely what he wanted.

### III. De Giovanni Has No Personal Claim Under Chapter 93A For Events Occurring After He Transferred His Franchise To An LLC On October 25, 2005.

Jani-King demonstrated in its opening memorandum that the Court should grant summary judgment against De Giovanni's Chapter 93A claims in their entirety because, before October 25, 2005, they are released, and after that date any claims belong to CDD, the limited liability company to which De Giovanni transferred his franchise. (Jani-King Mem. 2, 6.) De Giovanni does not respond to the latter argument. For the reasons given in Jani-King's opening memorandum, the Court should grant summary judgment for Jani-King against all of De Giovanni's Chapter 93A claims asserted based on events occurring after he transferred his franchise to CDD on October 25, 2005.

### CONCLUSION

The Court should hold (1) that all of plaintiffs' common law claims are dismissed with prejudice; (2) that De Giovanni's valid release bars his wage claims and 93A claims that are

8

based on events before and through October 25, 2005; and (3) that on the undisputed facts De Giovanni does not have a claim under 93A based on events after he transferred his franchise to an LLC on October 25, 2005.

Dated:  November 20, 2009

JANI-KING INTERNATIONAL, INC., JANI-KING, INC. and JANI-KING OF BOSTON, INC.,

By their attorneys,

   s/ Kerry L. Bundy
Arthur L. Pressman (BBO #643094)
Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000
(617) 345-1300 (facsimile)

and

Kerry L. Bundy (Pro hac vice)
Aaron D. Van Oort (Pro hac vice)
Eileen M. Hunter (Pro hac vice)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
(612) 766-1600 (facsimile)

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 20, 2009.

                                               s/ Kerry L. Bundy
                                             Kerry L. Bundy