## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
VINCENT De GIOVANNI,                    )
MARIETTE BARROS, DIAMANTINO             )
FERNANDES, MARIA PINTO,                 )
MANUEL FERNANDES, MARIA MONTEIRO,       )
and all others similarly situated,      )
                                        )     Civil Action No. 07-10066-MLW
                  Plaintiffs,           )
                                        )     **LEAVE TO FILE GRANTED ON**
            v.                          )     **JANUARY 14, 2010**
                                        )
JANI-KING INTERNATIONAL, INC.,          )
JANI-KING, INC. and                     )
JANI-KING OF BOSTON, INC.               )
                                        )
                  Defendants.           )
_____ )

### PLAINTIFFS' REPLY BRIEF IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION AS TO CLAIMS BROUGHT UNDER MASS. GEN. L. CHAPTER 93A

In its "response" to Plaintiffs' renewed class certification motion on their Mass.

Gen. L. Chapter 93A claims, Jani-King attempts to reopen the appropriateness of class

certification entirely, essentially ignoring the fact that Judge Young has already held that

these claims satisfy the Rule 23 requirements for class certification (after full briefing by

the parties).  This is one of several attempts by Jani-King to reargue issues that have

already been resolved by the Court and to raise new arguments that it either did not

think of or did not choose to advance the first time around.  For example, Jani-King has

also sought to dismiss the Second Amended Complaint filed by Plaintiffs adding

additional lead plaintiffs (for which Judge Young expressly granted Plaintiffs leave in his

decision granting class certification), raising for the first time arguments that it failed to

advance in its initial motion to dismiss filed more than two years ago and denied in

August 2008 and that it failed to advance in its recent summary judgment filing (filed on the Court-imposed summary judgment deadline, October 1, 2009).[1]

Not only should the Court reject Jani-King's late-filed arguments in opposition to class certification as a waste of judicial resources, but the Court should reject these arguments on the merits as well.  First, Jani-King's characterization of Plaintiffs' theory on the excessive fees claim is nothing more than an attempt to overcomplicate a simple and straightforward claim as an effort to take it out of the purview of class treatment.  Plaintiffs' claim is that they performed cleaning services for Jani-King, for which they were charged thousands of dollars in fees (both out-of-pocket and as deducted from their monthly "franchise statements).  These fees were applied to franchisees across the board, mostly as a percentage of their total monthly earnings.  One could hardly imagine a claim better suited for class treatment.  This is simply not the complex and variable legal theory that Jani-King has suggested.[2]

Moreover, Jani-King's efforts to renew their arguments that Plaintiffs cannot satisfy Rule 23, despite Judge Young's ruling to the contrary, must also fail.  As discussed above and set forth in more detail in Section I, infra, it is absurd to suggest that Plaintiffs cannot satisfy commonality, typicality, and predominance on their Chapter 93A excessive fees claim.  Indeed, the fees that Plaintiffs challenge are charged to all

---

[1]     Jani-King also petitioned the First Circuit for interlocutory review of the Court's decision certifying a class on Plaintiffs' claim under the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 § 148B.  The First Circuit denied Jani-King's petition, holding:  "Having thoroughly reviewed the district court's certification decision and relevant portions of the record, we are not left at this point in the proceedings with doubt sufficient to warrant interlocutory review."  1st Cir. Judgment, Nov. 25, 2009, attached as Exhibit 1.

[2]     As to class discovery, Plaintiffs agree that, in light of the class certification in this case, an additional period for classwide discovery is necessary.  Indeed, the parties previously agreed that classwide discovery should be conducted after the Court's ruling on class certification.  However, there is no reason for the Court to hold up on the certification of Plaintiffs' Chapter 93A claims pending this classwide discovery.

franchisees and are set forth with specificity in Jani-King's franchise agreement. Moreover, Jani-King's precise arguments about conflicts among class members are of the sort that have already been rejected by numerous courts and should be rejected here as well.  The question on class certification is not whether or not class members would like for Jani-King to continue violating the law; the claim is certifiable if it satisfies Rule 23, and Jani-King cannot avoid liability for its legal violations (either on class certification, on summary judgment, or at trial) by arguing that some "franchisees" like the system as it is.  If Jani-King's actions are unlawful on a classwide basis, they should be litigated on behalf of the class of affected individuals, and any argument by Jani-King that some class members would prefer the unlawful behavior to continue is no defense (either to liability or to class certification).

