```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

VINCENT DE GIOVANNI,              )
MARIETTE BARROS, DIAMANTINO       )
FERNANDES, MARIA PINTO, MANUEL    )
FERNANDES, MARIA MONTEIRO, and    )
all others similarly situated,    )
     Plaintiffs,                  )
                                  )
     v.                           )   C.A. No. 07-10066-MLW
                                  )
JANI-KING INTERNATIONAL, INC.,    )
JANI-KING, INC., and              )
JANI-KING OF BOSTON, INC.,        )
     Defendants.                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                              March 2, 2010

This Memorandum and Order memorializes the decisions made at the March 1, 2010 hearing.

Counts II, III, IV, V, and VI of the Amended Complaint have been omitted from the Second Amended Complaint. Plaintiffs consented to dismissal of these claims with prejudice. They are, therefore, being dismissed with prejudice.

Count I of the Second Amended Complaint asserts all claims previously alleged in Count I of the Amended Complaint, including those claims for which class certification has been denied with prejudice. See Sept. 21, 2009 Order at 17-29. However, with the consent of the plaintiffs, the court will defer adjudicating the individual claims for which class certification has been denied with prejudice until a later stage of the case.

1

Plaintiffs's Motion for Summary Judgment on Count VII of the Amended Complaint (now Count II of the Second Amended Complaint) is a motion for class-wide summary judgment. The court will defer deciding this motion until after the membership of class has been determined through the notice and opt-out procedure. See Am. Pipe and Constr. Co. v. Utah, 414 U.S. 538, 547 (1974); cf. Rodriguez v. Banco Central, 790 F.2d 172, 175 (1st Cir. 1986). Accordingly, to the extent that Jani-King's Emergency Motion for a Stay of Proceedings and for Additional Discovery requests such a deferral, it is being allowed.[1]

To the extent that Jani-King's Motion for Partial Summary Judgment seeks judgment on claims that are being dismissed with prejudice, it is moot. To the extent the motion is not moot, it asserts defenses that apply uniquely to plaintiff DeGiovanni. The motion is to this extent premature. Therefore, it is being denied without prejudice.

A further hearing will be held on May 10, 2010, at 3:00 p.m. First, the court will address Jani-King's Motion to Dismiss the Chapter 93A Claims in Plaintiffs' Second Amended Complaint. As Jani-King agrees, any dismissal of such claims at that time will bind only the named plaintiffs. Second, the court will address plaintiffs' Renewed Motion for Class Certification as to Claims

---

[1]For the purposes of this Memorandum and Order, the court refers to the defendants collectively as "Jani-King."

Brought Under Mass. Gen. L. Chapter 93A.  To the extent that the September 21, 2009 Order issued by Judge William Young concluded that a particular claim met some of the requirements of Rule 23(a) or (b), the court does not intend to reexamine those conclusions. See Ellis v. United States, 313 F.3d 636, 646-648 (1st Cir. 2002). Third, the court will address whether the September 21, 2009 Order certified a class that includes people who performed cleaning work as agents of Jani-King's franchisees.  Fourth, the court will address the issue of appointment of class counsel and, if appropriate, explicitly appoint class counsel for all certified claims.[2]  See Fed. R. Civ. P. 23(c)(1)(B), (g).  Fifth, the court will address the schedule for future events, including the schedule for the notice and opt-out procedure, and the issue of whether further discovery is necessary or appropriate prior to deciding plaintiffs' Motion for Summary Judgment, particularly the portion of that motion addressing whether the franchisees performed a service outside the usual course of the business of Jani-King.  See

---

[2] Because the proposed c. 93A class and the class certified by the September 21, 2009 Order (the "misclassification class") are not identically composed, and because plaintiffs concede that the c. 93A theory and the misclassification theory are mutually exclusive, the court will be alert to possible conflicts of interest.  For example, if (as plaintiffs propose) a c. 93A class is certified, and if (as plaintiffs also propose) the court interprets the misclassification class to include the agents of franchisees, then a franchisee who can only recover under a c. 93A theory because he owned a franchise only between 2001 and 2003 would necessarily have interests directly adverse to those of an agent of a franchisee, who could only recover under a misclassification theory.

3

Fed. R. Civ. P. 56(f). The court is ordering the parties to submit supplemental memoranda on these issues by March 23, 2010.

Accordingly, for the foregoing reasons and for the reasons stated in court on March 1, 2010, it is hereby ORDERED that:

1. Counts II, III, IV, V, and VI of the Amended Complaint (Docket No. 13) are DISMISSED with prejudice.

2. To the extent Jani-King's Motion for a Stay of Proceedings and for Additional Discovery (Docket No. 99) requests that the court stay this case pending the outcome of Jani-King's Rule 23(f) petition, it is MOOT. To the extent it requests that the court defer deciding plaintiff's Motion for Summary Judgment until after the membership of class has been finalized through the notice and opt-out procedure, it is ALLOWED. To the extent it requests relief under Rule 56(f), the court will defer ruling on the motion until the May 10, 2010 hearing.

3. To the extent Jani-King's Motion for Partial Summary Judgment (Docket No. 92) requests summary judgment on claims that have been dismissed with prejudice, it is MOOT. To the extent it requests summary judgment on other claims, it is DENIED without prejudice.

4. By March 23, 2010, the parties shall submit supplemental memoranda. Plaintiffs shall address (1) whether the September 21, 2009 Order certified a class that includes people who performed cleaning work as agents of Jani-King's franchisees; and (2) whether

4

the court should appoint counsel for plaintiffs as class counsel for all certified classes. Jani-King shall address whether additional discovery is necessary or appropriate prior to the court deciding plaintiffs' Motion for Summary Judgment (Docket No. 97). Responses shall be submitted by April 13, 2010. Any replies shall be submitted by April 20, 2010.

    5. Plaintiffs shall prepare two versions of proposed class notice, one version that will be appropriate if the court allows plaintiffs' Renewed Motion for Class Certification, and another version that will be appropriate if the court denies that motion. By April 20, 2010, plaintiffs shall submit the proposed class notice to the court, and the parties shall confer and report whether Jani-King has any objections to the proposed class notice.

    6. A hearing will be held on May 10, 2010, at 3:00 p.m.

                                             /s/ Mark L. Wolf
                                       UNITED STATES DISTRICT JUDGE