**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

VINCENT DE GIOVANNI, MARIETTE BARROS, DIAMANTINO FERNANDES, MARIA PINTO, MANUELFERNANDES, MARIA MONTEIRO, and all others similarly situated,

Plaintiffs,

v.

JANI-KING INTERNATIONAL, INC., JANI-KING, INC, and JANI-KING OF BOSTON, INC.,

Defendants.

CIV. A. NO. 07-10066-MLW

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM**

As directed in this Court's Memorandum and Order of March 2, 2010, Plaintiffs submit this supplemental memorandum on the following issues: "(1) whether the September 21, 2009 Order certified a class that includes people who performed cleaning work as agents of Jani-King's franchisees; and (2) whether the court should appoint counsel for plaintiffs as class counsel for all certified classes." Ct. Mem. and Ord. at 4-5 (Docket No. 141).

As to the first issue, Plaintiffs submit that the scope of the class certified by the Court by the Memorandum and Order dated September 21, 2009, should be limited to Jani-King franchisees in Massachusetts since January 12, 2004. This interpretation is consistent with Plaintiffs' presentation of the allegations in their pleadings, which focused on the relationship between Jani-King and its "franchisees."

On the appointment of counsel, though it was not formally part of Judge Young's class certification decision, the undersigned counsel seek to be appointed as class counsel on the class that has been certified (as described above) and on the class pursuant to Chapter 93A (a class that Judge Young stated was certifiable upon presentation of evidence that the named plaintiffs had suffered the excessive fees complained of, which evidence has been submitted with Plaintiffs' renewed motion for class certification on those claims, Docket No. 104). Jani-King has never raised adequacy of representation as a concern in its class certification briefing. See, e.g., Docket No. 91 at 7 ("In their papers, Jani-King does not challenge (and therefore effectively concedes) that the plaintiffs' proposed class satisfies the . . . adequacy requirement[].").

Moreover, the undersigned counsel unquestionably satisfy the standard in Federal Rule of Civil Procedure 23(g) for the appointment of class counsel. The following factors to be considered for appointment of class counsel are set forth in Rule 23(g)(1)(A):

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

The undersigned have been litigating this case aggressively on behalf of the named plaintiffs and putative class members for over three years. In addition to extensive discovery, the case has involved briefing on two motions to dismiss, Plaintiffs' motion for class certification and renewed class certification motion, as well as both

parties' motions for summary judgment. Moreover, the undersigned counsel have extensive experience handling class actions and particularly claims brought under the Massachusetts Independent Contractor Law. Attorneys Shannon Liss-Riordan and Hillary Schwab have litigated dozens of cases as class actions under Massachusetts and federal law, a number of which have been certified on contested class certification motions, see, e.g., Bradley et al. v. City of Lynn et al., D. Mass. Civil Action No. 05-10213-PBS, 443 F. Supp. 2d 145 (D. Mass. 2006) (judgment entered for plaintiff class); Shea v. Weston Golf Club, Middlesex Sup. Ct. C.A. No. 02-1826 (Jan. 18, 2008); Benoit v. The Federalist, Inc., Suffolk Sup. Ct. C.A. No. 04-3516 (Nov. 5, 2007); Calcagno et al. v. High Country Investor, Inc. d/b/a Hilltop Steak House ("Hilltop"), Essex Sup. Ct. C.A. No. 03-0707 (June 8, 2006), and more than thirty of which have been certified as class actions for settlement purposes in both state and federal court.[1]

In addition, Judge Young recently issued a decision granting certification of a national class of skycaps worked at American Airlines terminals throughout the country in a case brought by the undersigned challenging the $2 per bag charge imposed by American Airlines for curbside check-in. Overka et al. v. American Airlines, Inc., D. Mass. Civil Action No. 1:08-cv-10686-WGY (Docket No. 50), __ F.R.D. __, 2010 WL

[1] For example, the undersigned have had the following cases, which raised claims under Massachusetts state law and/or federal or other states' laws, certified in this District for settlement purposes: Barbosa v. Publishers Circulation Fulfillment, Inc., D. Mass. Civil Action No. 08-10873-JGD (Docket Nos. 58, 60) (claims under Massachusetts wage laws and FLSA); Miller v. SBLI Insurance Agency, Inc., D. Mass. Civil Action No. 08-10267-NG (Docket Nos. 26,28) (same); Malinski et al. v. Pyramid Advisors LLC, D. Mass. Civil Action No. 08-11859-RWZ (Docket Nos. 37, 38, docket entry 2/18/2010) (claims under Massachusetts Tips Law, Mass. Gen. L. c. 149 § 152A; Hayes et al. v. Aramark Sports LLC, D. Mass. Civil Action No. 08-10700-RWZ (Docket Nos. 41, 43) (same); Mitchell et al. v. US Airways, Inc. and Prime Flight Aviation Services, Inc., D. Mass. Civil Action No. 08-10629-NG (Docket Nos. 99, 115) (claims under Massachusetts wage laws and FLSA).

517407 (D. Mass. 2010). That certification order followed a trial over which Judge Young presided in which the undersigned represented nine Massachusetts skycaps in statutory and common law claims based on the same conduct (American's imposition of the $2 per bag charge). DiFiore et al. v. American Airlines, Inc., D. Mass. Civil Action No. 07-10070. That trial resulted in a jury verdict for the Massachusetts plaintiffs. Id., Docket No. 145.

Moreover, in addition to this case, the undersigned counsel represent plaintiffs in three other actions raising similar claims against other cleaning franchise companies. See Depianti et al. v. Jan-Pro Franchising International, Inc., D. Mass. Civil Action No. 1:08-cv-10663-MLW; Awuah et al. v. Coverall North America, Inc., D. Mass. Civil Action No. 1:07-cv-10287-WGY; Da Silva et al. v. CleanNet USA, Inc. et al., AAA Case No. 11-1114-001777-08. All of those cases have involved substantial resources and have been litigated zealously by Plaintiffs' counsel. Cross-motions for summary judgment are currently pending in the Jan-Pro case. The Coverall case involved two fully briefed and argued interlocutory appeals to the First Circuit, on both of which Plaintiffs prevailed, and is currently scheduled for trial in May 2010 on the claims of four of the lead plaintiffs.[2]

Accordingly, Plaintiffs request that the Court amend the class certification order issued by Judge Young to clarify that the undersigned counsel are appointed as class counsel.

[2] Additionally, in the Coverall case, at the recent hearing on Plaintiffs' motion for summary judgment on their claim that they were misclassified as independent contractors under Mass. Gen. L. c. 149 § 148B, Judge Young stated on the record his intention to grant summary judgment to Plaintiffs on that claim. Awuah et al. v. Coverall North America, Inc., 2/9/2010 Hrg.

Respectfully submitted,
VINCENT DeGIOVANNI, et al.,
and all others similarly situated,

By their attorneys,

/s/ Hillary Schwab

Shannon Liss-Riordan (BBO #640716)
Hillary Schwab (BBO #666029)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street – 20th Floor
Boston, MA 02114
(617) 994-5800

DATED: March 23, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2010, a copy of this document was served by electronic filing on all counsel of record.

/s/ Hillary Schwab

Hillary Schwab, Esq.