**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| VINCENT DE GIOVANNI, MARIETTE BARROS, DIAMANTINO FERNANDES, MARIA PINTO, MANUEL FERNANDES, MARIA MONTEIRO, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JANI-KING INTERNATIONAL, INC., JANI-KING, INC. and JANI-KING OF BOSTON, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Docket No. 07-10066 MLW |

**JANI-KING'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS RULE 56(f) MOTION TO DENY WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASSWIDE SUMMARY JUDGMENT**

In its March 2, 2010 Order, the Court directed Jani-King[1] to file a supplemental memorandum addressing "whether additional discovery is necessary or appropriate prior to the court deciding plaintiffs' Motion for Summary Judgment (Docket No. 97)," particularly as to prong two of Massachusetts' ABC test, which asks whether the service performed by a putative employee "is performed outside the usual course of the business of the employer." Mass. Gen. L. ch. 149, §148B(a)(2). (Dkt. 141 at 3, 5.) In this memorandum, Jani-King demonstrates why the Court should defer ruling on Plaintiffs' motion for summary judgment until after the

---

[1] Plaintiffs have sued three separate Jani-King entities, Jani-King International, Inc., Jani-King, Inc., and Jani-King of Boston, Inc. Some of the defenses in this action will be unique to particular defendants. The defenses in this motion, however, apply equally to all defendants, and this brief therefore refers simply to "Jani-King" without waiving the right to treat the entities separately for the purposes of their separate defenses.

1

classwide merits discovery period because Jani-King intends to develop three specific bodies of evidence that will materially affect the outcome of that motion on prong two.

## PROCEDURAL HISTORY

Ten days after the Court ordered certification of a class of Jani-King franchise owners to litigate claims arising out of their classification as independent contractors rather than employees, (*see* Dkt. 91), Plaintiffs filed a motion for classwide summary judgment on the employment classification issue.  (Dkt. 97.)  At the time, neither Plaintiffs nor Jani-King had conducted classwide merits discovery.  By agreement, they had deferred that discovery until after a class certification order was entered so they could determine what claims, if any, were certified and what the scope of issues would be.  (Dkt. 101 ¶ 3 and Dkt. 101-4.)

Jani-King filed a motion under Fed. R. Civ. P. 56(f) asking the Court to deny Plaintiffs' motion for classwide summary judgment as premature until after the parties conducted classwide merits discovery.  (Dkt. 99.)  In its supporting memorandum, Jani-King demonstrated that:

- its motion was timely (it was brought shortly after Plaintiffs moved for summary judgment and before Jani-King's opposition was due); and
- Jani-King had good cause for not conducting classwide merits discovery (the parties' agreement)

(Dkt. 100, at 15-18.)  These showings satisfy the first two parts of the First Circuit's four-part test.  *See Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 127 (1st Cir. 2009).  Jani-King will not repeat them here.

In its March 2, 2010 Order reflecting the proceedings of the March 1, 2010 hearing, the Court directed Jani-King to submit additional briefing addressing the final two parts of the First Circuit's Rule 56(f) test.  (Dkt. 141, at 3, 5.)  Those two parts ask whether Jani-King has shown

that facts likely exist that could be developed in discovery and that would influence the outcome of the pending motion for summary judgment. *See Adorno*, 443 F.3d at 127. In particular, the Court directed Jani-King to address the second prong of the ABC test under Massachusetts law, which asks whether the service performed by the putative employee "is performed outside the usual course of the business of the employer." Mass. Gen. L. ch. 149, §148B(a)(2). (*See* Dkt. 141 at 3) (ordering Jani-King to address "particularly the portion of [Plaintiffs' summary judgment] motion addressing whether the franchisees performed a service outside the usual course of the business of Jani-King").

## ARGUMENT

**I.     The Court Should Permit Jani-King To Conduct Classwide Merits Discovery To Meet Its Burden Of Proving That The Cleaning Services Performed By Jani-King Franchises Are Outside Jani-King's Usual Course Of Business Of Providing Support For Its Franchise Owners.**

Jani-King's theory of defense on prong two is that the services it provides as a franchisor to its franchise owners are distinct from the commercial cleaning services its franchise owners provide to the market through their businesses. In the usual course of Jani-King's business, Jani-King promotes the Jani-King brand; registers and protects the Jani-King trademarks; markets franchise opportunities to prospective franchise owners; creates and updates the Franchise Disclosure Documents (as required by the FTC Act and applicable state laws); trains new franchise owners on the Jani-King system and operating methods; and provides administrative and sales support to its franchise owners. (Declaration of Aaron D. Van Oort in Support of Defendants' Rule 56(f) Motion to Deny Without Prejudice Plaintiffs' Motion for Classwide Summary Judgment  ("Van Oort Decl.") ¶ 3.) The franchise owners, in contrast, provide a different set of services in the course of operating their commercial cleaning businesses. (*Id.* ¶

3

4.) They hire, train, and supervise workers to provide commercial cleaning services to clients or perform the work themselves.  (*Id.*)

To prove up its theory of defense on prong two, Jani-King intends to develop the following evidence in the classwide merits discovery period[2]:

- deposition testimony from a sample of unnamed class members on the specific services their franchises provide in the usual course of their day-to-day commercial cleaning businesses;

- affidavit or deposition testimony from Jani-King employees on the specific services they provide in the usual course of Jani-King's day-to-day franchising business;[3] and

- expert testimony comparing the distinct services provided by Jani-King and its franchise owners, explaining how the functions and services of franchisors generally differ from those of franchisees, discussing how "course of business" is understood in the franchise context, and opining on whether the services provided by Jani-King franchise owners are outside the services provided by Jani-King in the usual course of its business.

