1              UNITED STATES DISTRICT COURT

2               DISTRICT OF MASSACHUSETTS

3                              No. 1:07-cv-10066-MLW

4

5

6  VINCENT De GIOVANNI, on behalf of himself and all other
   similarly-situated individuals,
7              Plaintiffs

8  vs.

9
   JANI-KING INTERNATIONAL, INC., et al,
10             Defendants

11

12                      * * * * * * * * *

13
                       For Hearing Before:
14                 Chief Judge Mark L. Wolf

15
                       Status Conference
16

17                 United States District Court
                   District of Massachusetts (Boston)
18                 One Courthouse Way
                   Boston, Massachusetts 02210
19                 Monday, March 1, 2010

20
                         * * * * * * * *
21

22            REPORTER: RICHARD H. ROMANOW, RPR
                   Official Court Reporter
23              United States District Court
        One Courthouse Way, Room 5200, Boston, MA 02210
24                 bulldog@richromanow.com

25

```
 1                    A P P E A R A N C E S

 2

 3    HILLARY A. SCHWAB, ESQ.
      SHANNON E. LISS-RIORDAN, ESQ
 4        Lichten & Liss-Riordan, P.C.
          100 Cambridge Street, 20th Floor
 5        Boston, Massachusetts 02114
          (617) 994-5800
 6        Email: Hschwab@llrlaw.com
          For plaintiffs

 7

 8    AARON D. van OORT, ESQ.
      KERRY L. BUNDY, ESQ.
 9        Faegre & Benson, LLP
          2200 Wells Fargo Center
10        90 South Seventh Street
          Minneapolis, Minnesota 55402-3901
11        (612) 766-7000
          Email: Avanoort@faegre.com
12   and
      GREGG A. RUBENSTEIN, ESQ.
13        Nixon Peabody, LLP
          100 Summer Street
14        Boston, Massachusetts 02110-2131
          (617) 345-6184
15        Email: Grubenstein@nixonpeabody.com
          For Defendants

16

17

18

19

20

21

22

23

24

25
```

```
 1                P R O C E E D I N G S
 2                (Begins, 2:00 p.m.)
 3                THE CLERK:  Civil Action 07-10066, Vincent De
 4    Giovanni, et al versus Jani-King International,
 5    Incorporated, et al.  The Court is in session.  You may
 6    be seated.
 7                THE COURT:  Good afternoon.  Would counsel
 8    please identify themselves for the Court and for the
 9    record.
10                MS. SCHWAB:  Good afternoon, your Honor,
11    Hillary Schwab appearing on behalf of the plaintiff, and
12    with me is Shannon Liss-Riordan.
13                MR. van OORT:  Good afternoon, your Honor.
14    Aaron van Oort on behalf of Jani-King, and with me is
15    Kerry Bundy and Gregg Rubenstein.
16                THE COURT:  Okay.  This case, as I understand
17    it, was originally assigned to Judge Lindsay and then
18    handled up to a point by Judge Young and, as you now,
19    now it's been assigned to me.  I want to try to get it
20    on track.
21           We've studied the submissions and I think if I let
22    you know what some of my specific questions are, it will
23    get me to the starting line on a more informed basis,
24    and then I'm interested, of course, in hearing from each
25    of you as to how we ought to proceed.  But I didn't see
```

1  an order in the file appointing class counsel in

2  connection with the class certification that Judge Young

3  ordered.  Has there been such an order?

4          MS. SCHWAB:  There hasn't been an explicit

5  order, although the class certification motion proposed

6  us as the as-counsel and the motion was granted.  But

7  there wasn't a specific definition on it.

8          THE COURT:  Okay.  I think that probably has

9  to be memorialized or decided.

10      And then the defendants made a motion to stay the

11  proceedings because of a possible interlocutory appeal,

12  but as I understand, the First Circuit has declined to

13  hear an interlocutory appeal, is that correct?

14          MS. SCHWAB:  That's correct.

15          MR. van OORT:  Your Honor, that's correct.

16  That was one of three reasons why we asked to stay or

17  defer decision on the summary judgment ruling as to the

18  class.  I'm not going to address the other two reasons

19  at this point --

20          THE COURT:  Not right this minute.  I'm just

21  trying to see if I've got the facts right.

22          MR. van OORT:  Yes, your Honor.

23          THE COURT:  Then I think there's a question

24  about the status of the claims that were in the first

25  amended complaint that aren't in the second amended

1     complaint.  Some clarification, I think, would be

2     helpful, certainly to the defendants, as to whether the

3     omitted claims should be regarded as dismissed with

4     prejudice.  I think they're some of the Chapter 93(a)

5     claims that Judge Young decided, with prejudice, should

6     not be certified?

7               MS. SCHWAB:  Your Honor, what happened was

8     after Judge Young's order granted us leave to amend, we

9     amended and omitted the common law claims that he had

10    denied class certification on and focused our 93(a)

11    claim on the excessive fees issue.  And we have

12    communicated with defense counsel on this.  That we are

13    prepared to dismiss with prejudice the common law claims

14    that aren't part of the current complaint.  And so as to

15    the defendants' summary judgment motion, which just

16    focused on the common law claims, that motion is no

17    longer live.

18              THE COURT:  Were there some Chapter 93(a)

19    claims that are not in the second amended complaint as

20    well?

21              MS. SCHWAB:  Um, the Court focused its -- we

22    didn't explicitly -- we had not broken up different

23    types of 93(a) claims, so I wouldn't be prepared, at

24    this point, to say that there are any 93(a) claims that

25    we've withdrawn with prejudice.

1          As to the class certification motion that's

2     pending before your Honor, the renewed motion, that is

3     limited in scope to the class claims that Judge Young

4     dismissed without prejudice, the excessive fees claim.

5               THE COURT:  And does that resolve one of the

6     defendants' concerns?

7               MR. van OORT:  Yeah, it does.  There are still

8     two arguments live in our motion for individual partial

9     summary judgment against one of the named plaintiffs

10    because --

11              THE COURT:  And we're going to get to them.

12              MR. van OORT:  Okay.  But as to the common law

13    claims, we agree, and we were very glad to hear that

14    those were dismissed with prejudice.

15              THE COURT:  All right.  Then -- well, there's

16    also some Chapter 93(a) theories that are, in effect,

17    dismissed with prejudice as well, those that aren't

18    reasserted here.

19              MR. van OORT:  Um, yes, I understood

20    Ms. Schwab to say that the plaintiffs were not agreeing

21    that those theories were dismissed with prejudice?

22              THE COURT:  I think they're not agreeing that

23    their fees and refund theories should be dismissed with

24    prejudice, but if there were other 93(a) claims that

25    Judge Young didn't certify a class on -- and I'm just

1    trying to get this clarified, that those can be

2    regarded, I thought she said, as dismissed with

3    prejudice.

4              MS. SCHWAB:  No -- well, we haven't sought

5    class certification again on the claims that were

6    dismissed with prejudice, the 93(a) claims.  Now,

7    depending on what happens, we still have those claims in

8    there for the individual plaintiffs.  But as I expect of

9    the discussion we'll get into today, the employment

10   claims and the 93(a) claims are pled in the alternative

11   and because of the stage in the proceedings, it's

12   possible that those -- that all the 93(a) related

13   motions would be moot if the Court -- well, depending on

14   when and what the Court's decision was on the employment

15   misclassification claims.

16             THE COURT:  All right.  Now, as I understand

17   it, there were two Chapter 98(3)(a) theories that Judge

18   Young declined to certify a class on, but without

19   prejudice, because he found that the named plaintiffs --

20   well, he didn't have evidence showing that the named

21   plaintiffs were adequate because he didn't have evidence

22   showing that they had suffered the kind of loss that the

23   theory asserted occurred.

24        In the proposed or the second amended complaint --

25   um, the second amended complaint seeks class

1   certification again on the fees claim, I believe, is

2   that correct?

3            MS. SCHWAB:  That's right.  Well, that's the

4   -- the renewed motion for class certification seeks

5   certification on the fees claim and the fees have to do

6   with the excessive fees that are charged to every

7   franchisee, whereas the refunds issue, that was

8   something that would occur in a particular circumstance

9   and it wasn't a circumstance that arose as to the lead

10  plaintiffs.  So that's not part of the renewed class

11  certification motion.

