UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT DE GIOVANNI, MARIETTE BARROS, DIAMANTINO FERNANDES, MARIA PINTO, MANUEL FERNANDES, MARIA MONTEIRO, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JANI-KING INTERNATIONAL, INC., JANI-KING, INC. and JANI-KING OF BOSTON, INC.,<br><br>Defendants. | Docket No. 07-10066 MLW |

## DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS UNDER RULE 37

Defendants Jani-King International, Inc., Jani-King, Inc., and Jani-King of Boston, Inc. hereby move for sanctions against Plaintiffs pursuant to Fed. R. Civ. P. 37. In support of their motion, Defendants rely upon the accompanying Memorandum of Law and Declaration of Eileen M. Hunter and state as follows:

1. The claims of absent class members Joao Bastos, Sandra St. Peter, Dulce Amado, Douglas Furrier, and John Nichols III should be dismissed with prejudice as a sanction under Fed. R. Civ. P. 37(b)(2)(A)(v), which provides that if a party fails to obey an order to permit or provide discovery, the court may order the dismissal of the action or proceeding in whole or in part.

2. The Court allowed Jani-King to seek discovery from five franchise-owner class members to build a factual record on which the Court can decide whether the services the owners

1

provide to the market are "performed outside the usual course of the business" of Jani-King under Mass. Gen. L. ch. 149, §148B(a)(2). (*See* Dkt. No. 159.) Jani-King has diligently sought the discovery, but the franchise owners have indicated that they have no interest in participating in Plaintiffs' lawsuit seeking to reclassify them as employees. Four of the owners have told Plaintiffs' counsel they are unwilling to participate in discovery. The fifth has not responded to Plaintiffs' counsel at all.

3. When a court has allowed discovery from class members and the class members refuse to comply, the court may appropriately dismiss their claims with prejudice. *Brennan v. Midwestern Life Ins. Co.*, 450 F.2d 999, 1004-06 (7th Cir. 1971) (holding it was within the district court's discretion to dismiss the non-complying absent class members' claims with prejudice because they had been "fully informed of the discovery order and the possible consequences of their noncompliance with it"). *See also United States v. Trucking Employers, Inc.*, 72 F.R.D. 101 (D.D.C. 1976) (granting motion to compel discovery of absent class members); *Transamerica Refining Corp. v. Dravo Corp.*, 139 F.R.D. 619, 622 (S.D. Tex. 1991) (allowing discovery of absent class members).

4. In this case, the absent class members upon whom discovery was served have indicated that they have no interest in participating in Plaintiffs' attempt to reclassify them as employees, either by notifying Plaintiffs' counsel that they refuse to participate, or by refusing to speak with Plaintiffs' counsel at all. Their refusal to comply with their discovery obligations warrants the Court dismissing their claims with prejudice.

5. In the alternative, the absent class member's refusal to comply with their discovery obligations warrants the issuance of an order to comply under Fed. R. Civ. P. 37 on pain of having their claims dismissed with prejudice. *See Brennan*, 450 F.2d at 1006. Under the

circumstances, if each of the absent class members is told that he or she must participate in discovery or be dismissed from the class, they cannot argue that they did not have sufficient notice regarding the penalty they will suffer for non-compliance.

Wherefore defendants move for sanctions under Fed. R. Civ. P. 37 for the reasons stated above.

January 28, 2011                         JANI-KING INTERNATIONAL, INC., JANI-KING, INC. and JANI-KING OF BOSTON, INC.,

By their attorneys,

/s/ Eileen M. Hunter
Kerry L. Bundy (Pro hac vice)
Aaron D. Van Oort (Pro hac vice)
Eileen M. Hunter (Pro hac vice)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
(612) 766-1600 (facsimile)

and

Arthur L. Pressman (BBO #643094)
Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000
(617) 345-1300 (facsimile)

## Local Rule 7.1(A) Certification

Counsel for Jani-King International, Inc. and Jani-King of Boston, Inc. certifies that she conferred in good faith with counsel for Plaintiffs on January 27, 2011 in an effort to resolve or narrow the issue presented by this motion.

/s/ Eileen M. Hunter
Eileen M. Hunter

## Certificate of Service

I hereby certify that this Motion for Sanctions Under Rule 37 filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served by regular U.S. mail upon any nonregistered participants on this 28th day of January, 2011.

/s/ Eileen M. Hunter
Eileen M. Hunter

fb.us.6321833.01