UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT DE GIOVANNI, MARIETTE BARROS, DIAMANTINO FERNANDES, MARIA PINTO, MANUEL FERNANDES, MARIA MONTEIRO, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JANI-KING INTERNATIONAL, INC., JANI-KING, INC. and JANI-KING OF BOSTON, INC.,<br><br>Defendants. | Docket No. 07-10066 MLW |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLANTIFFS' MOTION TO CONSOLIDATE OR COORDINATE**

**INTRODUCTION**

Plaintiffs' motion to consolidate or coordinate is purely speculative. Plaintiffs do not identify any facts to support the assumption that this Court intends to "divest itself" of cases currently on its docket. To the contrary, the Boston Globe reported on October 16, 2012, that Your Honor stated that he "will maintain the cases he still has before him."[1] While Jani-King hopes that the Court retains this case—and believes that doing so will serve judicial economy—that decision rests in the Court's discretion and likely involves considerations beyond the knowledge of the parties. If the Court has decided to remove (or is considering removing) this

---

[1] *See* http://www.bostonglobe.com/metro/2012/10/16/district-court-chief-judge-mark-wolf-steps-aside-will-assume-senior-judge-status/XNuJFEoXwMnPHfbdR8eKCI/story.html.

1

case from its docket, Plaintiffs' motion should be given no weight, and the regular reassignment practices of this District should be followed.

Plaintiffs' request for consolidation under Fed. R. Civ. P. 42 fails to meet the First Circuit's requirement that a motion to consolidate to involve common parties. Even if Plaintiffs could make that fundamental factual showing, their motion to consolidate is years too late. Plaintiffs' counsel brought each of the three cases they now seek to consolidate and counsel allowed each to move at its own pace without ever raising the issue of consolidation—until it suited counsel's litigation goals. Jani-King cannot find—nor have Plaintiffs cited—any cases that supports consolidating under these circumstances. Plaintiffs' request that the Court "coordinate" the cases at issue suffers from the same infirmities. The request is too late, it serves only Plaintiffs' litigation goals, and it is unsupported by any case law with similar facts.

If this Court removes this case from its docket, it should do so according to the regular reassignment practices in this District. Jani-King is entitled to have this case decided on its own merits, overseen by a judge selected without regard for Plaintiffs' current preferences.

## ARGUMENT

### I. This Court Is In The Best Position To Preside Over This Case.

Plaintiffs' Motion is based on sheer speculation regarding the Court's intentions, and it presumes to tell the Court how its docket should be handled. To the extent the Court is contemplating altering its present civil docket and is interested in the parties' views regarding such alterations, Defendants believe that this Court should retain this case. The Court has presided over this case for several years and has overseen extensive motion practice, in the process becoming well-versed in the legal and factual nuances at issue. Several issues in this case have been developing over the past several years, including whether and when Plaintiffs' class

should be redefined, how damages discovery and remaining liability discovery should be handled, how damages should be calculated, and how the individual contracts between Jani-King and each class member should be treated in light of the Court's ruling that its franchise owners are employees. Jani-King's motion to reconsider is also pending before the Court. This Court is in the best position to oversee the resolution of these issues.

## II. There Is No Basis For Consolidating The Cases At Issue.

### A. The cases at issue do not have any common plaintiffs or defendants.

When considering whether to consolidate cases under Fed. R. Civ. P. 42, "[t]he threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (emphasis in original). Here, Plaintiffs cannot meet the "common party" requirement because the three cases Plaintiffs seek to consolidate do not have *any* overlapping plaintiffs or defendants. The *Jan Pro* and *Coverall* cases involve completely different businesses who operate distinct franchising systems with distinct franchise agreements, operating systems, and franchisees. Plaintiffs all but concede this point in their brief during the lengthy discussion of the "Skycap" cases, where they acknowledge that those cases were *not* consolidated due to "the differing procedural postures of the cases, as well as the differing defendants." Pls.' Br. 2-3. This case is no different.

### B. Whatever common issues of law the cases present are outweighed by their unique facts.

Even if Plaintiffs could meet the "common party" requirement, the costs of consolidation would outweigh any benefits. This Court "has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Gilliam v. Fidelity Mgmt. & Research Co.*, 2005 WL 1288105 at * 1 (D. Mass. 2005). The three cases at issue involve

3

allegations that three distinct cleaning commercial cleaning franchising companies have misclassified their franchise owners as independent contractors. Each of the three franchisors at issue employs a distinct franchising model, with substantive differences between the three. Plaintiffs in all three cases signed unique franchise agreements. To resolve the legal questions at issue in each case, the court must evaluate the factual circumstances unique to each franchise system. Additionally, the three cases are all very advanced and have unique procedural postures—a fact Plaintiffs acknowledge. Pls.' Br. 6-9. This case has 233 docket entries, *Coverall* has 538, and *Jan-Pro* has 158 entries. Plaintiffs describe the *Coverall* case as nearly concluded. This case, however, is moving into the damages phase with ongoing challenges regarding damages discovery, scope of liability and class definition. Consolidating this case with *Coverall* and *Jan-Pro* will achieve few, if any, efficiencies as these issues are resolved in light of the unique factual issues in this case.

