**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                          )
VINCENT De GIOVANNI,                  )
MARIETTE BARROS, DIAMANTINO   )
FERNANDES, MARIA PINTO,         )
and all others similarly situated,       )
                                            )
                     Plaintiffs,    )
                                            )
                    v.          )     Docket No. 07-10066-MLW
                                            )
JANI-KING INTERNATIONAL, INC.,   )
JANI-KING, INC. and             )
JANI-KING OF BOSTON, INC.       )
                    Defendants.  )
_____ )

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

The status of this case is that Defendants' Motion for Reconsideration (Doc. 212) is pending before this Court.[1]  As the Court is aware, the Massachusetts Supreme Judicial Court recently issued a ruling in the similar case of Depianti v. Jan-Pro Franchising International, Inc., 465 Mass. 607 (2013) ("Jan-Pro").  Plaintiffs hereby submit this Notice of Supplemental Authority in further opposition to Defendants' Motion for Reconsideration.

As the Court is aware, in Jan-Pro, as here, the plaintiffs claimed that a national cleaning company misclassified its workers as independent contractors when they are actually employees under Mass. Gen. L. c. 149 § 148B.  This Court certified Jan-Pro to the SJC to address the question (among others) of whether the national company could be liable for such misclassification notwithstanding the lack of a direct contract between

---

[1]       Following the Court's ruling on summary judgment, Plaintiffs have attempted to engage in damages discovery, but Defendants have refused to produce damages discovery given their pending motion for reconsideration on summary judgment.

the national company and the workers.  The SJC held that the lack of a direct contract

was <u>not</u> a defense to the misclassification, reasoning that such a "contractual

arrangement . . . if enforceable, would provide a means for [a national company] to

escape its obligation, as an employer, to pay lawful wages under the wage statute, G.L.

c. 149, § 148." <u>Jan Pro.</u>, 465 Mass. at *11.  The Court went on to note the policy

justifications for rejecting such a defense:  "To allow such an 'end run' around G.L. c.

149, § 148, would contravene the express purpose of the [wage] statute and would

nullify the provision therein that specifically forbids this type of arrangement 'by a

special contract with an employee or by any other means.'" <u>Id.</u> ((quoting G.L. c. 149, §

148) (quoting <u>DiFiore v. American Airlines, Inc.</u>, 454 Mass. 486 (2009)).

    Likewise in this case, one of the arguments Jani-King International has made is

that it does not directly contract with the cleaning workers.  The SJC's ruling in <u>Jan-Pro</u>

is thus on point to this case as well, as this argument does not constitute a defense to

the misclassification claim.

    Plaintiffs thus respectfully request that the Court deny Defendants' motion for

reconsideration and order Defendants to proceed with the next stage of the case, which

would be to produce class damages discovery.

Respectfully submitted,

VINCENT DeGIOVANNI, <u>et al.</u>,
and all others similarly situated,

By their attorneys,

<u>   /s/   Shannon Liss-Riordan                         </u>
Shannon Liss-Riordan, BBO #640716
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated: July 24, 2013

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2013, a copy of this document was served by electronic filing on all counsel of record for the Defendants.

<u>   /s/ Shannon Liss-Riordan, Esq.        </u>
Shannon Liss-Riordan