UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VINCENT DE GIOVANNI et al, and all
others similarly situated,

        Plaintiffs,

v.

JANI-KING INTERNATIONAL, INC.,
JANI-KING, INC., and
JANI-KING OF BOSTON, INC.,

        Defendants.

Civ. A. No. 07-10066-MLW

**PRELIMINARY APPROVAL ORDER**

Plaintiffs have filed an Assented-to Motion for Preliminary Approval of Class Action Settlement, ECF Docket No. 265(the "Motion"), pursuant to Federal Rule of Civil Procedure 23, requesting an order preliminarily approving settlement of the above-captioned action (the "Action") in accordance with the parties' Class Action Settlement Agreement, ECF Docket No. 265-1 (the "Agreement"), dated March 14, 2014, which sets forth the terms and conditions for a proposed settlement of this matter and its dismissal with prejudice.

As a condition of the Agreement, the named Plaintiffs, on behalf of themselves individually and on behalf of all

Settlement Class Members,[1] have agreed to release all claims against the Defendants under Mass. Gen. L. c. 149 § 148B, and/or the Massachusetts common law that were or could have been raised in this case.

This Court conducted a hearing on the motion on March 20, 2014; it is now hereby Ordered that:

1. For purposes of this Action, this Court has subject matter jurisdiction and personal jurisdiction over the parties, including all Settlement Class Members.

2. For purposes of this settlement only, the following Settlement Class is preliminarily certified:

> Any and all persons who, from January 1, 2004, through the date the Court grants preliminary approval of the Settlement, made payment to Jani-King of Boston for purposes of purchasing a franchise, making payments on a promissory note used to finance the purchase of a franchise, paying fees for additional business, or purchasing insurance for the franchise.

For purposes of this settlement only, the Settlement Class is preliminarily certified pursuant to the Federal Rule of Civil Procedure 23(b)(3), and all Settlement Class Members shall have the right to exclude themselves from the settlement by way of the opt out procedure set forth below in paragraph 12.

3. This Court preliminarily finds, solely for purposes of this settlement, that the Action may be maintained as a class

---

[1] All terms in this Order have the definitions given to them in the Agreement.

action on behalf of the Settlement class because: (a) the Settlement Class is so numerous that joinder of all Settlement Class members in the Action is impracticable; (b) there are questions of law and fact common to Settlement Class Members that predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. This Court finds that the Agreement is fair, reasonable, and adequate, and within the range of possible approval, subject to further consideration at the Final Fairness hearing as set forth below in Paragraph 7.

5. This Court preliminarily finds that Plaintiffs fairly and adequately represent the interests of the Settlement Class and, therefore, designates Plaintiffs as the representatives of the Settlement Class.

6. Pursuant to Federal Rule of Civil Procedure 23(g), this Court designates as Class Counsel the law firm of Lichten & Liss-Riordan, P.C. This Court preliminarily finds that, based on the work Class Counsel have done identifying, investigating, and prosecuting the claims in this action; Class Counsel's experience in handling class actions and claims of this type

asserted in this Action; Class counsel's knowledge of the applicable law; and the resources Class Counsel have and will commit to representing the class, Class Counsel have represented and will represent the interests of the Settlement Class fairly and adequately. This Court authorizes Plaintiffs and Class Counsel to enter into the Agreement on behalf of the Settlement Class, subject to final approval by this Court of the settlement. Plaintiffs and Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms.

7. The Final Fairness Hearing shall take place before the Honorable Mark. L. Wolf on August 7, 2014, at 3:00 p.m. at the United States District Court, District of Massachusetts, Courtroom 10, Fifth Floor, 1 Courthouse Way, Boston, Massachusetts 02110, to determine: whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate as to the Settlement Class Members and should be approved; whether the Action should be dismissed with prejudice on the terms provided for in the Agreement; the amount of fees and costs that should be awarded to Class counsel; and the amount of the incentive award that should be awarded to Plaintiffs, as provided for in

the Agreement. The Court will also hear and consider any properly lodged objections at that time.

