# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT De GIOVANNI et al, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JANI-KING INTERNATIONAL, INC., JANI-KING, INC., and JANI-KING OF BOSTON, INC.,<br><br>Defendants. | Civil Action No. 07-10066-MLW |

*consolidated with*

| | |
|---|---|
| EDWARD SHANLEY, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JANI-KING INTERNATIONAL, INC., JANI-KING, INC., and JANI-KING OF BOSTON, INC.,<br><br>Defendants. | Civil Action No. 12-12146-MLW |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

This matter came on for hearing upon the Court's Order of April 4, 2014, ("Preliminary Approval Order") following Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Due and adequate notice having been given to the Settlement Class, and the Court having considered all papers filed and proceedings had herein, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Class Action Settlement Agreement, and all capitalized terms herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the above-captioned matter and over the Class Representatives, the Settlement Class, and the Defendants.

3. The Court grants final approval of the parties' Settlement Agreement.

4. The Court finds that distribution by first-class mail of the Notice of Proposed Class Action Settlement and Claim Form constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law. Based on the materials submitted in conjunction with the Final Approval Hearing, the actual notice to the Settlement Class was adequate. These papers informed the Settlement Class members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to or opt out of the Settlement Agreement, and their right to appear in person or by counsel at the Final Approval Hearing. Adequate periods of time were provided by each of these procedures.

5. No members of the Settlement Class objected to approval of the Settlement Agreement, and only two members excluded themselves from the Settlement Class.

6. The Court finds, for purposes of settlement only, that the Settlement Class satisfies the applicable standards for certification under Fed. R. Civ. P. 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this settlement, this Court FINALLY CERTIFIES the following class: any and all persons who, from January 1, 2004, through the date of preliminary approval of the Settlement (April 4, 2014), made payments to Jani-King of Boston for purposes of purchasing a franchise, making payments on a promissory note used to finance the purchase of a franchise, paying finder's fees for additional business, or purchasing

insurance for the franchise. Excluded from the Settlement Class are those persons who timely and validly opted out of the Settlement Class.

7. The named plaintiffs, Vincent DiGiovanni, Marriette Barros, Diamantino Fernandes, Maria Pinto, Maria Monteiro, Manuel Fernandes, and Edward Shanley, are adequate class representatives of the Settlement Class, and the Court therefore hereby appoints the named plaintiffs as the representatives of the Settlement Class.

8. As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) Class Counsel's knowledge of the applicable law; and (iv) the resources Class Counsel has committed to representing the Settlement Class. Based on these factors, the Court finds that Class Counsel has and will continue to fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court appoints Lichten & Liss-Riordan, P.C. as Class Counsel with respect to the Settlement Class in this action.

9. The Settlement Agreement was entered into in good faith, at arm's length, and without collusion. The Settlement Agreement was the result of intensive arm's-length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation.

10. The Court approves the settlement of the above-captioned action, and each of the assignments and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate to the Settlement Class, the Class Representatives, and Defendants (collectively, the "Settling Parties"). The Settling Parties and their counsel are directed to perform in accordance with the terms set forth in the Settlement Agreement.

11. Pursuant to the terms of the Settlement Agreement, the Class Representatives and all Settlement Class members finally release Defendants and other Releasees from the Released Claims.

12. Also pursuant to the Settlement Agreement, the Franchise Agreements between Jani-King of Boston and the Settlement Class Members will terminate on the Effective Date and will have no further force and effect.

13. All of the claims in the above-captioned matter are dismissed. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Settlement Class, all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Class Representatives and the Settlement Class members. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Order.

14. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement: (i) is or may be deemed or used as an admission of, or evidence of, the validity of any claim, any wrongdoing or liability of Defendants, or any present or future shareholders, members, partners, directors, officers, affiliates, agents, representatives, and employees of Defendants, or whether class or collective action certification is warranted in any other litigation; or (ii) is or may be deemed or used as an admission of, or evidence of, any fault or omission of Defendants or any present or future shareholders, members, partners, directors, officers, affiliates, agents, representatives, and employees of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. This action is dismissed on the merits and with prejudice, permanently barring the Class Representatives and Settlement Class members (other than those who timely and validly opted out) from prosecuting any of the claims brought in this case.

16. The Court finds that the plan of allocation set forth in the Settlement Agreement is fair and reasonable and that distribution of the Class Settlement Fund shall be done in accordance with the terms outlined in the Settlement Agreement.

17. As set forth in the Settlement Agreement, there shall be paid from the Class Settlement Fund: (i) Class Counsel's attorneys' fees and costs in this matter, including the costs incurred by Class Counsel or its designated Settlement Administrator in administering the settlement; and (ii) enhancements to each Class Representative to compensate them for their unique services. The Court hereby awards to Class Counsel $2,000,000 for attorneys' fees and costs as of the dates of disbursement.

18. The Court hereby approves payment of an enhancement award of $15,000 to Vincent DiGiovanni, Marriette Barros, Diamantino Fernandes, Maria Pinto, Maria Monteiro, Manuel Fernandes, and an enhancement award of $10,000 to Edward Shanley, to compensate them for their unique services in initiating and maintaining this litigation.

19. The foregoing payments shall be made to Class Counsel and the Class Representatives from the Class Settlement Fund in accordance with the terms of the Settlement Agreement.

20. This matter is hereby dismissed on the merits with prejudice.

21. This document shall constitute a judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

Dated: August 8, 2014

*[signature]*
The Honorable Mark L. Wolf
United States District Court