Consistent with Judge Young's original decision granting class certification on Plaintiffs' employment misclassification claims and identifying Plaintiffs' Chapter 93A claim relating to excessive fees as amenable to being "adjudicated on a class-wide basis," the Court should grant Plaintiffs' renewed motion for class certification.

## ARGUMENT

I.    **PLAINTIFFS' THEORY ON JANI-KING'S CHAPTER 93A VIOLATION IS STRAIGHTFORWARD AND AMENABLE TO CLASS CERTIFICATION.**

It cannot be emphasized enough—Judge Young has already held that Plaintiffs' Chapter 93A claim on excessive fees satisfies the requirements of Rule 23 for class certification.  In his decision, Judge Young held that this claim "can be adjudicated on a class-wide basis" and went on to explain how the claim satisfied the Rule 23 requirements for class certification:

> A fact-finder can determine for all class members whether the amount or
> types of fees charged by Jani-King are inherently unfair under Chapter
> 93A.  Causation, injury, and damages could be proved through Jani-King's
> own business records.  Further, the Court holds that adjudicating this
> claim as a class action would be superior to individual lawsuits; the
> potential amounts lost by the franchisees as a result of allegedly
> excessive fees would not be sufficient to support individual actions.  As a
> result, plaintiffs' claims that the fees charged by Jani-King violate Chapter
> 93A satisfy Rule 23(b)(3)'s predominance requirement.

Mem. and Ord., Docket No. 91, at 28-29, attached to Pls.' Renewed Class Cert. Mot. as

Exhibit 1.  The only piece that Judge Young deemed missing for certification of this

claim was evidence that the named plaintiffs had suffered those fees, so the Court

instructed that "[t]he plaintiffs may . . . renew their motion for class certification of [this

claim], provided they include some evidence that an existing or newly proposed class

representative . . . was charged allegedly excessive fees."  Id. at 35, 37-39.  Judge

Young made clear that the purpose of renewing the class certification motion on the

excessive fees claim was not to reopen the application of the Rule 23 elements to this

claim but in order for Plaintiffs to have an opportunity to "identify typical class

representatives for these claims."  Id. at 39.  In a simple renewed class certification

motion containing only a clear and concise explanation of the relevant evidence,

Plaintiffs have identified that their named plaintiffs are typical on this claim, i.e., that they

have suffered the fees alleged to be excessive.  Based on Judge Young's original

analysis, the Court should grant Plaintiffs' motion.[3]

---

[3]     Jani-King's effort to get out from under Judge Young's ruling by arguing that class certification
decisions can be altered or amended is unavailing.  As the cases cited by Jani-King make clear, when
class certification decisions are reconsidered at a later date, it is because of "subsequent developments"
or "later evidence."  Cases cited at Def. Br. at 6.  Here, Jani-King cannot point to any subsequent
development that calls into question Judge Young's previous decision on class certification.  To the
contrary, the one piece that was missing when Judge Young issued his decision—specific evidence of the
lead plaintiffs suffering the challenged excessive fees—is now present; Plaintiffs' renewed class
certification motion contains extensive evidence demonstrating that the lead plaintiffs (like other Jani-King

Jani-King's attempt to undo Judge Young's decision is focused on an effort to overcomplicate Plaintiffs' claims and mischaracterize them as involving such complex legal theories with so many individual intricacies that they could never be appropriate for class certification.  Jani-King's argument is belied by Judge Young's decision, which correctly recognizes that these claims are common to the class.  Plaintiffs' claim could not be more straightforward—Jani-King imposes numerous fees on its franchisees, all of which are explained in detail in its standard-form franchise agreement, and those fees are paid by the franchisees and/or deducted from their income for the janitorial cleaning services they provide for Jani-King's clients.  Plaintiffs challenge these fees as excessive and as resulting in an unfair reduction in the income that Jani-King franchisees receive for their cleaning services.  This claim applies to Jani-King franchisees across the board.