(*Id.* ¶¶ 2-5.)  As demonstrated in its original motion, Jani-King has not yet developed this evidence because of the agreement of the parties not to conduct classwide merits discovery until after a ruling on class certification.

Jani-King should be permitted to develop its evidence because if Plaintiffs meet their burden of proving that a franchise owner performed services for Jani-King[4], then Jani-King bears

---

[2] Jani-King addressed the evidence it intends to develop on prongs one and three in its original motion.  (Dkt. 100, at 15-18 and Dkt. 101 (Bundy Declaration).)  Based on the discussion at the March 1, 2010 hearing, Jani-King does not understand plaintiffs to dispute the necessity for classwide merits discovery on those prongs, and it does not understand the Court to have requested further briefing on those prongs.

[3] Jani-King acknowledges that it is in a position to provide this third type of testimony.  It is included here to show the balance of class member and Jani-King employee discovery that must be considered in an expert's opinion on prong two as it applies to franchising.

the burden of proving the three prongs of the ABC test, including that the services performed by franchise owners were outside the "usual course of the business of" Jani-King. Mass. Gen. L. ch. 149, §148B(a)(2); *see Somers v. Converged Access, Inc.*, 454 Mass. 582, 589 (2009) (placing the burden on the putative employer). Because Jani-King will bear this burden, it should be given a fair opportunity to develop the facts necessary to meet it. The discovery rules "demand that the scope of discovery be liberally construed so as to provide both parties with information essential to proper litigation on the facts." *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984).

The evidence that Jani-King intends to develop, moreover, is material to the fact-specific application of prong two that Massachusetts law demands. This Court cannot interpret prong two so broadly as to automatically place all franchisors and their franchise owners in the same "course of business" without making prongs one (control) and three (independent business) superfluous—which would directly contradict the interpretive direction of the Supreme Judicial Court, *see Athol Daily News v. Bd. of Review of the Div. of Empl. & Training*, 439 Mass. 171, 180 (2003), and the Office of the Attorney General of Massachusetts, *see* "An Advisory from the Attorney General's Fair Labor Division on M.G.L. c. 149, s. 148B," Advisory 2008/1 ("[P]rong two should not be construed to include all aspects of a business such that prongs one and three become unnecessary."). There is no indication that the legislature intended prong two to eradicate franchising in Massachusetts by decreeing every franchise owner—whether of a McDonald's, Dunkin' Donuts, H&R Block, Jani-King or any other franchise—to be an employee simply because he or she operates a franchise. Massachusetts courts in other contexts have applied a nuanced test to distinguish franchise owners from employees. *Boulanger v.*

---

[4] Jani-King disputes that Plaintiffs can meet this burden because franchise owners perform services for clients on their own behalf, not for Jani-King. *See* Jani-King's Mem. In Opp. (Dkt. 109) at 6-8.

*Dunkin' Donuts, Inc.*, 442 Mass. 635, 640 (2004); *Coworx Staffing Servs., LLC v. Coleman*, 22 Mass. L. Rptr. 166, 2007 WL 738913, at *5 (Mass. Super. Ct. 2007).  This Court should allow Jani-King to develop the factual record necessary for the Court to understand the division of services that distinguish the roles of franchisors and franchise owners, apply Massachusetts law to that division, and adjudicate whether the commercial cleaning services that Jani-King franchisor owners provide fall outside the usual course of Jani-King's business of selling franchises and supporting its franchise owners' businesses.

## **CONCLUSION**

Jani-King respectfully requests the Court to give it a fair opportunity to develop a factual record to support its theory of defense on Mass. Gen. L. ch. 149, §148B(a)(2), and to deny Plaintiffs' Motion for Summary Judgment (Dkt. 97) without prejudice to them re-filing it after the classwide merits discovery period is completed.

March 23, 2010                              JANI-KING INTERNATIONAL, INC., JANI-KING, INC. and JANI-KING OF BOSTON, INC.,

By their attorneys,

/s/ Kerry L. Bundy
Kerry L. Bundy (Pro hac vice)
Aaron D. Van Oort (Pro hac vice)
Eileen M. Hunter (Pro hac vice)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
(612) 766-1600 (facsimile)

and

Arthur L. Pressman (BBO #643094)
Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000
(617) 345-1300 (facsimile)

Certificate of Service

I hereby certify that this Memorandum in Support of Defendant's Motion for Additional Discovery filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served by regular U.S. mail upon any nonregistered participants on this 23rd day of March, 2010.

/s/ Kerry L. Bundy
Kerry L. Bundy

7