12           THE COURT:  All right.  And what you've done,

13  if I read the submission right, is provide evidence or

14  argument concerning the original named plaintiffs on the

15  Chapter 93(a) fees claim and you add four other

16  plaintiffs who you say were similarly situated and, like

17  everybody else, were charged excessive fees?

18           MS. SCHWAB:  That's right, and we submitted

19  just the franchise agreements and the franchise monthly

20  statements that show the fees being deducted as to all

21  of those proposed lead plaintiffs.

22           THE COURT:  All right.  And does the defendant

23  still contend that, with these clarifications, for

24  example, as to what's been dismissed with prejudice,

25  that class certification -- that leave of court is still

1   necessary for the second amended complaint to be filed

2   and to become the operative document?

3            MR. van OORT:  No, your Honor, that resolves

4   our concerns.

5            THE COURT:  All right.  And do you expect to

6   be contesting whether there should be class

7   certification now on the fees claim now that additional

8   evidence has been provided to support the request for

9   class certification on that theory?

10            MR. van OORT:  Yes, we do expect to oppose

11   that, your Honor.

12            THE COURT:  All right.  And then with regard

13   to the other Chapter 93(a) theories to which I

14   understand Judge Young denied class certification

15   without prejudice, the refund theory is -- as I

16   understand it, there's no motion for class certification

17   on that theory now, is that correct?

18            MS. SCHWAB:  That's correct, your Honor.

19            THE COURT:  And do you have a plaintiff that

20   you say suffered that kind of loss?

21            MS. SCHWAB:  No, none of the six lead

22   plaintiffs suffered that particular refund loss.

23            THE COURT:  And you've asked for discovery, I

24   think, on that claim, is that right?

25            MS. SCHWAB:  We have not been provided with

1  discovery on that on a class-wide basis.  The only

2  discover that we've been provided is as to the lead

3  plaintiffs.  So as to the plaintiffs, both the original

4  two and the four added, we have that discovery, but not

5  as to --

6            THE COURT:  Are you requesting discovery

7  relating to the refund theory on a class basis?

8            MS. SCHWAB:  As part of the class discovery,

9  yes, I expect that we would pursue that.

10            THE COURT:  Okay.  All right.  And is that one

11  of the things the defendant opposes?

12            MR. van OORT:  Yes, your Honor, part of our

13  motion to dismiss the 93(a) claims specifically

14  identifies that refund claim and we ask the Court to

15  dismiss this because no plaintiff has pled facts in

16  support of it.

17            THE COURT:  All right.  The plaintiff has a

18  motion for partial summary judgment, but it seems to me

19  you didn't have a common understanding as to whether

20  that motion was being brought just on individual claims

21  or, as the defendants seem to perceive it, on behalf of

22  the whole class.  The way I read it and understood it,

23  perhaps misunderstood it, the plaintiffs were just

24  asserting -- were just seeking partial summary judgment

25  on individual claims, not on class-wide claims?

1           MS. SCHWAB:  Well, your Honor, the timing of

2   everything, it all happened pretty close together.  We

3   moved for class certification and the class

4   certification motion was granted in September and the

5   deadline for summary judgment, the deadline that had

6   always -- or for several months had been in place for

7   summary judgment was October 1st.  So at the time we

8   moved for summary judgment, the class had been certified

9   on that claim, on the employment misclassification

10  claim.

11          Um, your Honor, I think, coming into today,

12  looking at the different motions that are pending before

13  the Court, our focus is that given that the case is

14  farther along as to the employment misclassification

15  claims, the judge has granted class certification as to

16  those claims, and given that those claims are pled in

17  the alternative to the 93(a) claim, it's our position

18  that it makes sense for the Court to hear the summary

19  judgment motion first, um, we would posit, on a class-

20  wide basis, but in the alternative it could be

21  considered even just as to the individual-named

22  plaintiffs.

23          If the Court were to grant that motion, um, it

24  might lead to the -- if it were granted on a class-wide

25  basis, it would lead to a withdrawal of our motion for

1    class certification on the 93(a) claim.  We wouldn't

2    pursue the 93(a) claims because, of course, under

3    Massachusetts law, we couldn't, we would just go forward

4    on a trial of damages on the 148(b), the employment

5    misclassification claims.  Alternatively, if the Court

6    were to issue a ruling on the 148(b) claims, either as

7    to the individuals or highlighting the factual issues

8    for trial, that would, in my opinion, put us in the best

9    position to talk seriously about resolution of the case

10   with the defendants.  I mean, we're at a cross-roads

11   here where we're either committing to 148(b) or

12   committing to 93(a), depending on the Court's ruling.

13              THE COURT:  Why couldn't you proceed on both?

14              MS. SCHWAB:  Well, we could if the Court were

15   not to grant -- if the Court were to grant us summary

16   judgment as to liability, that would be a finding that

17   their employees -- at that point we could not pursue the

18   93(a) claims.  We would have to go forward under 148(b).

19              THE COURT:  Why is that?  I just haven't got

20   into the underlying law.

21              MS. SCHWAB:  The way 93(a) works is that under

22   Massachusetts law, you can only bring a 93(a) claim on

23   behalf of a "consumer," broadly defined.  But

24   Massachusetts courts are explicit that you cannot bring

25   93(a) claims on behalf of employees.  We concede that

1    point.  And so the pleadings were in the alternative.

2        If they're employees, they have no 93(a) claim,

3    but the scope of damages under both claims, as

4    encapsulated in Judge Young's order, would be

5    comparable.  So if the Court made a determination that

6    they're employees, that's it, we go under 148(b) and the

7    93(a) motions would be moot.

8            THE COURT:  And the motion for partial summary

9    judgment addresses largely claims that were drawn in the

10    second amended complaint, it seems, the common law

11    claims?

12            MS. SCHWAB:  The defendants' motion?

13            THE COURT:  I thought it was your motion?

14            MS. SCHWAB:  No, the defendants made a motion

15    for summary judgment as to the common law claims.

16            THE COURT:  I see.

17            MS. SCHWAB:  But the plaintiffs' motion is

18    just the 148(b) employment misclassification claim.

19            THE COURT:  All right.  Well, I always like to

20    start by telling you what my tentative views are, and

21    they're particularly tentative here because I'm trying

22    to catch a moving train.  These clarifications are

23    helpful, but my tentative thoughts are essentially as

24    follows.

25        I feel I -- it is probably most appropriate to

1    complete class certification and to deal with the motion

2    to dismiss the two 93(a) claims.  That -- well, that is

3    sort of a corollary of the class certification motion, I

4    think.

5        I'm inclined, with regard to the fees claim, to

6    focus only on the adequacy of the named plaintiffs.  Now

7    there's additional information.  I'm not inclined, under

8    the law-of-the-case doctrine, to go back and relitigate

9    everything that Judge Young decided in favor of the

10   plaintiffs.

11       With regard to the so-called "refund claims," um,

12   I'm not inclined to certify those.  I -- there's no

13   additional evidence, as I understand it now on that, and

14   I don't -- well, the idea of a class action, at least

15   theoretically, you know, is that some injured individual

16   goes and finds a lawyer, not that the lawyer, through

17   discovery, anyway, goes out and finds some allegedly

18   injured individual.

19       I'm inclined to deny the pending summary judgment

20   motions without prejudice to have notice and an

21   opportunity to opt out be sent to the class, as it's

22   finally certified, to simultaneously proceed toward the

23   completion of discovery on all claims.  I ordinarily

24   wouldn't hear a motion for summary judgment -- well,

25   frequently I wouldn't hear a motion for summary

1    judgment, particularly over the defendants' or the

2    plaintiffs' objection, um, until the end of all

3    discovery.  And the present posture of this case

4    involves some of the more conventional concerns that

5    class members shouldn't know in advance whether

6    liability is going to be established or not, they should

7    know they're in the class and make a decision as to

8    whether to stay or to opt out.

9         Now, in cases like this, though, I have done

10   summary judgment on something of a test basis and, in

11   certain cases, on an individual basis, but I think where

12   I did that most recently, in *DePianti*, the defendant was

13   asking that that be done.