Federal courts (including this one) have previously declined to consolidate cases in similar circumstances. *See Gilliam*, 2005 WL 1288105 at *4 (consolidation not appropriate where the "overlap in the factual evidence" between the actions was "relatively small"); *In re Airline "Age of Employee" Emp't Prac. Litig.*, 483 F. Supp. 814, 816-17 (J.P.M.L. 1980) (motion to transfer for purposes of centralizing cases denied where cases involved the "[e]mployment practices of eight different airlines" and "the principal factual issues will be different as to each airline"). The two Ninth Circuit cases Plaintiffs rely on to support their argument that consolidation is appropriate here are readily distinguishable because they involve common parties. *See In re Adams Apple, Inc.*, 829 F.2d 1484 (9th Cir. 1987) (involving the consolidation of several bankruptcy petitions filed by one debtor and his related companies); *Kowalski v. Mommy Gina Tuna Resources*, 2008 WL 4753282 at *3 (D. Haw. 2008)

4

(consolidating several cases brought by the same plaintiff against numerous defendants and noting that the defendants "have proceeded in virtual lockstep in their litigation of the case to this point—they have retained common counsel, and for the most part they have filed common motions, conducted common discovery, and retained common experts").

### C. This Court has discretion to deny consolidation even if common issues of law and fact exist.

Even if Plaintiffs could show common parties and common issues of law or fact, this case is not suitable for consolidation. "In considering the costs and benefits of consolidation, it is appropriate to consider and weigh the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation." *Gilliam*, 2005 WL 1288105 at * 1. Consolidation of these three disparate cases will save little if any time or effort for the parties or the court given the different procedural posture of the cases. Consolidation will result in delay for some litigants while factual issues relevant in other cases are resolved. Consolidation is not appropriate where the overlap in factual evidence is small. *Id.* at * 3. The different factual issues present in the three cases also cannot help but lead to confusion for the ultimate factfinder. As Plaintiffs acknowledge, the franchise system created by Jan-Pro is fundamentally different than the one used by Jani-King and Coverall. Pls.' Br. 5. *See Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 81 (D. N.J. 1993) ("Where the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues."). Consolidating this case with *Jan-Pro* or *Coverall* case will result in confusion about the details regarding how the three franchise systems are structured and how the named plaintiffs and class members in each case operated their franchises, details that are significant to each party's defense. As this Court has observed:

5

> Even if I were to find that the common-issue threshold had been crossed, I would still find that consolidation is inappropriate because the benefits of consolidation are grossly outweighed by its costs . . . The Boston Harbor case is already unwieldy enough, involving far more issues than the one that affects the Towns. To add two more parties and another complex set of issues would simply clutter an ongoing proceeding that already has accumulated a voluminous record over a period of many years.

*Town of Norfolk v. U.S. Envtl. Prot. Agency*, 134 F.R.D. 20, 22 (D. Mass. 1991). The same reasoning applies here.

## II. If This Case Is Reassigned, The Court Should Follow The Standard Procedures In This District.

Plaintiffs' arguments in support of their motion to "coordinate" should be disregarded. Plaintiffs have allowed the three cases at issue to play out independently over several years without ever raising the issue of "coordination" they now find so compelling. Plaintiffs' sudden appeal to judicial economy is nothing more than a veiled attempt to get this case assigned to the judge of their choice. Plaintiffs have cited no cases that support granting such a request. If this Court removes this case from its docket, it should do so according to the regular reassignment practices in this District. Jani-King is entitled to have this case decided on its own merits, overseen by a judge selected without regard for Plaintiffs' preferences.

## CONCLUSION

For the foregoing reasons, Jani-King respectfully asks the Court to deny Plaintiffs' motion to consolidate or coordinate.

        JANI-KING INTERNATIONAL, INC., JANI-KING, INC. and JANI-KING OF BOSTON, INC.,

        By their attorneys,

        /s/ Nicholas D. Stellakis
        Barbara L. Moore (BBO#:  352780)
        Nicholas D. Stellakis (BBO#:  644981)
        COOLEY MANION JONES LLP
        21 Custom House Street
        Boston, MA 02210
        T:  617-737-3100
        F:  617-737-3113
        bmoore@cmjlaw.com
        nstellakis@cmjlaw.com

        and

        Kerry L. Bundy (MN #266917)
        Aaron Van Oort (MN # 315539)
        Eileen M. Hunter (MN # 0336336)
        Jason J. Stover (MN # 30573X)
        FAEGRE BAKER DANIELS LLP
        2200 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, MN 55402-3901
        (612) 766-7000
        (612) 766-1600 (facsimile)

December 26, 2012
dms.us.51273707.01

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2012, I electronically filed the foregoing with the Clerk's Office using the Court's CM/ECF system, which will send notification of this filing (NEF) to all registered participants

/s/ Nicholas D. Stellakis

#920924