8. Plaintiffs shall file a memorandum in support of final approval and a proposed order by July 28, 2014, and shall also by that date file with the Court and serve on defense counsel any objections and/or opt-out requests that have been received from Settlement Class members.

9. The Agreement provides that Class Counsel will administer the settlement in-house. The Court approves Class Counsel's in-house administration of the settlement.

10. This Court finds that the notice provision as set forth in the parties' joint submission of March 26, 2014, satisfies the requirements of 28 U.S.C. § 1715 and that the Notice of Proposed Class Action Settlement for Individuals who Purchased a Franchise from Jani-King of Boston (the "Notice") satisfies the requirements of Due Process, the Federal Rules of Civil Procedure and any other applicable law, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. This Court approves the form and content of the Notice and Claim Form, as well as the claim procedure set forth in the Agreement.

11. Subject only to final approval by the Court, all Settlement Class members who do not request exclusion ("opt

out") from the Settlement Class pursuant to the procedure set forth in paragraph 12 below, shall be bound by the Settlement Agreement and all orders and determinations in this Action, including but not limited to the validity, binding nature, and effectiveness of the release of claims set forth in paragraph 5 of the Agreement, and the anticipated dismissal of the Action with prejudice.

12. Any Settlement Class Member who wishes to opt out of the Settlement Class shall submit to Class Counsel, to be received no later than July 17, 2014, an appropriate written request for exclusion by mail, facsimile, or email, personally signed by the Settlement Class Member, including: (i) the Settlement Class member's name, address, and telephone number; (ii) a statement that the Settlement Class Member is requesting to be excluded from the proposed class settlement in the case De Giovanni et al. v. Jani-King International, Inc. et al.; and (iii) a statement that the Settlement Class member understands that by excluding herself or himself from the settlement, she or he will receive no funds in conjunction with the case. No Settlement Class member, or any person acting on behalf of or in concert or participation with that Settlement Class member, may exclude any other Settlement Class member from the Settlement Class.

13. Any Settlement Class Member who has not previously opted out in accordance with Paragraph 12 above may appear at the Final Fairness hearing to argue that the proposed settlement should not be approved and/or to oppose the application of Class counsel for an award of attorneys' fees and costs and the incentive awards to the Plaintiffs; provided, however, that no Settlement Class Member shall be heard, and no objection may be considered, unless the Settlement Class Member submits to Class Counsel by mail, facsimile, or email a written objection to the settlement no later than July 17, 2014. All objections must include (i) the objector's name, address, and telephone number; (ii) a clear explanation of why the objector objects to the settlement; and (iii) a statement of whether the objector (or someone on her or his behalf) intends to appear at the hearing on August 7, 2014.

14. The costs of notice and settlement administration shall be paid from the amount to be awarded to Class Counsel as attorneys' fees and litigation expenses.

15. All proceedings in this Action are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

16. Pending final determination of whether the settlement should be approved, Plaintiffs, all Settlement Class Members,

and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively, or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with Paragraph 12 above. This injunction is necessary to protect and effectuate this settlement, this Preliminary Approval Order, and this Court's flexibility and authority to effectuate the settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S. C. § 1651(a).

17. This Court reserves the right to alter any of the deadlines established by this Order for good cause shown, and to adjourn or continue the date of the final Fairness hearing without further notice to Settlement Class members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. This Court may approve or modify the settlement without further notice to Settlement Class Members.

18. The caption of the notice shall include the Shanley case. /s/ MW 4/4/14

Entered this 4th day of ~~March~~ April, 2014.