The cases cited by Jani-King for the proposition that courts must understand plaintiffs' theories in order to rule on class certification are completely inapposite.  Jani-King cites the First Circuit's statement in In re New Motor Vehicles Canadian Export Antitrust Litigation that the court "must engage in a searching inquiry" as to the viability of any "novel or complex theory as to injury."  522 F.3d 6, 26 (1st Cir. 2008).  Plaintiffs do not dispute that proposition, and it was entirely applicable in that case, which involved a conspiracy allegation brought by new-automobile purchasers and lessees against manufacturers and dealer associations in which the plaintiffs sought certification of a class under the antitrust and consumer protection laws of twenty states based on a novel and complex theory as to causation.  Id.  Here, on the other hand, Plaintiffs assert

---

franchisees) suffered the excessive fees imposed by Jani-King pursuant to its standard-form franchise agreement.

a challenge based on Jani-King's own franchise agreement, applicable to all class members and as to which, as Judge Young concluded, "[c]ausation, injury, and damages could be proved through Jani-King's own business records." Docket No. 91, at 28-29.[4]

Indeed, as noted in Plaintiffs' reply brief in support of their original class certification motion, the First Circuit has explicitly recognized the appropriateness of class certification in cases where the claims are based on the company's own standard-form contract. Specifically, in Smilow v. Southwestern Bell Mobile Systems, Inc., the First Circuit reversed the district court's decision to decertify a class of wireless telephone customers alleging breach of contract, holding: "'The plaintiffs' claims are based entirely on a standard form contract which the defendant used with every member of the class.' The common factual basis is found in the terms of the contract, which are identical for all class members." 323 F.3d 32, 39 (1st Cir. 2003); see also Menagerie Productions v. Citysearch, 2009 WL 3770668, at *10 (C.D. Cal. 2009) (finding predominance on claim that arose "from a standard form contract prepared by Citysearch to which all advertisers in the class agreed"); Kleiner v. First Nat'l Bank of Atlanta, 97 F.R.D. 683, 691 (N.D. Ca. 1983) ("When viewed in light of Rule 23, claims arising from interpretations of a form contract appear to present the classic case for

---

[4]      The other cases that Jani-King has pulled together from lower courts around the country are similarly irrelevant here, in that they concern the issue of whether and to what extent discovery should be conducted prior to the filing of a class certification motion. See Smith v. Leis, 2009 WL 1773017, at *2 (S.D. Ohio 2009) (defendant had not had opportunity to depose lead plaintiffs before responding to class certification); Pinero v. Jackson Hewitt Tax Serv. Inc., 638 F. Supp. 2d 632, 641 (E.D. La. 2009) (premature to rule on propriety of class certification "because the record had been insufficiently developed and little discovery had taken place"); Patton v. Topps Meat Co., LLC, 2009 WL 2027106, at *6 (W.D.N.Y. 2009) (plaintiffs need not always file class certification motions at the outset of a case because "[l]imited pretrial discovery is important in the class certification context"). Here, in contrast to these cases, Jani-King has had the opportunity to conduct full-blown discovery as to the lead plaintiffs, including full-day depositions and written discovery and, indeed, does not even argue to the contrary.

treatment as a class action ....").. As in <u>Smilow</u>, Plaintiffs' Chapter 93A claims are based on a challenge to the excessive fees set out in Jani-King's form franchise agreement which every member of the class signed.

Jani-King's primary argument in opposition is that franchisees are charged a mix of fees, making classwide generalization impossible. This argument is simply another incarnation of the typical argument made by defendants that, because each individual class member may be entitled to different damages, class certification should be denied. This argument has been resoundingly rejected by both federal and state courts in Massachusetts. <u>See, e.g.</u>, <u>Smilow</u>, 323 F.3d at 40 ("Where, as here, common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied even if individual damages issues remain."); <u>see also</u> <u>Salvas v. Wal-Mart Stores, Inc.</u>, 452 Mass. 337, 364 (2008) (individual damages questions do not defeat predominance "where common issues of law and fact are shown to form the nucleus of a liability claim").[5]

Because Plaintiffs' claim challenging Jani-King's excessive fees is simple and straightforward and Judge Young has already held it to be appropriate for class certification, Jani-King's efforts to complicate the claim should be rejected.