14        So my very tentative thinking is that I will have

15   -- um, I will decide the scope of the class

16   certification, have notice sent out, complete discovery

17   on all the claims, and will address summary judgment if

18   that's an appropriate motion for any party to file when

19   discovery's complete, and also, sometime today, talk to

20   you about some process for trying to settle the case.

21        So with those tentative thoughts, I don't know

22   which of you wants to go first.

23             MS. SCHWAB:  Well, your Honor, I just, um -- I

24   would ask the Court to consider, on this issue of

25   148(b), um, in comparison to Chapter 93(a), which I

1    understand the Court did not focus on in thinking about

2    the schedule for the case, that if the Court were to --

3    I urge the Court to consider the summary judgment motion

4    on 148(b) first either as to the individual lead

5    plaintiffs, which is something that could be done

6    regardless of the class certification issues, or as to

7    the class.

8         This case doesn't present the typical one-way

9    intervention problem cited by the defendants because

10   this isn't an issue of them -- of class members hanging

11   back and seeing if this is a case that's going to get

12   thrown out or a case that's going to go forward.  The

13   question is, is there going to be a trial on liability

14   and damages or is there going to be a trial just on

15   damages?  It's not a typical one-way intervention issue

16   and it really, I think, just comes down to a case-

17   management issue with the Court.

18              THE COURT:  Well, why is that?  The defendants

19   think they're going to win on summary judgment on

20   liability.

21              MS. SCHWAB:  They didn't move for summary

22   judgment yet.

23              THE COURT:  Well, they haven't moved yet.

24              MS. SCHWAB:  They --

25              THE COURT:  I mean, tell me, but I -- I mean,

```
 1    different judges, I know, operate in different ways.  If
 2    you saw my standard scheduling order, you'd see that
 3    there are no motions for partial summary judgment or for
 4    summary judgment before the end of discovery without
 5    leave of court.
 6            MS. SCHWAB:  And, your Honor, the deadline
 7    passed for the parties to file motions for summary
 8    judgment last October, but they did choose to file a
 9    motion for partial summary judgment on the common law
10    claim, and since then they chose to file a motion to
11    dismiss on the 93(a) claims.  They've never filed a
12    motion for summary judgment nor did they oppose our
13    motion for summary judgment as a cross-motion.
14            THE COURT:  What does -- there's a Rule 56(f)
15    request that's been made, I think, by the defendants?
16            MS. SCHWAB:  Well, in their emergency motion
17    for a stay, which was now filed four months ago, so to
18    the extent that they requested discovery in that motion,
19    it hasn't been pursued.  But, in any event, in that
20    motion they raised the 56(f) issue as to the 148(b)
21    employee misclassification claims.  However, if you look
22    at our motion and their opposition to our motion, in our
23    motion for summary judgment, we're relying only on
24    information that's in Jani-King's possession.
25            The central focus -- there are three prongs of the
```

1    employment misclassification statute and all three of

2    which have to be met in order for a company to meet its

3    burden to classify its -- to classify itself as

4    independent contractors.  Under Prong 2 --

5              THE COURT:  What are the three prongs?

6              MS. SCHWAB:  The three prongs?  The first is

7    the individual is free from control and direction in

8    connection with the performance of the service.  Prong

9    2, the service is performed outside the usual course of

10   business of the employer.  3, the individual is

11   customarily engaged in an independently-established

12   trade or occupation.

13        Focusing on Prong 2, first, the usual course of

14   business of the employer, the only issue for that prong

15   is what is the usual course of business of Jani-King?

16   We've presented their own representations both to

17   clients and potential clients on their websites and the

18   documents that they put forward to the cleaning clients

19   that they solicit in which they say, "We're the world's

20   largest cleaning company."  The work that's performed by

21   these so-called "franchisees" is that cleaning work and

22   without the work of the franchisees, the company

23   wouldn't exist.  The only purpose of the company is to

24   provide these cleaning services.

25        Now, Jani-King says, "No, we're not a cleaning

1    company, we're a franchise company that sells cleaning

2    franchises," and this is the exact argument that has

3    been rejected by other Massachusetts courts that have

4    granted summary judgment for plaintiffs.  There was a

5    case against Eastern Connection Courier Company where

6    they classified their couriers as independent

7    contractors and they said, "We're not a courier company,

8    we're a marketing logistics company," but the Court saw

9    the company for what it was.  It employed couriers.  It

10   sold courier services to customers.  It wouldn't exist

11   without courier services provided by its so-called

12   "independent contractors."

13        Similarly, there was a case, **_Suavez vs. King_**

14   **_Arthur's Lounge_**, and in that case the -- it was a case

15   brought on behalf of exotic dancers.  And in that case

16   the company said, "We're a bar.  It just happens that

17   there are some exotic dancers here, but really we're all

18   about selling alcohol.  It just happens that there are

19   exotic dancers here."  And again the Court saw the

20   company for what it was and said, "No, the usual course

21   of business of this company is to be a strip club and

22   the strippers, the exotic dancers, are performing the

23   work in the usual course of business," and they granted

24   summary judgment under 148(b).

25        Um, the Prong 3, the individual is customarily

1    engaged in an independently-established trade, this

2    prong was considered by the Mass. SJC in a case

3    involving Coverall, which is another cleaning franchise

4    company that we have a similar case pending against,

5    similar also to the **DePiante v. Jan-Pro** case.  In that

6    case the Court found for purposes of granting

7    unemployment insurance to a so-called "franchisee," that

8    the worker had performed work -- that was customarily --

9    that was not customarily engaged in an independently-

10   established trade, the only work that she performed was

11   for Coverall.

12        Now, as we explained in our briefing here, Jani-

13   King has a noncompete.  If you do work for Jani-King,

14   you cannot do work for any other company.  And Jani-King

15   reports, "Well, we encourage them to grow their

16   business."  But any growth of an individual franchisee's

17   business is also a growth of Jani-King's business.  So

18   if you get a new client, it becomes Jani-King's client

19   and Jani-King continues to deduct the same fees that it

20   would deduct from a client that Jani-King solicits for

21   you.

22        So just by the fact that they have this

23   noncompete, you can't do work outside of Jani-King's

24   business.  So under Prong 3, just based on the way Jani-

25   King is structured, looking at its own documents, the

1    plaintiff should be entitled to summary judgment.

2            THE COURT:  The -- well, it's just a

3    consequence of this having been through three judges,

4    because if this had been my case, you wouldn't have had

5    a deadline for completing discovery ordinarily until

6    after class certification was decided, but was there a

7    deadline for completing all discovery established by

8    Judge Lindsay or Judge Young?

9            MS. SCHWAB:  There was a discovery deadline

10   put into place, but I think both parties agree that,

11   with the class certification order occurring after the

12   close of discovery, that there's necessarily some

13   additional class-wide discovery.  But, your Honor, on

14   that point --

15           THE COURT:  Yes.  And you may have anticipated

16   the question, but we could be sure of that, so I'll

17   express it, but, um, the thing I'm wrestling with is why

18   should I have you brief and invest time in deciding a

19   summary judgment motion before all discovery is

20   complete?

21           MS. SCHWAB:  Well, your Honor, the only

22   discovery that would go on, at this point, would be --

23   well, there's no discovery that's necessary for our

24   motion.  We filed our motion based on Jani-King's own

25   representation and how it does its business.  If the

1    Court looks at that motion and says, "Well, you know,

2    there are really fact issues here," then the case would

3    go to trial on the 148(b) claim.  We relied on Jani-

4    King's own documentation and its own business structure

5    and that's all that the Court needs to look at to

6    determine summary judgment on that claim.

7           The reason, though, that we're proposing that the

8    summary judgment motion be heard first is because it's

9    by far the most efficient for us.  It would potentially

10   moot out the two other substantive pending motions, the

11   renewed class cert. motion, and Jani-King's motion to

12   dismiss.  And additionally, as to the --

13          THE COURT:  Jani-King's motion to dismiss

14   what?

15          MS. SCHWAB:  Jani-King's motion to dismiss the

16   second amended -- the 93(a) claims in the second amended

17   complaint, which focuses only on 93(a).  If the Court

18   were to say, "No class discovery should go forward

19   first," then Jani-King would be obligated to produce to

20   us the files of every single franchisee who's performed

21   work in Massachusetts during the statutory period and

22   all of its clients in Massachusetts.