_____
The Honorable Mark L. Wolf

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT FOR INDIVIDUALS WHO PURCHASED A FRANCHISE FROM JANI-KING OF BOSTON**

De Giovanni et al v. Jani-King International, Inc. et al,
U.S. Dist. Ct. (D.Mass.) C.A. No. 07-10066

YOU MAY GET MONEY FROM THIS SETTLEMENT AND YOUR RIGHTS ARE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION

**1. Why is this notice being sent?**

The purpose of this notice is to inform you about a proposed settlement in the case of De Giovanni et al. v. Jani-King International, Inc. et al., U.S. Dist. Ct. (D.Mass.) C.A. No. 07-10066, and a companion case, Shanley et al. v. Jani-King International, Inc. et al, U.S. Dist. Ct. (D.Mass.), C.A. No. 12-12146, both pending in federal court in Massachusetts. The proposed settlement affects all individuals who bought or operated franchises in Massachusetts from Jani-King of Boston since January 2004. These cases were brought by Jani-King franchisees who alleged that they were misclassified as independent contractors under Mass. Gen. L. c. 149 § 148B, and were required to pay franchise fees and other costs that employees cannot be required to pay. The federal court previously certified this case as a class action, and also granted plaintiffs' motion for summary judgment, holding that Jani-King franchisees had in fact been misclassified. The court has not yet addressed damages, and no appeal has been taken or decided. This settlement is contingent upon court approval.

The Court has granted preliminary approval of this settlement and has scheduled a hearing to be held on August 7, 2014 at 3:00 p.m., at the United States District Court for the District of Massachusetts, Courtroom 10, 5th Floor, the Honorable Mark L. Wolf presiding. The courthouse (John Joseph Moakley U.S. Courthouse) is located at One Courthouse Way, Boston, MA 02210. At this hearing, the Court will consider whether or not to grant final approval of this settlement.

**2. Who is part of the proposed class affected by this proposed settlement?**

The Court has preliminarily certified a class for settlement purposes only in this case. The settlement class (i.e. individuals entitled to claim a share from this settlement) is defined as: any and all persons who, from January 1, 2004, through the date the Court grants preliminary approval of this Settlement, made payments to Jani-King of Boston for purposes of purchasing a franchise, making payments on a promissory note used to finance the purchase of a franchise, paying finder's fees for additional business, or purchasing insurance for the franchise. Anyone who made any of these payments to Jani-King of Boston during the time period is eligible to submit a claim to participate in the settlement.

1

3. **What are my options?**

At this time, you can 1) return a claim form and W-9 form and participate in the settlement; 2) request to be excluded from the settlement; 3) object to the settlement (and, if you choose, submit a claim form in the event that your objection is overruled); or 4) do nothing. Details about each option and how each option will affect your rights under the law are explained below. **In order for you to obtain a payment from the settlement, you must complete and submit the attached forms (claim form and W-9 form) to the address or fax number below no later than July 17, 2014.**

4. **What are the terms of the proposed settlement?**

The total amount of the settlement is $7,500,000. An incentive award of up to $15,000 is proposed to be awarded to each of the seven lead plaintiffs, who undertook the risk and time commitment of initiating this lawsuit on behalf of all individuals who have worked as franchisees for Jani-King International, Inc. Additionally, up to one-third of the total settlement ($2,500,000) is proposed to be paid to Settlement Class Counsel as attorneys' fees and litigation expenses. The remainder of the settlement funds will be distributed to class members who submit timely and accurate claim forms, as well as W-9 forms. The settlement funds will be distributed based on a formula accounting for the fees paid by franchisees during this time period that the plaintiffs challenged and which recent court rulings have indicated may be recoverable. The fees consist of franchise fees paid up front, payments on notes used to pay franchise fees, and insurance payments. The calculation of the fees paid by franchisees during this time period will be based on best estimates available from records that can be obtained from Jani-King. The settlement will be paid out to class members in four installments – in November 2014 (assuming court approval by then) ($1.5 million), and $2 million in each of the following three years (November 2015, November 2016, and November 2017). The payments you will receive under this settlement will be taxable. You must therefore also complete the enclosed W-9 tax form, and you will receive 1099 tax forms for your settlement payments.