## II.    NO CONFLICTS EXIST TO PRECLUDE CLASS CERTIFICATION.

Jani-King also attempts to create conflicts among class members, by arguing essentially that the possibility that some class members may prefer the current system

---

[5]    The Massachusetts case cited by Jani-King, <u>Waters v. Earthlink, Inc.</u>, is easily distinguishable. There, individualized inquiries would have been necessary to determine **whether** there was any violation of Chapter 93A as to each class member. 2006 WL 1549685, at *8 (Mass. Super. 2006) ("[T]he court will be forced to examine each subscriber's individual experience with regard to injury to determine whether there was a violation of the consumer protection statute."). Here, by contrast, the only potentially individual question is the **amount** of the violation.

constitutes a reason to deny class certification, without regard to whether that system is illegal.  Essentially, Jani-King is arguing that some class members may want to continue in an illegal relationship with Jani-King, and this interest conflicts with the interests of class members who want to pursue Jani-King's violations of law.  This argument is patently absurd.[6]

Plaintiffs have pleaded two legal theories in the alternative:  (1) that Jani-King's "franchisees" are in fact employees who have been misclassified under the Massachusetts Independent Contractor Law, Mass. Gen. L. c. 149 § 148B; or (2) that, even if the "franchisees" are properly characterized as independent contractors, Jani-King has engaged in unfair and deceptive business practices with respect to these franchisees, in violation of Mass. Gen. L. Chapter 93A.  The Court has certified Plaintiffs' claims under the Massachusetts Independent Contractor Law[7] and has held that the Chapter 93A claims "can be adjudicated on a class-wide basis."  Docket No. 91 at 28.  In the parties' initial briefing on class certification, Jani-King never so much as raised an argument of a conflict between class members because of these two claims, despite the fact that Plaintiffs explicitly sought class certification under both theories.

---

[6]     As a general matter, it must be noted that courts set the bar high in terms of what constitutes a conflict that would defeat class certification.  In order to preclude class certification, a conflict "must be fundamental, and speculative conflict should be disregarded at the class certification stage."  In re Neurontin Marketing and Sale Practices Litig., 244 F.R.D. 89, 108 (D. Mass. 2007) (quoting In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 145 (2d Cir. 2001).  For example, courts typically reject such factual differences as "the amount of damages, date, size or manner of purchase, the type of purchaser, the presence of both purchasers and sellers, and other such concerns," where, as here, "plaintiffs allege that the same unlawful course of conduct affected all members of the proposed class."  In re Sumitomo Copper Litig., 182 F.R.D. 85, 92 (S.D.N.Y. 1998).

[7]     Subsequent to the Court's certification of Plaintiffs' independent contractor misclassification claims, Plaintiffs moved for summary judgment on Jani-King's liability under the Massachusetts Independent Contractor Law, relying in part on a case in which the SJC found that a so-called "franchisee" of a cleaning company that operates in a manner similar to Jani-King was, in fact, the company's employee who had been misclassified as an independent contractor.  See Docket No. 97 (citing Coverall North America, Inc. v. Commissioner of the Division of Unemployment Assistance, 447 Mass. 852 (2006)).

Only now, in its last-ditch effort to avoid classwide liability under Chapter 93A does Jani-King advance this argument.

It is well settled that plaintiffs may pursue legal theories in the alternative.  <u>See</u> Fed. R. Civ. P. 8(d)(2) (permitting "alternative statements" in pleadings); <u>Vieira v. First American Title Ins. Co.</u>, __ F. Supp. 2d __, 2009 WL 3432656, at 9 (D. Mass. 2009) (noting that plaintiffs may "plead alternative and even inconsistent legal theories, . . . even if Plaintiffs only can recover under one of these theories").  There is no conflict for class members in Plaintiffs employing this well-recognized legal strategy.  Indeed, notably, many of the damages are identical for both claims—whether under § 148B or Chapter 93A, Plaintiffs intend to seek compensation for the excessive fees charged to Jani-King "franchisees."  Additionally, treble damages are available to Plaintiffs under either theory.  <u>See</u> Mass. Gen. L. c. 149 § 150 (treble damages for wage claims); Mass. Gen. L. c. 93A § 9 (treble damages under Chapter 93A).