23          THE COURT:  You say if no discovery, they

24   would have to give you this?

25          MS. SCHWAB:  No, if we went forward with the

1   scheduling that the Court was just discussing where we

2   do class discovery prior to ruling on the substantive

3   motion, that would be an incredibly voluminous and

4   burdensome discovery production on the part of Jani-

5   King.  Whereas if the Court makes this determination as

6   to the 148(b) claim, and we submit you have all the

7   information before you to do that, the motions would

8   potentially be mooted out, the parties would be in

9   position to know exactly what the scope of this case is,

10  what a trial would look like, and could roll up their

11  sleeves and see if they could resolve the case at that

12  point prior to engaging in all of this expensive and

13  voluminous discovery.

14          THE COURT:  And Judge Young certified the

15  class on the 148(b)?

16          MS. SCHWAB:  On the 148(b) employment

17  misclassification, yes.

18          THE COURT:  So you say that's ripe for

19  resolution on a class-wide basis?

20          MS. SCHWAB:  Yes.  Um, your Honor, I just

21  wanted to --

22          THE COURT:  Well, do you understand the

23  defendant to be arguing that they need more discovery

24  for that?

25          MS. SCHWAB:  I do, and it's our position that

1    given the way the statute is worded, given the fact that

2    if you fail on Prong 2, if your usual course of business

3    is cleaning work, that's enough for us to get summary

4    judgment.  We feel strongly that -- on the record that

5    was presented by the parties on summary judgment, that

6    was all the Court needs.

7        Your Honor, I just want to make one other point as

8    to the *Coverall* case, which I mentioned before.  There

9    was a Coverall case at the SJC where the SJC ruled, as a

10   matter of law, that this so-called "franchisee" was an

11   employee.  But also there is another Coverall case

12   pending before Judge Young --

13       THE COURT:  There was a Coverall case pending

14   before me.

15       MS. SCHWAB:  I know that individual case.

16       THE COURT:  Well, it was a putative class

17   action.

18       MS. SCHWAB:  It was.  It ultimately got

19   settled out on an individual basis.

20       The Judge Young case -- the Coverall case that's

21   pending before Judge Young also has a motion for partial

22   summary judgment on the 148(b) claim and at a recent

23   hearing, where Judge Young heard that motion, he stated

24   on the record, um, that he was planning on issuing a

25   decision and attempted to grant that motion.  The

1    decision hasn't come out yet, but that was Judge Young's

2    indication on the record on his review of a similar

3    issue in a nearly identical case.

4              THE COURT:  And why shouldn't you be required

5    to give notice to the class and have people opt out

6    before summary judgment is decided?

7              MS. SCHWAB:  Well, your Honor, I think given

8    that the issue before the Court is not do I throw out

9    this claim or does the claim go forward, but just

10   whether it's going to be a trial on liability and

11   damages or just on damages?  And so I don't think it's

12   necessary for the Court or for us to go through the

13   class discovery and the op-out period at this time.  I

14   think there may be --

15             THE COURT:  Well, no, there wouldn't be class

16   discovery.  Ordinarily you'd get class certification --

17   I mean, there wouldn't be what I think you're calling

18   "class discovery."  You'd -- Judge Young certified the

19   class.  Ordinarily if I certify a class, at the same

20   time I set up a schedule for the notice to go out and an

21   opt-out period, and then the parties are doing discovery

22   going toward trial and perhaps a motion for summary

23   judgment, but the people who are in the class know

24   they're in the class, they just don't have a ruling yet

25   on liability.

1          MS. SCHWAB:  Right.  Well, at this point,

2     before opt-out notice could go out, the judge would have

3     to decide the pending renewed motion for class

4     certification on the Chapter 93(a) claim to determine

5     the scope of the class.

6          THE COURT:  Right.

7          MS. SCHWAB:  Then notice would have to go out

8     to the class informing them of these two alternate

9     theories of recovery, one of which would potentially

10    moot out the other.  Alternatively, the Court could

11    decide this one motion on liability and potentially do

12    away with having to decide those subsequent motions,

13    also potentially assuring a clearer and more

14    understandable notice to the class.  And I think from a

15    case management perspective, this is a discretionary

16    decision that the Court can make about what makes more

17    sense in a particular case.

18          THE COURT:  I agree with that, okay, that it's

19    my discretion and that's why we're doing it, I think.

20        Well, what would the defendant like to say on

21    this?

22          MR. van OORT:  Thank you, your Honor.  As you

23    can imagine, I disagree with many of the things that

24    Miss Schwab said.

25        If I may approach, we sketched out what we thought

1    an order of the events would be and it's very similar to

2    what your Honor specified.  If I may approach?  And we

3    can work off of this and we can give a copy of this to

4    you and give a copy to the plaintiff.

5              THE COURT:  Okay.  Do you have two of those by

6    any chance?

7              MR. van OORT:  I do.

8              (Hands up.)

9              MR. van OORT:  As we walk through here, your

10   Honor, we thought the order of the events would be

11   almost exactly what your Honor described, which is that

12   the first thing we ought to do is we have to figure out

13   what the class is and what claims are in it and who's in

14   it.  To do that, we proposed deciding the Rule 93(a)

15   motion to dismiss and the motion for certification of

16   the 93(a) claims.  There is also an issue regarding the

17   scope of the independent contractor employee class,

18   specifically whether it includes only franchise owners.

19   Also, that and --

20             THE COURT:  Or franchisees and their

21   employees?

22             MR. van OORT:  Yes.  Yes.  And that's an

23   issue.  Your Honor, two of the other pieces of paper in

24   front of you address that.  The second piece of paper

25   just sketches out what the contractual relationship

1    looks like.

2        The way the franchising works for Jani-King in

3    Massachusetts is that Jani-King of Boston enters into

4    franchise agreements with franchise owners, and you know

5    this from the other cases, and then those --

6        THE COURT:  Two things.  First of all, I can't

7    rely on what I know from other cases, because I think

8    they have different defendants and they may operate in

9    different ways.  That's one.  And, two, I have hundreds

10   of cases.  I try to get emersed in things when I'm

11   deciding them, but you can't rely on my remembering many

12   months later exactly what was a feature of another case.

13       MR. van OORT:  Point well taken, your Honor.

14       So in this case the way the structure of Jani-King

15   works is Jani-King of Boston sells franchises to people

16   who want to buy them and to operate a commercial

17   cleaning business and those franchise owners enter

18   contracts with Jani-King that provide a number of

19   things, including for some of the fees that you've heard

20   about, and providing that franchise owners have the

21   right to generate their own business for the franchise,

22   that they have the right to hire people to do the work

23   and to staff it as they please.  Jani-King has no idea

24   who they hire or if they hire people or what the terms

25   of those agreements are and Jani-King doesn't supervise

 1    them and Jani-King also doesn't pay those people.

 2    Payroll is conducted by the franchise owner.  They

 3    operate like a business.

 4        And so when the original motions for class

 5    certification were filed, the plaintiffs' motion talked

 6    expressly about the franchise owners and said their

 7    argument is that as to those owners, you can decide the

 8    prongs of the employment test just based on the

 9    contracts.  And so they talked about the owners and

10    Jani-King defended against the owners, and we've put

11    together, on the third sheet, just quotes from this.

12    Judge Young, we think, thought the class was limited to

13    owners, because that was the ground on which plaintiffs

14    argued that they could establish control on a class-wide

15    basis, is these contracts.

16        There is no named plaintiff who is not a franchise

17    owner.  There is no briefing on whether or not a

18    franchise owner could state these claims.  There was no

19    argument on whether they're common or any of those

20    things.  And Judge Young doesn't discuss the nonowners

21    in his certification decision.

22        So we think the status right now is that it's

23    limited to owners.  We don't know if plaintiffs intend

24    to try to push at that next step down to the people that

25    we don't know who they are.

1          THE COURT:  Well, let's ask.

2          MS. SCHWAB:  Sorry?

3          THE COURT:  Are the employees of the

4     franchisees, in your view, in the class certified by

5     Judge Young or the class you aim to have me certify?

6          MS. SCHWAB:  Well, your Honor, the definition

7     of the class that Judge Young set forth is a class of

8     all individuals who have performed cleaning work for

9     Jani-King in Massachusetts at any time since January

10    12th, 2004.