As part of the settlement agreement, current Jani-King franchisees may keep their current accounts at no cost to them. Upon approval of the settlement by the court, Jani-King will cooperate to facilitate the transfer of existing customer accounts to the franchisees who are currently performing work for them. In other words, if you currently perform work for Jani-King accounts, you may continue to provide cleaning services to your current accounts and you will no longer have to pay fees to Jani-King of Boston after approval of the settlement.

In exchange for receiving these benefits, you will release Jani-King from all claims, and you will agree that your franchise agreement with Jani-King is no longer in force. Jani-King will no longer continue to provide services or support to the franchises of class members in Massachusetts. Your rights under the franchise

2

agreement, including the right to use the Jani-King trade names and marks, will cease.

**5. How do I participate in the settlement?**

As explained above, **in order to participate in the settlement, you must complete and return the attached claim form in its entirety to Settlement Class Counsel at the following address, by mail, fax, or email:**

> Shannon Liss-Riordan
> Lichten & Liss-Riordan, P.C.
> 100 Cambridge Street, 20th Floor
> Boston, MA 02114
> www.llrlaw.com
> Tel: (617) 994-5800
> Fax: (617) 994-5801
> Elizabeth Lopez and Phil Acevedo, Paralegals
> (fluent in Portuguese and Spanish)
> elopez@llrlaw.com, pacevedo@llrlaw.com

The Court retains the authority to alter any of the deadlines in this notice for good cause shown.

**6. What if I choose to object to the settlement?**

Under federal law, you are free to object to the settlement. Additionally, you may lodge a partial objection, e.g., you may object to the attorneys' fee payment but not to the other provisions in the settlement. Plaintiffs' counsel will provide any objections to the court and defense counsel. In order to be valid, any objection must be received by Settlement Class Counsel no later than July 17, 2014, and must include the following: (1) your name, address, and telephone number; (2) a clear explanation of why you object to the settlement; and (3) a statement of whether you (or someone on your behalf) intends to appear at the hearing on August 7, 2014. Regardless of whether you file an objection, you must submit a timely claim form and W-9 tax form to receive any proceeds under the settlement in the event the settlement is approved notwithstanding your objection.

**7. What if I choose to exclude myself or "opt out" of the settlement?**

Under federal law, you are free to request exclusion from the case if you do not want to be bound by the settlement. Settlement Class Counsel will provide any requests for exclusion to the court and defense counsel. In order for any request for exclusion from the case to be valid, it must be received by Settlement Class Counsel no later than July 17, 2014, must be signed by you, and must include your name, address, and telephone number, and must state: (1) that you are requesting to be excluded from the proposed class settlement in the case De Giovanni et al. v. Jani-King International, Inc. et al., and (2) that you understand that by excluding yourself from the settlement, you will receive no funds in conjunction with the case. If you

3

choose to request exclusion from the case, Settlement Class Counsel will not be representing you, and you will not receive your allocation of this settlement.

### 8. What if I do nothing?

If the settlement is approved by the court and you do not request exclusion from the case, you will be bound by the settlement. Specifically, whether or not you submit a claim form, if you do not request exclusion from the case, you will be releasing all claims that you may have against the Defendants under Mass. Gen. L.c. 149 § 148B and other claims that were raised in this case. A more comprehensive description of the claims released may be found on the second page of the enclosed claim form.

### 9. What claims will I give up if I do not opt out?

If you do not exclude yourself from the settlement, you will give up all of the claims described in the release printed on the second page of the enclosed claim form.

### 10. Do I need to attend the Fairness hearing?

You are also welcome to attend the Court hearing on August 7, 2014, if you would like, but you are not required to do so. In order to raise an objection or request exclusion from the case, you must submit it to Settlement Class Counsel in writing as described above (but need not appear at the final approval hearing). Additionally, you may retain your own counsel in this matter if you so choose.