Moreover, to the extent that Jani-King is suggesting that some class members may prefer to remain in the current arrangement, even if that arrangement is declared unlawful, that cannot form the basis for a conflict that would defeat class certification.  As numerous courts have observed, "the class member who wishes to remain a victim of unlawful conduct does not have a legally cognizable conflict with the class representative."  <u>Delsing v. Starbucks Coffee Corp.</u>, 2009 WL 3202378, at *3 n.5 (D. Minn. 2009) (quoting 1 Alba Conte & Herbert B. Newburg, <u>Newburg on Class Actions</u>, § 3:30).  A court in Maine rejected an argument that a conflict was created by the specter that some class members may prefer that the alleged illegal conduct continue.  The court held:  "the argument that some consumers may prefer the existence of an antitrust

conspiracy does not mean that there cannot be a class action."  In re New Motor

Vehicles Canadian Export Antitrust Litig., 235 F.R.D. 127, 141 (D. Me. 2006).  Similarly,

in Probe v. State Teachers' Retirement System, the Ninth Circuit rejected the

defendant's argument that there was a conflict precluding class certification in a Title VII

case challenging the state teachers' retirement system because some class members

may want the current system to stay in place, holding:  "if the state plan is found to

violate Title VII, it will be invalidated notwithstanding the fact that there may be some

who would prefer that it remain in operation."  780 F.2d 776, 781 (9th Cir. 1986); see

also In re Plywood Anti-Trust Litigation, 76 F.R.D. 570, 581 (D. La. 1976) (the fact that

some antitrust plaintiffs "benefitted more than others [from an allegedly illegal

conspiracy to manipulate prices] does not thereby result in antagonistic interests within

each of the classes which precludes class certification"); Arvida/JMB Partners v. Council

of Villages, Inc., 733 So. 2d 1026, 1030 (Fla. App. 4 Dist. 1998) ("Any purported

conflicts resulting from some members' preference for the status quo, if the status quo

occurred as the result of illegal conduct, should be ignored, since they are—assuming

the allegations of the complaint to be correct—the fruit of illegal conduct").

        Moreover, Jani-King's suggestion that some class members may want to

continue as independent contractors, even if there were to be a ruling that that would

constitute a violation of § 148B, flies in the face of the purpose behind the

Massachusetts laws protecting employees and consumers.  The Massachusetts wage

laws were intended by the Legislature to impose strict liability on violators, without

regard for the intent of either the companies or the individuals affected.  As the

Massachusetts Supreme Judicial Court explained in Somers v. Converged Access, Inc.:

> Regardless of the agreement between the plaintiff and [defendant], and regardless of the parties' intentions that his work be performed as an independent contractor, unless [the employer] successfully satisfies the requirements of G.L. c. 149, § 148B, the plaintiff was [the defendant's] employee. None of the statutory criteria speaks of the employer's intent; rather, all speak of the nature of the service provided. To this extent, ***§ 148B is a strict liability statute, as is the wage act***. Good faith or bad, if an employer misclassifies an employee as an independent contractor, the employer must suffer the consequences.

454 Mass. 582, 590-91. (Mass. 2009) (emphasis added).  This makes perfect sense, because the purpose behind the wage laws and the Independent Contractor Law specifically is not just to protect workers' wages but also to protect competitors of the defendant that are complying with the laws.  As the Massachusetts Attorney General explained in its advisory about Mass. Gen. L. c. 149 § 148B, "[t]he need for proper classification of individuals in the workplace is of paramount importance to the Commonwealth," in part because "business that properly classify employees and follow all of the relevant statutes regarding employment are likely to be at a distinct competitive disadvantage when vying for the same work, customers or contracts as those businesses that do not play by the rules."  An Advisory from the Attorney General's Fair Labor Division on M.G.L. c. 149, s. 148B, 2008/1, at 1, attached as Exhibit 2[8]; cf. Martin v. Tango's Restaurant, Inc., 969 F.2d 1319, 1324 (1st Cir. 1992) (recognizing that the Department of Labor could pursue an FLSA claim on behalf of an "involuntary plaintiff"; "payment of back wages, if proved due, is intended to protect complying competitors of the defendants, in addition to making the employee whole").

Jani-King's second effort to create a conflict is the self-serving position it advances that "a conflict of interest divides current and former franchise owners over

---

[8]     Because the Attorney General's office is the agency charged with the enforcement of the wage laws, its interpretation of § 148B is entitled to substantial deference.  See Smith v. Winter Place LLC, 447 Mass. 363, 367-68 (2006).

the question of the continued success of Jani-King." Def. Opp. at 15.  Jani-King is

attempting to shield itself from classwide liability on the basis of its intimation that

pursuit of this case on a classwide basis will threaten the company's longevity.  First of

all, Jani-King has submitted no evidence in support of the suggestion that the company

is in an unstable financial position.  For this reason alone, its argument must fail

because courts should not deny class certification on the basis of "speculative" conflicts.