11         THE COURT:  So does that include the employees

12    as well as the franchisees?

13         MS. SCHWAB:  I believe that would include

14    anybody who's performing work at a Jani-King client.

15    So, yes, it -- you know, I'd just note that the

16    description by Jani-King's counsel of how the business

17    worked is not on the ground of how it works, but if

18    there's somebody who doesn't have a franchise contract,

19    but is cleaning for a Jani-King, and I do believe that

20    that would be encompassed in Judge Young's class

21    certification definition --

22         THE COURT:  And is there any named plaintiff

23    who didn't have a franchise but cleaned for somebody who

24    did have a franchise?

25         MS. SCHWAB:  No, all of the named plaintiffs

1    are people who have a direct franchise relationship with

2    Jani-King.

3         Um, your Honor, one alternative, picking up on

4    what I was discussing before in --

5              THE COURT:  Well, I want to let him finish.

6    I'm just trying to clarify his position.  You'll get --

7    I'll hear from you.

8              MS. SCHWAB:  Okay.

9              MR. van OORT:  Um, so to pick up the train of

10   thought in terms of the order of events, you know, we

11   thought you ought to decide the motion to dismiss, you

12   ought to decide the 93(a) certification, and it sounds

13   like there's an issue now as to the scope of the class,

14   so we ought to submit something to your Honor and decide

15   what the status of that is.

16        After that, as we outlined in our schedule and as

17   you initially summarized, we think there should be a

18   class notice and opt-out period, because our

19   understanding of the First Circuit law -- and it's not

20   just the First Circuit, it's the United States Supreme

21   Court and the district here, which says that you cannot

22   decide class-wide summary judgment until there's been

23   notice and a chance to op out, because of the

24   unfairness.

25              THE COURT:  It says you cannot or usually you

1    shouldn't?

2              MR. van OORT:  Cannot.  Here's the exception.

3              THE COURT:  Which case says you cannot?

4              MR. van OORT:  Here's the exception.  The

5    First Circuit case that we cited and the *American Pipe*

6    Case, in our brief, they're both -- um, the First

7    Circuit case is *Pirkoff* and the Supreme Court case is

8    *American Pipe*.

9         There is one exception where courts have decided

10   summary judgment before class certification and that

11   situation is where one of the parties waives the right

12   to bind the class.  That is, a defendant can say, "Your

13   Honor, I'd rather just move forward with summary

14   judgment and I agree I can't bind the class."  So that's

15   what Jani-King has done with Mr. De Giovanni, the named

16   plaintiff.  We've said, "He signed a release with us and

17   released all these claims," and so we'd prefer just to

18   move for summary judgment against him.  And knowing --

19   we say that knowing that once we moved first, before

20   notice and opt out, we can't bind the class.  We're done

21   as an individual thing.

22        And plaintiffs can make the same decision, they

23   can move early, but you waive the right to bind the

24   class, if you do that.  And then you can't come back

25   later, after you've won, and say, "Okay, and now we're

going to do a class," later, because that's the
unfairness of the one-way intervention.  Class members
can't sit on the sidelines and wait to find out whether
they've already won or lost on the merits and only then
decide whether they're in or out.

        And that's why when Ms. Schwab was saying that
this situation is not a situation in which one-way
intervention is implicated, because we're just deciding
whether there's going to be liability or damages, that
that's precisely the situation where you can't do this,
because you can't decide liability first and then send a
notice to the class members saying, "Hey, guess what?
You've already won.  Would you like to be part of the
class?"  The class has to be able to win as well as
lose.

        The two cases, your Honor, that the plaintiffs
cite for the proposition that you can do summary
judgment first, both of those cases -- and one is the
*Santana* case from this court and the other is the
*Ramirez* case from the District of Maine.  But both of
those cases involve the situation I just outlined for
you where the defendant moved for summary judgment,
conceded that it was individual, and then once the
defendant won, the court denied class certification
because it was moot.

 1             THE COURT:  Hold on just a second.

 2             (Pause.)

 3             THE COURT:  All right.  I think there are a

 4    few cases that the parties didn't cite that, um, are

 5    relevant.  I have to consider the implications of **One's**

 6    **Waste Management Holdings**, 208 F. 3rd 288 at 298, Note

 7    7, where the First Circuit noted that:  "A delay in a

 8    class certification ruling until after acting upon an

 9    individual plaintiff's summary judgment motion raises

10    serious questions and urged district courts to exercise

11    caution before deciding to embrace that sequence,"

12    although "The Manual on Complex Litigation" discusses

13    doing that in certain circumstances.  So I'll take a

14    look at it before I decide anything.

15        You know, whether it's imprudent or whether it's

16    impermissible are two different questions, and you're

17    telling me that I've been instructed that it's

18    impermissible in the circumstances of this case?

19             MR. van OORT:  Your Honor, it's my

20    understanding -- and I'm not familiar with **Mobray** and

21    with "The Manual for Complex Litigation," and with the

22    cases cited there, but my understanding of the cases is

23    that courts have gone ahead with the plaintiff's side

24    motion for class-wide summary judgment, but only when

25    the defendant has consented to it or has waived

1    objections.  The only other time that I'm aware of where

2    courts have proceeded with summary judgment first is

3    when it's a defendant conceding that it's just

4    individual.

5         Apart from that, I don't think there are cases

6    saying that it's permissible to do what the plaintiffs

7    are proposing here, which is to allow basically a free

8    shot on goal and decide the merits while the class

9    members sit out and review what happens.  But your Honor

10   is right in terms of the way the courts have expressed

11   caution about that.  But I think that's what you'll

12   find, and you may already have found, when you go

13   through the case law, that those are the two situations

14   where a defendant has conceded, like it sounds like the

15   defendant in *Jan-Pro* has here, or it looked like from

16   the docket they had, or where a defendant has moved and

17   they concede that it's individual.

18        So with that, I -- unless your Honor has further

19   questions on that, that seems to flesh out the notice

20   and opt-out issue.

21             THE COURT:  Okay.  Why don't you go ahead.

22             MR. van OORT:  The other basis that we had

23   advanced for why the Court should defer decision on

24   class-wide summary judgment now is the Rule 56(f) basis,

25   and the basis of that is, as Ms. Schwab said, the

1    plaintiffs and the defendants agreed that we would not

2    conduct discovery into the merits of the class claims

3    until we had a ruling on class certification so we'd

4    know what if any claims were in and what the class was.

5    That was our agreement.  So we haven't done that

6    discovery and we need it to oppose.  And I'm not just

7    going to leave it vague like that.  There are things

8    that we think are material to the test of Section 148

9    that Jani-King can usefully do and will do in this

10   discovery period.

11       If the class really does include all of our

12   franchise owners, we think we need to go and depose them

13   and get information from them showing the extent to

14   which they build their own businesses, um, including the

15   employees that they hire, and the terms and the

16   supervision.  The fact that the franchise owners

17   themselves sometimes don't do any of the work, which

18   doesn't sound like an "employee," they delegate it out

19   and that's material in the control.  The fact that they

20   have set up their business and done tax deductions as

21   businesses and deducted their payroll as business

22   expenses and their equipment and supplies as business

23   expenses.  And the extent to which they control their

24   own businesses, that Jani-King is not there supervising

25   day-to-day, because Jani-King, frankly, your Honor,

doesn't have nearly enough employees to do that for the
hundreds of franchises it has.  It would be impossible
for Jani-King to act like an employer usually acts and
supervise, and we can prove that by going and doing
discovery from these people.  The proposed class,
depending on the time limit, would include between 300
and 400 franchisees.

Um, we, your Honor, would like to go out and will
plan to just sort of take discovery to show the
diversity within that.  And Judge Young recognized that
even on the record he had, which wasn't conducted for
the full class, that showed a wide degree of diversity
among the franchise owners, and that's what we'd
establish.

Of course, if it turns out that workers are in the
class -- and we don't think they are, nobody has done
any discovery on that.  There are no depositions, no
document requests, no interrogatories.  Nothing.  So we
would be starting completely from scratch on that and we
would need to do that.