### 11. How will the attorneys for the class be paid?

Up to one-third of the total settlement ($2,500,000) will be used to pay Settlement Class Counsel's attorneys' fees and litigation expenses for bringing and prosecuting the lawsuit, as well as for administering the settlement, subject to approval by the Court.

### 12. Who will answer my questions about the settlement?

If you have any questions, please contact Settlement Class Counsel as follows:

>Shannon Liss-Riordan
>Lichten & Liss-Riordan, P.C.
>100 Cambridge Street, 20th Floor
>Boston, MA 02114
>www.llrlaw.com
>Tel: (617) 994-5800
>Fax: (617) 994-5801

***<u>Do not contact the Court directly about this matter. The Court cannot provide you with legal advice or any opinion regarding the case or the proposed settlement.</u>***

## CLAIM FORM

*De Giovanni et al v. Jani-King International, Inc. et al,* U.S. Dist. Ct. (D.Mass.) C.A. No. 07-10066

In order to participate in the settlement that is described in the enclosed notice, you must complete and submit this claim form by mail, e-mail, or facsimile to:

Shannon Liss-Riordan, Esq.
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Fax: (617) 994-5801
Elizabeth Lopez and Phil Acevedo, Paralegals
(fluent in Portuguese and Spanish)
elopez@llrlaw.com, pacevedo@llrlaw.com
www.llrlaw.com

**In order to assure that you receive your first payment this year
(assuming timely court approval of the settlement),
completed claim forms must be received no later than _____**

**Personal Information** (please print clearly):

Name:_____

Home Address:_____

_____

Home or Mobile Phone:_____

E-mail (optional): _____

Estimated date you bought a Jani-King franchise: _____

Estimated dates you performed work as a Jani-King franchisee:

_____

**TO QUALIFY FOR A SHARE OF THE SETTLEMENT, YOU MUST (1) COMPLETE AND RETURN THE ENCLOSED TAX FORMS, AND (2) SIGN ON THE LINE ON THE BACK OF THIS SHEET AND AGREE TO THE FOLLOWING CONDITIONS:**

    I attest, under penalty of perjury, that the information above is true and correct to the best of my memory. I further agree that in consideration for my receipt of my share of settlement funds, I am discharging any and all past, present, future or potential claims, including without limitation any claims, demands, losses, suits, proceedings, payment of obligations, adjustments, executions, offsets, actions, causes of action, costs, defenses, debts, sums of money, assertions of rights, accounts, reckonings, bills, bonds, covenants, contracts, controversies, agreements, promises, expenses (including without limitation court costs and attorneys' fees), requests for relief of any kind, statutory or regulatory obligations, judgments or any liabilities of any nature whatsoever, known or unknown, anticipated or unanticipated, fixed or contingent, matured or un-matured, accrued or un-accrued, whether statutory, in law, equity, civil or criminal, whether sounding in tort, contract, equity, nuisance, trespass, negligence or strict liability that the Class Representatives, the Settlement Class, and/or any of the Settlement Class Members ever had, now have, or may later claim to have at any time in the future against the Releasees, whether known or unknown, arising out of or in any way relating to their franchise relationship with Jani-King, including without limitation any and all claims for breach of contract, breach of express or implied warranty, strict liability, products liability, negligence, negligent misrepresentation, violations of state consumer protection and other statutory laws, declaratory relief, injunctive relief, unjust enrichment and/or fraud. The Released Claims include all known and unknown claims, actions, and causes of action, and this Settlement Agreement is expressly intended to cover and include all such claims, actions, and causes of action, for losses or damages of any type. The claims and rights released include, but are not limited to, claims under the Massachusetts Independent Contractor Law, Mass. Gen. Laws. c. 149, § 148B, the Massachusetts Wage Act, Mass. Gen. Laws. c. 149, § 148 et seq., the Massachusetts Minimum Fair Wages Law c. 151, § 1 et seq, and any and all claims that the Claimants were misclassified as an independent contractor under any state or federal law, rule, or regulation.

_____          Dated: _____
(Signature)