Allen v. Holiday Universal, 249 F.R.D. 166, 181 (E.D. Pa. 2008) (rejecting defendant's

"hypothesized conflict between current and former health club members is exactly that:

hypothetical").

In any event, however, Jani-King's position is without merit.  Plaintiffs are

pursuing both monetary and injunctive relief for Jani-King's legal violations, which

unquestionably benefit both former and current "franchisees."  Plaintiffs and class

members—both former and current—"share a common interest in reforming the

environment at [Jani-King] and in potentially obtaining monetary damages."  Armstrong

v. Whirlpool Corp., 2007 WL 676694, at *8 (M.D. Tenn. 2007).  No conflict is present,

and the Court should reject Jani-King's argument.  Indeed, the primary case upon which

Jani-King relies only highlights the lack of conflict there.  Jani-King cites the Fourth

Circuit case of Broussard v. Meineke Disc. Muffler Shops, Inc. for the proposition that

former and current franchise owners have "contrary 'interests in the long-term financial

health of the company.'"  Def. Br. at 15-16 (quoting 155 F.3d 331, 338 (4th Cir. 1998)).

What Jani-King fails to mention is that the conflict in Broussard arose out of the fact that

the current franchisees had signed a waiver giving up their rights to recover any

damages from any breach of contract and therefore would be "unable to benefit from a

damage award." Id. at 337-38.  This is a far cry from this case, where former and current Jani-King "franchisees" would be eligible to recover monetary damages in any settlement or judgment in Plaintiffs' favor.

In fact, it is particularly appropriate to allow former workers/franchisees to proceed in cases on behalf of current workers/franchisees in cases such as this one, in which the current workers/franchisees depend on Jani-King for their livelihood.  The fear of retaliation may have a chilling effect on current workers bringing claims on an individual basis, and this risk of reprisal is well-recognized as weighing in favor of class certification.  See Mullen v. Treasure Chest Casino, 186 F.3d 620, 625 (5th Cir. 1999); Edmonson v. Simon, 86 F.R.D. 375 (N.D. Ill. 1980); Scott v. Aetna Services, Inc., 210 F.R.D. 261, 268 (D. Conn. 2002); Adames v. Mitsubishi Bank, Ltd., 133 F.R.D. 82, 89 (E.D.N.Y. 1989); Slahina v. West Penn Parking Corp., 106 F.R.D. 419, 423 (W.D. Pa. 1984).

Jani-King's arguments about purported conflicts among the class are without merit both because they are untimely, because they are wholly speculative, and because they find no support in either class certification jurisprudence or in the purpose behind the Massachusetts statutes at issue here.  Accordingly, these arguments should be rejected.[9]

---

[9]     Jani-King argues vociferously in its brief that the Court should not grant class certification on Plaintiffs' Chapter 93A claim based on the refund provision of § 4.3.3 of Jani-King's franchise agreement. However, Plaintiffs have not sought certification on that claim in the instant motion but have simply indicated that they may file a limited motion for certification on that claim after the receipt of classwide discovery from Jani-King.

## CONCLUSION

Judge Young has already analyzed Plaintiffs' Chapter 93A claim and determined that it is appropriate for class certification.  Jani-King cannot undo that ruling by attempting to reargue class certification and raise arguments that it failed to raise the first time around.  Now that Plaintiffs have presented the evidence establishing that the named plaintiffs have suffered from the excessive fees that Plaintiffs challenge under Chapter 93A, the Court should grant class certification as to that claim.

Respectfully submitted,

VINCENT DE GIOVANNI, MARIETTE BARROS, DIAMANTINO FERNANDES, MARIA PINTO, MANUEL FERNANDES, MARIA MONTEIRO, and all others similarly situated,

By their attorneys,

 s/ Hillary Schwab
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated:        January 14, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2010, a copy of this document was served by electronic filing on all counsel of record.

  s/ Hillary Schwab
Hillary Schwab, Esq.