So because that's the ordinary sequence of events
and because that's what Rule 56 perhaps provides, um, we
believe that the right sequence is exactly the one that
your Honor outlined at the beginning, which is now to
settle the class, do notice and opt out, do class

```
 1    discovery, and then on the schedule that we've put
 2    before you, and we have a red hash toward the end of the
 3    discovery period where we think it would be appropriate
 4    to order a mediation deadline after the parties have
 5    been able to develop this, um, we're open to talking
 6    with your Honor and with plaintiffs about what the right
 7    structure of alternative dispute is and we think
 8    mediation would be an appropriate way.  Um, and after
 9    that will come dispositive motions, your Honor, if
10    they're appropriate, and then a trial.
11              THE COURT:  Is mediation or some effort to
12    settle premature now?
13              MR. van OORT:  Your Honor, we have had
14    preliminary conversations with the plaintiffs, but they
15    have not proceeded beyond a conceptual stage and we
16    think that resolving the scope of the class and the
17    93(a) claims would really be helpful to this, and also
18    allowing us to proceed forward with the experts in the
19    fact discovery that we're seeking, to point out the
20    variety, because -- well, anyway.
21         Your Honor, we think that we would be better
22    served by proceeding forward with some fact development.
23              THE COURT:  Okay.
24              MR. van OORT:  May I address one thing, your
25    Honor, that Ms. Schwab said about the efficiency of
```

1    proceeding this way versus the other way?

2              THE COURT:  Yes.

3              MR. van OORT:  Ms. Schwab had said that if we

4    have to go ahead and do class discovery now, Jani-King

5    will have to produce all of the files for all like 400

6    people and do all of that.  I don't see how that would

7    happen because I think, your Honor, that it's conceded

8    here that there are -- even though a class has been

9    certified, not all the issues are common issues.  So

10   even after a class trial, there's going to be another

11   stage of proceedings where we're going to have to

12   resolve the individual issues.

13        In the plaintiffs' class certification brief, they

14   dropped a footnote and said this, they said, you know,

15   whether anybody actually worked overtime, whether they

16   were actually paid the minimum wage, and those are

17   individual things that are going to require discovery

18   and adjudication for every single person.  And our

19   understanding, your Honor, and the way that I've seen

20   this happen before and I think it's the most efficient,

21   is that you go to trial on the class issues.  Here if

22   the class continues, that will be the question of

23   whether they're independent contractors or employees.

24   And only and after you've resolved that, do you do the

25   individual discovery for all 400 people in all those

individual proceedings, if necessary, because if the class trial turns out that they're independent contractors, then you don't need to do that and we don't want to do that.

And so for efficiency, this discovery period we've focused just on the common issues and, you know, in connection with the notice and opt out in 56(f) and we think that's the right way to go at it.

MS. SCHWAB: Your Honor, um, I point out that the schedule proposed by the defendant has everything that the defendant wants to accomplish in the case, including, first on the 93(a) claim, they ask that the motion to dismiss be heard first. Although that raises the exact one-way intervention issue that they're claiming.

THE COURT: Well, I think it might be necessary -- you know, my tentative view was that the motion to dismiss was closely related to the motion for class certification, it's sort of an expanded class on 93(a), so.

MS. SCHWAB: But, your Honor, I just want to comment very briefly on one-way intervention because clearly your Honor understands the state of the law and we've talked back and forth on it.

The First Circuit doesn't have a lot of case law

1    on one-way intervention and there isn't any statement

2    out there that a court is not permitted to try cases as

3    is most efficient and makes most sense in that

4    particular case.  And the **Pirkoff** case, as cited by the

5    defendant, as I explained in our brief, how that case

6    does not stand for the proposition the defendant says

7    that it does.  But in any event, I'd like to point your

8    Honor more to the uniqueness of this case as opposed to

9    other cases that face class certification.

10        As I was explaining before, there are two

11   different tracks this case could go down on the

12   independent contractor misclassification claim.  If your

13   Honor were to -- the class has already been certified.

14   There's a class certified on that claim.  If your Honor

15   were to rule in our favor on summary judgment, as other

16   Massachusetts courts have done, the other motions

17   pending would be moot, they would not need to be decided

18   at all.  The case would go forward on independent

19   contractor misclassification alone.  I think that issue,

20   in this case, the fact that these claims are pled in the

21   alternative and the 93(a) claims would be dead if this

22   court determined that the Jani-King -- the people

23   performing the cleaning work for Jani-King were

24   employees under 148(b), that necessitates hearing that

25   issue first.

1          Also, as to the --

2               THE COURT:  I don't think it necessitates it,

3     but you say it weighs in favor of it.

4               MS. SCHWAB:  Yes, your Honor, it weighs in

5     favor of it.

6               THE COURT:  Okay.  But would the scope of

7     discovery be any greater if the 93(a) claims were in

8     or --

9               MS. SCHWAB:  No, I believe that the scope

10    would be similar, although on the -- I'd just like to

11    point to the issue raised by the 56(f) issue.  All of

12    the arguments the defendants were raising about the

13    information that they would attempt to elicit during

14    discovery go to Prong 1 or Prong 3 of 148(b).  None of

15    them address the --

16              THE COURT:  What is Prong 1?

17              MS. SCHWAB:  Prong 1?  I'm sorry.  These are

18    just, um -- Prong 1 is the individual's free from

19    control and direction.  And Prong 2 is the individual's

20    customarily engaged in an independently established --

21    no, that's Prong 3.  Sorry.  Is engaged in an

22    independently-established trade.  Prong 2 is that the

23    work -- is that the service is performed outside the

24    usual course of business of the employer.

25          Prong 2 is all that we need in order to get

1    summary judgment.  If the Court finds that the usual

2    course of business is the janitorial commercial cleaning

3    work that's provided by these franchisees, that's it,

4    you don't need to look at the control, you don't need to

5    look at how each individual franchisee structures their

6    cleaning --

7            THE COURT:  Why -- has the defendant had any

8    discovery on that from the plaintiffs?

9            MS. SCHWAB:  No, but there's no discovery that

10   the defendants --

11           THE COURT:  No, there is.  See, you say you're

12   happy to rely or you want to rely on their documents,

13   but their documents may not -- they're not happy to rely

14   on their documents.  Their documents may not fully and

15   fairly describe everything and there may be information

16   the plaintiffs have that would at least put a material

17   fact on Prong 2 in dispute.

18           MS. SCHWAB:  Well, but the question on Prong 2

19   is what is the usual course of business of Jani-King?

20   That's the only question on Prong 2.

21           THE COURT:  No, you have to -- no.  Read me

22   Prong 2, again, please.

23           MS. SCHWAB:  "The service is performed outside

24   the usual course of business of the" --

25           THE COURT:  Don't you have to know how the

1    employee or the franchisees work?

2              MS. SCHWAB:  No, because the service is the

3    cleaning work.  The service that the franchisees perform

4    is they do the cleaning.  Their responsibility is to do

5    the cleaning.  If that cleaning is in the usual course

6    of business of Jani-King, that's all that's required for

7    Prong 2.  And what defense counsel was saying about the

8    information that they need about how they build their

9    businesses, who does the work, who doesn't, that all

10   goes to the issues of whether the individuals are free

11   from control or how these individual businesses work.

12   Now --

13             THE COURT:  Is it the plaintiffs'

14   responsibility to prove all three prongs?

15             MS. SCHWAB:  It's the defense's burden.

16             THE COURT:  Oh, it's the defense's.

17             MS. SCHWAB:  It's the company's burden to

18   prove that they satisfied all three prongs.

19             THE COURT:  Okay.

20             MS. SCHWAB:  Um, so, your Honor, because this

21   is such an unusual case where we have this one claim

22   that's already been certified that could dispose of all

23   the other outstanding motions --

24             THE COURT:  Is there conceivably a kind of a

25   hybrid -- because, again, I'm trying to catch a moving

1    train.  One, I could complete the class certification,

2    maybe next month, for example, if it's fully briefed,

3    and then, when I'm a little more emersed in this, decide

4    where to go from there.  In other words, decide whether

5    any discovery is necessary or appropriate on Prong 2 and

6    whether it makes sense to, you know, address your motion

7    on Prong 2, as it's now written, or slightly revised,

8    before doing broader discovery.

9            MS. SCHWAB:  Well, your Honor -- and I think

10   that the -- yes, that's possible, but the consensus is

11   that you could decide the 148(b) summary judgment motion

12   and moot out the other motions.  I think the preferable

13   course would be to look at the summary judgment motion

14   now, or if the Court would prefer a more focused Prong 2

15   reconstruction of that motion, um, where the parties can

16   address -- you know, it would be our obligation to

17   present it as if we're relying only on Jani-King

18   documents and that's what we're relying on --

19           THE COURT:  Because that's not the way it's

20   presented right now?

21           MS. SCHWAB:  It is.  It is already presented

22   relying on Jani-King's documents and we submit that

23   that's all that's necessary under all three prongs.

24   But, um, we think that the 148(b) -- that the

25   independent contractor issue should be flushed out ahead

1    of time.

2         I'm also concerned, from some of the comments

3    defense counsel has made, about the scope of discovery

4    that, from their point of view, discovery would be them

5    taking 20 to 30 depositions and that's it, and that's

6    not at all how we perceive the class discovery.  The

7    class has been certified on the independent contractor

8    misclassification and there is class-based discovery

9    both including the scope of the fees that all the class

10   members have been charged, which would require

11   disclosure of the franchise files of the class members.

12        THE COURT:  Well, at the moment the fees are

13   -- you say the fees should be in and the refunds is the

14   open issue?

15        MS. SCHWAB:  Well, I'm saying both in the

16   independent contractor misclassification class, the

17   scope of damages would include being charged for work,

18   if you're an employee and you're paying money to do the

19   work, that that would be within the scope of the damages

20   for the class and that would be within the scope of

21   discovery that we would be entitled to within that class

22   period.

23        THE COURT:  Would the defendant like to say

24   anything else, briefly?

25        MR. van OORT:  Thank you, your Honor.  I'll

1    just address the two things that were just talked

2    about.

3          Number 1, is the Prong 2, the outside the course

4    of business.  As your Honor heard, the burden is on

5    Jani-King to prove that and we'd like the opportunity to

6    do class-wide discovery and put on our best proof on

7    that and that proof will include experts that talk about

8    the allocation of work in franchises.  Because as I

9    understand plaintiffs' argument right now, they argue

10   that, of course, a McDonald's franchisee is in the same

11   line of business as McDonald's, the franchisor.  They're

12   both in hamburgers.  If that's all the analysis is, then

13   franchising just ceased existing in Massachusetts.

14         We don't think that's the analysis.  We think the

15   analysis is, do the actual things that the franchisor

16   does, are they the same things as the franchise owner

17   does?  And we'd like to develop the evidence to show

18   that they're not.

19         Here what Jani-King, the franchisor, does is it

20   develops a brand, it maintains that brand, it provides

21   administrative services.  It does the other things to a

22   company that -- it does not itself have, as its ordinary

23   course of business, be cleaning buildings for other

24   people.  That is what the ordinary course of business is

25   for the franchise owners.  They clean.  We sell

1    franchises.  There's a difference between that.  And we

2    would like the opportunity, through class-wide merits

3    discovery, to develop that, through depositions, um,

4    through testimony, on our side, documents on their side,

5    and through experts that explain how it works.

6         So I think there is a reason here not to single

7    out this one thing and do it in a piecemeal process,

8    which plaintiffs are proposing, but to have a unified

9    period of discovery.

10             THE COURT:  Well, I'll ask you the same

11   question.  Can I go -- May I go step by step?  In other

12   words, let's say I determine next week, next month, um,

13   that I'm going to decide class certification and a

14   notice will go out and they'll be an opt-out period, and

15   then I might say to you, at that same hearing, "Where

16   should we go from here?"  Should -- you know, should I

17   hear the argument and -- and maybe even the same day, on

18   this issue of whether I should decide the motion for

19   summary judgment on Prong 2 on a class-wide basis or

20   whether, under rule 56(f) that's premature?

21             MR. van OORT:  Yes, your Honor, I certainly

22   think you may do that and we think -- we think the first

23   step you've identified, deciding the 93(a) motion to

24   dismiss under the renewed certification and then also

25   deciding whether these workers are in or out of the

1  class, that that's the right first step.  And we

2  certainly can do that.  We're prepared to come at your

3  next available date and address those things and decide

4  where we go from there.

5           THE COURT:  Okay.  I'm going to take a recess

6  and -- is there something you haven't said before?

7           MS. SCHWAB:  I just want to say one thing,

8  which is that defense counsel's proposal is to bury us

9  in discovery and motion practice that may be unnecessary

10  in the face of some of the legal issues that --

11           THE COURT:  I understand.  But on the hybrid

12  approach that I just described, um, you get a chance,

13  beyond today, to argue that when I've studied the

14  underlying documents.  To some extent you're further

15  ahead of me than you usually would be when I come in for

16  a hearing.  But I'm trying to catch a moving train.  So

17  --

18           MS. SCHWAB:  I understand, your Honor.

19           THE COURT:  And I will say that I am cognizant

20  of that, um, but I think, you know, all the civil rules

21  are being interpreted so you get a fair and efficient

22  resolution of the case.  And, you know, you're not

23  making this argument -- it's not just sufficient to say

24  "This is David and Goliath, so the usual rules don't

25  apply," but that the defendants are entitled to some

1    discovery, if it's relevant.

2          We're going to take a recess.  I'll be back.

3                (Recess, 3:00 p.m.)

4                (Resumed, 3:15 p.m.)

5          THE COURT:  There are two things that I would

6    like to get clarified before I tell you how we're going

7    to proceed.

8          The defendant proposes that I hear next, in

9    connection with the class certification, the motion to

10   dismiss the Chapter 93(a) claims.  If I did that, I

11   expect I would do it before the class certification and

12   if the defendant prevailed, it wouldn't be binding on

13   the class because people haven't had a chance to opt out

14   yet.

15         MR. van OORT:  We concede that's correct, your

16   Honor.

17         THE COURT:  Okay.  And then I think the

18   plaintiffs told me that there were two Chapter 93(a)

19   theories that may not be dismissed with prejudice, but

20   there's no effort being made to get a class certified on

21   them, and that would be, I think, um, the 93(a) theories

22   for which Judge Young denied class certification with

23   prejudice, and those theories are that Jani-King offered

24   the plaintiffs a contract that it knew they could not

25   accept and that Jani-King's right to extend the initial

1    offering period is inherently unfair.  That, I assume, I

2    would just leave, possibly even for after trial, the

3    class claims, if we had a trial on class claims.

4              MS. SCHWAB:  That's correct.

5              THE COURT:  Okay.  Here's how we're going to

6    proceed.  It's essentially where I left off.  And I'll

7    talk to you about scheduling after I give you the

8    architecture of this, because I'm going to ask you, "Is

9    there further briefing that's required and how long will

10   that take?"

11        But I'm going to have a hearing at which I'm going

12   to address the defendants' motion to dismiss certain

13   93(a) claims first.  If the motion to dismiss is

14   granted, and it's always my goal to decide these orally,

15   um, that that will be binding only on the individual

16   defendants.

17        Then I'm going to, um, have a hearing on the

18   motion to expand the certified class and determine the

19   scope of the Chapter 93(a) class claims, particularly

20   whether it will include what the plaintiff calls "the

21   fees claim."  I don't believe there's a motion to

22   include the so-called "refund claim" and, at the moment,

23   there's no plaintiff who would adequately represent that

24   subclass.  But my general understanding of class actions

25   is that the class can be redefined if it's fair and

1    there's a proper basis in the course of the litigation.

2    So we'll cross that bridge if and when we come to it.

3    So I would be focusing on the Chapter 93(a) fees claim

4    and whether it should be added.

5        I'll also have to, at that point, decide whether

6    the employees of the franchisees are in the class or not

7    in the class.  I'll have to try to discern what Judge

8    Young intended.  I will also have to -- well, I'll

9    consider whatever I need to consider.

10       All right.  Once I decide the scope of the class

11   certification, a notice will need to go out, and I think

12   to expedite this, the plaintiff should be drafting and

13   submitting the proposed notice.  You know, it's one of

14   two versions of the description of the class, one is if

15   you prevailed on a 93(a) fees claim and one is if you

16   didn't.  And you should be discussing if the defendant

17   has some particular problem with the proposed notice,

18   see if you can get it resolved before that hearing.

19       And then at that hearing I would be prepared to

20   hear argument and would aim to decide whether -- not the

21   merits, but whether, as the plaintiff proposes, I should

22   schedule another hearing on the motion for partial

23   summary judgment on Prong 2 of the Chapter 148 claim or

24   whether, under Rule 56(f), the defendant should be

25   permitted to have some additional discovery on that

1    Prong 2 issue, or whether there should be even broader

2    discovery before I decide the merits of any of the

3    plaintiffs' potential 93(a) -- no, I'm sorry, motions

4    for summary judgment under 148.

5         Then I would decide the -- if I go ahead on a

6    motion -- to decide a motion for summary judgment, I

7    would do that after the end of the op-out period, so

8    it's clear who's in the class and who's not in the

9    class.  So you should think about what a -- what a

10   reasonable opt-out period is.

11        All right.  So that's how we're going to proceed.

12   Then the question is -- the questions are:  Does the

13   motion, the new motion for class certification, require

14   some additional briefing?  I guess first from the

15   plaintiffs' perspective and then from the defendants'

16   perspective.  And it seems to me that it may well

17   require more briefing particularly on the issue of

18   whether employees as well as so-called franchisees are

19   in the class.

20        MS. SCHWAB:  Um, from the plaintiffs'

21   perspective, there is no additional briefing necessary

22   on that.  On the 93(a) claim, the claims are grounded in

23   the contract and we're not intending that the class

24   would include people outside, other than franchisees.

25        THE COURT:  Well, that's not what I understand

```
1    before.  What about on the --
2              MS. SCHWAB:  On employment misclassification,
3    we agree that, as to that issue, whether the employment
4    misclassification -- the scope of the employment
5    misclassification class may require additional briefing.
6              THE COURT:  Okay.  So that's the Chapter
7    148(b)?
8              MS. SCHWAB:  That's right.
9              THE COURT:  All right.  Well, "may"?  Because
10   you're going to have to -- okay, so that requires
11   additional briefing and, in a few minutes, I'm going to
12   ask you how -- you know, what's a reasonable time
13   schedule to get this polished up?
14              (Pause.)
15              THE COURT:  And then you're also -- do you
16   want to brief further -- but it may be the defendant.
17   Well, do you want to brief further this issue of whether
18   the defendant should get any -- you know, whether I
19   should proceed on Prong 2 of Chapter 148(b) or whether
20   the defendant is entitled to any discovery or whether
21   there should be broader discovery before I hear any
22   motion for summary judgment?
23              MS. SCHWAB:  It's our position that if -- when
24   your Honor reads the briefing on summary judgment, it
25   will be clear the lack of need for additional discovery
```

1    and to decide summary judgment on that.

2        THE COURT:  And from the defendants'

3    perspective, um, the plaintiffs are going to do further

4    briefing on at least whether employees as well as

5    franchisees are in the class or should be in the class.

6    So do you want to respond to that?

7        MR. van OORT:  Your Honor, I agree that the

8    right way to approach that is to have the plaintiffs

9    explain why they're in and, I guess, our position

10    depends on what your Honor is going to decide.  If it's

11    just limited to deciding whether they're already in and

12    everybody's already thought about this and Judge Young

13    already did it, then I don't think we need any discovery

14    or anything on that, but if we're actually going to

15    decide whether a class of those workers meets the four

16    requirements of Rule 23(a), (1), (2), (3) and (4) and

17    whether it meets any of the requirements of 23(b), we

18    haven't had any discovery on that because we didn't know

19    that was here.  And so I guess --

20        THE COURT:  Well, that could be part of your

21    response, I think.

22        MR. van OORT:  Yeah.  So I'm happy to come

23    forth then and just do a responsive briefing to them,

24    without any discovery, and say, "We've done no discovery

25    and there are no facts before your Honor and no

 1   plaintiffs and we think this is not part of the class,"

 2   and we can do that just with a response in our brief.

 3             THE COURT:  Okay.  And then --

 4             MR. van OORT:  On the Prong 2 issue?

 5             THE COURT:  Right.

 6             MR. van OORT:  Um, we'd like an opportunity

 7   just to submit one paper, now that we're focused on that

 8   and we're not distracted with the others.

 9             THE COURT:  Right.  Okay.

10             MR. van OORT:  We could put that in front of

11   you.

12             THE COURT:  Well, that's -- I mean, my

13   inclination is to -- well, okay.

14        Here, how much time do the plaintiffs -- how much

15   time do the plaintiffs want to supplement the brief?

16   What's the minimum reasonable period of time?  Two

17   weeks?  Three weeks?  Do you want more?

18             MS. SCHWAB:  Three weeks, your Honor.

19             THE COURT:  All right.  So the plaintiffs are

20   going to supplement the briefing on the class

21   certification issues by March 23.

22        How long -- well, ordinarily the defendants would

23   have two weeks to respond.  Is two weeks sufficient or

24   do you want another week?

25             MR. van OORT:  Yeah, your Honor, if we could

1    have three weeks to respond to that brief, we would

2    appreciate it.

3                THE COURT:  Okay.  Your response will be due

4    April 13th.

5          And we'll plan to have a hearing on all of this on

6    May the 10th at 3:00.

7                (Pause.)

8                THE COURT:  If the plaintiff's going to want

9    to file any kind of reply brief, it will need to be by

10   March -- it will need to be by April 20th.

11         All right.  Then the defendants' -- what I'm

12   inclined to do is deny without prejudice the defendants'

13   motion for summary judgment with regard to certain

14   individual claims.  It's just premature, I think.

15   Okay?  So that's denied without prejudice.

16         Is there anything further that ought to be

17   discussed today?

18               MR. van OORT:  Your Honor, there are two

19   things, I think.  Number 1, you had mentioned that --

20               THE COURT:  I'm sorry.  I can't hear you.

21               MR. van OORT:  Number 1, you had mentioned

22   that we could sort of submit a short paper on Prong 2.

23   We propose that that would be due the same time as the

24   plaintiffs' brief would be.  So --

25               THE COURT:  When you say -- oh, yeah,

1    actually, I -- oh, you want to do it the same time as --

2    yeah, good, this is helpful.

3              MR. van OORT:  We could file that on March

4    23rd, your Honor?

5              THE COURT:  Yes.  Yes.  Why don't you just use

6    the same schedule I gave you two.

7              MR. van OORT:  Okay, we could do that.

8              THE COURT:  Very good.  Except the mirror

9    image.  So you'll go first and then they'll go second.

10             MR. van OORT:  Yes.

11             THE COURT:  And you're going to get a written

12   order memorializing that.

13             MR. van OORT:  Okay.  And then, your Honor,

14   the other thing is, when you first talked, I thought I

15   heard you say that you were going to have a hearing

16   first on the motion to dismiss the 93(a) claims before

17   this later May 10th --

18             THE COURT:  Well, it's going to be on the same

19   day.

20             MR. van OORT:  Oh, okay.

21             THE COURT:  I'll deal with both of them, but I

22   think I'll probably take up the motion to dismiss first,

23   so if I decide it -- let's say I dismiss those claims,

24   the dismissal is only binding on individual-named

25   plaintiffs.

1          MR. van OORT:  That makes sense.  That

2    clarifies that.  I don't know of anything else that we

3    need to take up here, your Honor.

4          THE COURT:  Okay?

5          MS. SCHWAB:  Nothing from us, your Honor.

6          THE COURT:  All right.  And I'll work hard to

7    catch up with you.

8      Okay.  The Court's in recess.

9          (Ends, 3:30 p.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3

4

5          I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,

6     do hereby certify that the foregoing record is a true

7     and accurate transcription of my stenographic notes,

8     before Chief Judge Mark L. Wolf, on Monday, March 1,

9     2010, to the best of my skill and ability.

10

11

12

13

14    /s/ Richard H. Romanow 03-26-10

15    _____
      RICHARD H. ROMANOW   Date

16

17

18

19

20

21

22

23

24

25